RJN
MARK F. FERRARIO, ESQ.
Nevada Bar No. 1625
JACOB BUNDICK, ESQ.
Nevada Bar No. 9772
GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
Telephone:  (702) 792-3773
Facsimile:  (702) 792-9002
Email:  ferrariom@gtlaw.com
          hicksja@gtlaw.com

DANIEL J. TYUKODY, ESQ.
Admitted *Pro Hac Vice*
COLIN W. FRASER, ESQ.
Admitted *Pro Hac Vice*
GREENBERG TRAURIG LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Telephone: 310.586.7723
Email: tyukodyd@gtlaw.com

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL CHECKMAN, Individually And On Behalf Of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>      v.<br><br>ALLEGIANT TRAVEL COMPANY, MAURICE J. GALLAGHER, JR., SCOTT SHELDON, STEVEN E. HARFST, and JUDE I. BRICKER,<br><br>      Defendants. | **Case No: 2:18-cv-01758-APG-PAL**<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**<br><br>*[Filed concurrently with: (1) Motion to Dismiss, (2) Motion to Strike, (3) Request for Judicial Notice.]* |

Defendants Allegiant Travel Company ("Allegiant" or the "Company"), Maurice J. Gallagher, Jr., Scott Sheldon, Steven E. Harfst, and Jude I. Bricker (the "Individual Defendants" and along with Allegiant, "Defendants") respectfully submit that the Court take judicial notice, pursuant to Federal Rule of Evidence 201, of the documents referenced below in connection with Defendants' Motion to Dismiss Plaintiffs' Amended Class Action Complaint for Violation of the Federal Securities Laws (the "Amended Complaint" or "AC").

## I.   DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

On a motion to dismiss a securities class action complaint, "courts must consider . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Judicial notice of a fact is proper where the fact is "not subject to reasonable dispute because it is (1) generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

### A.   Documents Filed with the U.S. Securities and Exchange Commission are Properly Subject to Judicial Notice.

It is well established that a district court may take judicial notice of the contents of public disclosure documents required to be filed with the United States' Securities and Exchange Commission ("SEC") in connection with a motion to dismiss. *See, e.g.*, *Plevy v. Haggerty*, 38 F. Supp. 2d 816, 821-22 (C.D. Cal. 1998) (taking judicial notice of various SEC filings on a motion to dismiss); *Dreiling v. Am. Exp. Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (SEC filings are subject to judicial notice).

Also, Plaintiffs rely on allegations regarding Allegiant's SEC filings as the basis for their claims (¶¶ 193-199, 201-204, 206-208),[1] and thus excerpts of these documents may be considered under the incorporation by reference doctrine. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002-08 (2018) (incorporating by reference market reports that formed the basis of plaintiff's claims and were cited in the complaint); *Plevy*, 38 F. Supp. 2d at 821 (taking judicial notice of documents "cited, quoted from, and/or referenced in the [complaint]"); *In re Silicon Graphics Sec. Litig.*, 183 F.3d 970, 986 (9th

---

[1] All "¶" references are to the corresponding paragraph in the AC.

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS
PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT

LV 421189084v28

Cir. 1999) ("[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss.").

Pursuant to this authority, Defendants hereby request that the Court judicially notice the following documents which were publicly filed with the SEC:

1. Defendant Scott Sheldon's Form 4s, filed with the SEC on June 3, 2015 (showing that Sheldon held 6,812 Allegiant shares as of June 1, 2015, near the start of the proposed class period) and May 9, 2018 (showing that Sheldon held 19,278 Allegiant shares as of May 7, 2018, near the end of the proposed class period), attached to the Fraser Declaration as Exhibit 1.

2. Defendant Jude Bricker's Form 4s, filed with the SEC on April 27, 2018 (showing that Bricker held 6,572 Allegiant shares as of April 24, 2015, near the start of the proposed class period) and May 10, 2017 (showing that Bricker held 16,258 as of May 8, 2017, which is the date of the last Form 4 Bricker filed while an officer of Allegiant), attached to the Fraser Declaration as Exhibit 2.

