1 | **MTS**
MARK F. FERRARIO, ESQ.
Nevada Bar No. 1625
JACOB D. BUNDICK, ESQ.
Nevada Bar No. 9772
GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
Telephone:  (702) 792-3773
Facsimile:  (702) 792-9002
Email:  ferrariom@gtlaw.com
            hicksja@gtlaw.com

DANIEL J. TYUKODY, ESQ.
Admitted *Pro Hac Vice*
COLIN W. FRASER, ESQ.
Admitted *Pro Hac Vice*
GREENBERG TRAURIG LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Telephone: 310.586.7723
Email: tyukodyd@gtlaw.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL CHECKMAN, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ALLEGIANT TRAVEL COMPANY, MAURICE J. GALLAGHER, JR., SCOTT SHELDON, STEVEN E. HARFST, and JUDE I. BRICKER,<br><br>Defendants. | **Case No: 2:18-cv-01758-APG-PAL**<br><br>**DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**<br><br>*[Filed concurrently with: (1) Motion to Dismiss, (2) Request for Judicial Notice, (3) Declaration of Colin Fraser.]* |

Defendants Allegiant Travel Company ("Allegiant" or the "Company"), Maurice J. Gallagher, Jr., Scott Sheldon, Steven E. Harfst, and Jude I. Bricker (the "Individual Defendants" and along with Allegiant, "Defendants"), by and through their undersigned counsel of record, respectfully submit this memorandum in support of their Motion to Strike Allegations from Plaintiffs' Amended Class Action Complaint for Violation of the Federal Securities Laws (the "Amended Complaint" or "AC") pursuant to Fed R. Civ. P. 12(f) ("Rule 12(f)").  This Motion is made upon the papers and pleadings on file herein, declaration of Colin Fraser, the attached points and authorities, and such oral argument as the Court may entertain at the hearing on this matter.

## I.   INTRODUCTION

Plaintiffs sued the Defendants for making allegedly false or misleading statements about *Allegiant's* safety and maintenance practices in purported violation of Section 10(b) of the Exchange Act.  But interspersed among allegations regarding Allegiant, the AC makes the macabre, and morally offensive choice of adding legally irrelevant allegations about a tragic incident that occurred over 20 years ago, involving ValuJet Airlines where 110 people lost their lives.  *See* ¶¶ 16, 48-55 (the "ValuJet Allegations").[1]  Allegiant's Chairman and CEO, Maurice Gallagher ("Gallagher"), was a co-founder of ValueJet (¶ 49), and the sole purpose of these allegations is to disparage Gallagher's character, and then draw an unreasonable and unfair inference from that bit of character assassination.

The ValuJet Allegations have "no essential or important relationship to the claim for relief" and "consist[] of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy. Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994).  Instead, the AC's reputation-smearing ValuJet allegations "serve[] no purpose except to inflame the reader." *Morse v. Weingarten*, 777 F. Supp. 312, 319 (S.D.N.Y. 1991).  The ValuJet Allegations attempt to profit from a tragedy.

## II.   THE LEGAL STANDARD ON A MOTION TO STRIKE

Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any

---

[1] All "¶" references are to the corresponding paragraph in the AC.  When referencing heading titles in the AC, the page and line numbers are used.

1

DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT
FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

LV 421256331v4

redundant, immaterial, impertinent, or scandalous matter." The purpose of a Rule 12(f) motion to strike is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc.*, 984 F.2d 1527. "Motions to strike may be granted if it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D. Cal. 2005). Allegations that stand to confuse the issues for the jury, cause improper prejudice, or complicate the trial should also to be stricken. *Fantasy, Inc.*, 984 F.2d at 1528.

The Ninth Circuit has defined "immaterial" as "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc.*, 984 F.2d at 1527. Allegations are considered "impertinent" where "they do not pertain, and are not necessary, to the issues in question." *Id.* at 1527. Finally, "scandalous" matters are properly stricken where they "cast a derogatory light" on an individual and "bear[] no possible relation to the controversy or may cause the objecting party prejudice." *Wilkerson*, 229 F.R.D. at 170.

### III.   FACTUAL BACKGROUND[2]

Plaintiffs' original Complaint filed on April 24, 2018, alleged that Defendants violated Sections 10(b) and 20(a) of the Exchange Act by making false or misleading statements about Allegiant's safety and maintenance practices during the purported class period, which begins on June 8, 2015. On October 22, 2018, Plaintiffs filed the Amended Complaint, which for the first time raised the ValueJet Allegations.