3. Defendant Maurice Gallagher's Form 4s, filed with the SEC on March 11, 2016, January 2, 2018, January 17, 2018, and March 8, 2018, which are the Form 4s filed for each sale by Gallagher alleged in the Amended Complaint, attached to the Fraser Declaration as Exhibit 3.

4. Relevant excerpts of Allegiant's Schedule 14A Proxy Statement, filed with the SEC on May 8, 2015, attached to the Fraser Declaration as Exhibit 4.

5. Relevant excerpts of Allegiant's Schedule 14A Proxy Statement, filed with the SEC on May 12, 2016, attached to the Fraser Declaration as Exhibit 5.

6. Relevant excerpts of Allegiant's Schedule 14A Proxy Statement, filed with the SEC on May 19, 2017, attached to the Fraser Declaration as Exhibit 6.

7. Relevant excerpts of Allegiant's Schedule 14A Proxy Statement, filed with the SEC on May 17, 2018, attached to the Fraser Declaration as Exhibit 7.

LV 421189084v28

**B.      Facts Published on Government Websites are Properly Subject to Judicial Notice.**

"[I]t is widely accepted that a court may take judicial notice of public documents posted on government websites, both for the fact that particular disclosures were made and for the fact of their publication." *Aaron & Andrew, Inc. v. Sears Holdings Mgmt. Corp.*, No. 14-cv-1196, 2018 WL 1942373, *7 (C.D. Cal. Mar. 26, 2018).  Further, "[j]udicial notice is appropriate for records and reports of administrative bodies." *U.S. v. 14.02 Acres of Land More or Less in Fresno County*, 547 F.3d 943, 955 (9th Cir. 2008) (taking judicial notice of Department of Energy study); *Interstate Nat. Gas Co. v. Southern California Gas Co.,* 209 F.3d 380 (9th Cir. 1953) (Federal Power Commission reports); *San Luis & Delta-Mendota Water Auth. v. Salazar*, 686 F. Supp. 2d 1026, 1032 (E.D. Cal. 2009) (taking judicial notice on summary judgment of "public documents published by administrative bodies and readily available on the internet"); *Coal. for a Sustainable Delta v. John McCamman*, 725 F. Supp. 2d 1162, 1183–84 (E.D. Cal. 2010) (U.S. Fish and Wildlife Service webpage and other public records).

Pursuant to this authority, Defendants hereby request that the Court judicially notice of the following document:

8.      The FAA's official letter, signed by Ali Bahrami, Associate Administrator of Aviation Safety at the FAA, and published on the FAA's website under the heading "FAA Response to 60 Minutes Story of April 15, 2018," attached to the Fraser Declaration as Exhibit 8.[2]

**C.      Historical Stock Prices are Properly Subject to Judicial Notice.**

A company's stock price is a judicially noticeable fact that is "not subject to reasonable dispute" and that is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. *See In re Verifone Sec. Litig.*, 784 F. Supp. 1471, 1475 n.2 (N.D. Cal. 1992) ("The court takes judicial notice of the daily closing prices of Verifone common stock, as reported by Dow Jones News and provided by defendants to the court."), *aff'd*, 11 F.3d 865 (9th Cir. 1993); *Plevy*, 38 F. Supp. 2d at 821 (taking judicial notice of "tabular representation of [Company's]

---

[2] The letter is available at https://www.faa.gov/news/updates/?newsId=90084&omniRss=news_updatesAoc&cid=101_N_U (last viewed on December 4, 2018).

LV 421189084v28

stock price"). Allegiant is a publicly traded company and its historical stock prices may thus be judicially noticed. *See In re Finisar Corp. Deriv. Litig.*, 542 F. Supp. 2d 980, 990 (N.D. Cal. 2008) (taking judicial notice of company's historical stock price); *Ravens v. Iftikar*, 174 F.R.D. 651, 661 (N.D. Cal. 1997) (same).