The AC's ValueJet Allegations describe in lurid detail media accounts of a ValuJet plane crash in 1996, where "[t]he [ValuJet] plane vanished into the muck after impact" and "[o]nly fragments of both the [ValuJet] plane and passengers were recovered." ¶ 50. The AC then references the hearsay opinion of the regional magazine *Midwest Today* that laid "blame for the crash" on what it characterized as ValuJet's "business model" of discount fares, second-hand planes, low wages, and outsourced maintenance. ¶ 52. It claims that "Gallagher restructured Allegiant with a low-cost model eerily similar

---

[2] Defendants incorporate by reference the factual background section of their "Motion to Dismiss Plaintiff's Amended Class Action Complaint for Violation of the Securities Laws," filed concurrently herewith.

to ValuJet" (¶ 55) and that "Defendants, particularly Gallagher, would have been acutely aware of Allegiant's safety issues given Gallagher's history with ValuJet, a discount airliner that faced regulatory and public scrutiny after it crashed and killed all 110 people on board due to violations of safety protocols" (¶ 16).

### IV. ARGUMENT

**A. The Court Should Strike The ValuJet Allegations As Immaterial, Impertinent, and Scandalous Under Rule 12(f).**

The ValuJet Allegations should also be stricken as scandalous. *See Quatela v. Stryker Corp.*, 820 F. Supp. 2d 1045 at 1050 (N.D. Cal, 2010) ("Scandalous matters are allegations that unnecessarily reflect on 'the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court.'"). What's the purpose of this other than to impugn Gallagher's character and imply that an Allegiant flight might suffer the same tragic fate? It is depraved.

It is also legally irrelevant, as the ValuJet Allegations are "not related to the allegations that make up Plaintiffs' core theory in this case" and are thus "'immaterial' to this action within the meaning of Rule 12(f)." *In re UTStarcom, Inc. Sec. Litig.*, 617 F. Supp. 2d 964, 978 (N.D. Cal. 2009) (striking allegations regarding stock option backdating raised in other cases, involving different defendants).

**B. The Court Should Strike the ValuJet Allegations To Avoid Confusing The Issues, Prejudicing Defendants, and Complicating The Trial.**

The ValuJet Allegations should also be stricken to prevent Plaintiffs' from introducing extraneous information that would only sow confusion and prejudice. *See State of Cal. Dept. of Toxic Subst. Control v. Alco Pac., Inc.,* 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002) ("The possibility that issues will be unnecessarily complicated or that superfluous pleadings will cause the trier of fact to draw 'unwarranted' inferences at trial is the type of prejudice that is sufficient to support the granting of a motion to strike.") (citing *Fantasy, Inc.*, 984 F.2d at 1528); *UTStarcom, Inc.*, 617 F. Supp. 2d at 978 (striking allegations of stock option backdating raised in other cases because they "would 'create serious risks of prejudice' to Defendants"); *Fantasy, Inc.*, 984 F.2d at 1528 (striking counter-claim allegations that plaintiff had fraudulently induced defendant to enter into a tax shelter scheme over a decade earlier).

This case is about Defendants' allegedly false and misleading statements concerning Allegiant, and has nothing to do with what happened at ValueJet over two decades ago. It is impossible to believe that any court would allow any part of the ValueJet Allegations to be presented at trial; instead any evidence and testimony would surely be disallowed pursuant to Federal Rule of Evidence 403. Thus, it is appropriate to streamline the case now and strike these ghoulish, irrelevant allegations.

## V. CONCLUSION

Defendants respectfully request that this Motion to Strike be granted and that the Court strike from the Amended Complaint all of Plaintiffs' improper references to ValuJet, including the headings in Sections V.B. and V.C., the entirety of paragraphs 48 through 54, lines 16-19 of paragraph 16, and lines 15-16 of paragraph 55. A copy of the Amended Complaint with the objectionable allegations stricken is attached to the Fraser Declaration as Exhibit 12.

Dated: December 7, 2018

**GREENBERG TRAURIG LLP**

By: /s/ Jacob Bundick
Jacob Bundick
Mark F. Ferrario
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
Emails: ferrariom@gtlaw.com
           hicksja@gtlaw.com
*Counsel for Defendants*

4

DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT
FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

LV 421256331v4