The historical stock prices of multiple companies, compiled as an index, also may be judicially noticed. *Ganino v. Citizens Utils. Co.*, 228 F.3d 154, 167 n.8 (2d Cir. 2000) (judicial notice of stock prices is proper in a motion to dismiss); *In re Century Aluminum Co. Sec. Litig.*, 749 F. Supp. 2d 964, 980 (N.D. Cal. 2010) ("[C]ourts routinely take judicial notice of publicly-available indices such as stock market and consumer price indices."); *D.E. & J. Ltd. P'ship v. Conaway*, 284 F. Supp. 2d 719, 749 n.26 (E.D. Mich. 2003) (taking judicial notice of the general decline in the stock market during the class period).

Pursuant to this authority, Defendants hereby request that the Court judicially notice the following documents:

9. The historical prices of Allegiant stock for the period April 15, 2018 through April 26, 2018, attached to the Fraser Declaration as Exhibit 9.

10. Nasdaq's report of stock market activity for April 16, 2018, attached to the Fraser Declaration as Exhibit 10.

**D.    News Reports are Properly Subject to Judicial Notice.**

The Ninth Circuit has held that courts may take judicial notice that a fact is generally known to the public if it is widespread in that region's news media. *Ritter v. Hughes Aircraft Co.*, 58 F.3d 454, 458–59 (9th Cir. 1995) (taking judicial notice of layoffs at Hughes reported in the newspaper because it was 'a fact which would be generally known in Southern California); *Heliotrope Gen. Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n. 118 (9th Cir. 1999) (taking judicial notice "that the market was aware of the information contained in news articles submitted by the defendants."). "Courts may take judicial notice of publications introduced to 'indicate *what was in the public realm* at the time, not whether the contents of those articles were in fact true.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (citation omitted); *see, e.g.*, *United States v. Pickard*, 100 F. Supp. 3d 981, 989 (E.D. Cal. 2015) ("The court takes judicial notice of the fact that the U.S. Surgeon General, during a

televised interview on 'CBS This Morning' on February 4, 2015, made a statement about marijuana's efficacy for some medical conditions and symptoms.").

Also, Plaintiffs rely extensively on news articles concerning Allegiant, especially CBS News' *60 Minutes* broadcast on April 15, 2018 concerning Allegiant's safety and maintenance practices as the basis for their claims (*see* ¶¶ 159, 221), and thus news articles and the full *60 Minutes* broadcast may be considered under the incorporation by reference doctrine. *See Khoja*, 899 F.3d at 1004-1005 (incorporating by reference several *Forbes* articles that plaintiff relied on in securities case).

Pursuant to this authority, Defendants hereby request that the Court judicially notice of the following document:

11.   The complete transcript of CBS News' *60 Minutes* broadcast on April 15, 2018, attached to the Fraser Declaration as Exhibit 11.

12.   An article titled "Allegiant plane makes emergency landing at CVG Airport," published by the Fox-affiliated, mid-west television station Fox19 on July 21, 2018, attached to the Fraser Declaration as Exhibit 13.

13.   An article titled "Unusual incidents rock Allegiant Air's profitable course," published by the Las Vegas *Review Journal* on August 29, 2015, attached to the Fraser Declaration as Exhibit 14.

///
///
///
///
///
///
///
///
///
///
///

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS
PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT

## II.   <u>CONCLUSION.</u>

For the above reasons, the Defendants respectfully request that the Court take judicial notice of Exhibits 1-11 and 13-14 of the Fraser Declaration.

Dated: December 7, 2018

**GREENBERG TRAURIG LLP**

By: /s/ Jacob Bundick
Jacob Bundick
Mark F. Ferrario
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
Telephone:  (702) 792-3773
Facsimile:  (702) 792-9002
Emails:  ferrariom@gtlaw.com
          hicksja@gtlaw.com
*Counsel for Defendants*

6

LV 421189084v28