Patrick R. Leverty
**LEVERTY & ASSOCIATES LAW CHTD**
832 Willow Street
Reno, Nevada 89502
Telephone: (775) 322-6636
Facsimile: (213) 322-3953
Email: pat@levertylaw.com

*Liaison Counsel for Lead Plaintiffs and the Class*

[additional counsel listed on signature page]

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL CHECKMAN, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALLEGIANT TRAVEL COMPANY, MAURICE J. GALLAGHER, JR., SCOTT SHELDON, STEVEN E. HARFST, and JUDE I. BRICKER,<br><br>Defendants. | Case No: 2:18-cv-01758-APP-PAL<br><br>CLASS ACTION<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS** |

Lead Plaintiffs Charles Brendon and Plaintiff Daniel Checkman ("Plaintiffs") respectfully submit this memorandum in opposition to Defendants'[1] Motion to Strike Plaintiffs' Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Motion") (Dkt. No. 47).

## I. PRELIMINARY STATEMENT

Defendants wrongly take issue with the Complaint's inclusion of the professional background of Gallagher, Allegiant's Chief Executive Officer ("CEO") and Chairman of the Board. Particularly, Defendants move to strike mention of ValuJet Airlines, Inc. ("ValuJet"), a budget airline that Gallagher co-founded in 1993, which suffered a tragic airplane crash in 1996. ¶¶49-50.[2,3] Defendants misconstrue the purpose of the inclusion of the ValuJet Allegations and are incorrect to believe that they are not relevant, are scandalous, would cause confusion, and prejudice Defendants. Plaintiffs take no pleasure including allegations surrounding such a horrific event, as Defendants crudely and repeatedly suggest, but these allegations are highly relevant to the theory of the case. Defendants' issue with the ValuJet Allegations is insincere and hypocritical as they themselves have routinely discussed Gallagher's tenure at ValuJet and that Allegiant would suffer if he were to leave the Company. But as soon as ValuJet is raised by Plaintiffs, Defendants cry foul and all of a sudden ValuJet is off limits.

Given the ValuJet tragedy, Gallagher has a heightened awareness about the proper maintenance of airplanes and yet Allegiant lacks proper maintenance procedures. The ValuJet Allegations provide insight to Gallagher's knowledge regarding airplane maintenance which is exactly on point and support an inference of scienter against Gallagher. These allegations are important to establish Gallagher's pattern of behavior and practice of running airlines, as his time and experience at ValuJet likely helped him secure the position at Allegiant.

---

[1] Defendants are Allegiant Travel Company ("Allegiant" or "the Company"), Maurice J. Gallagher, Jr. ("Gallagher"), Scott Sheldon, and Steven E. Harfst and Jude I. Bricker.
[2] References to "¶_" are to the Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint") (Dkt. No. 34).
[3] Defendants seek to strike ¶¶16, 48-55, also referred to as the "ValuJet Allegations."

1

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' AMENDED CLASS
ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS
Case No. 2:18-cv-01758-APG-PAL

1

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' AMENDED CLASS
ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS
Case No. 2:18-cv-01758-APG-PAL

Defendants' Motion is meritless and based on conclusory statements which is insufficient to succeed on a motion to strike. Defendants failed to explain why the ValuJet Allegations immaterial, impertinent, and scandalous to the action. They have also failed to explain how the inclusion of the ValuJet Allegations would cause confusion or prejudice Defendants. Just because Defendants say so does not make it true. Defendants have not met their burden, thus the Motion must be denied.

## II.     LAW AND ARGUMENT

### A.     Defendants' Motion to Strike the ValuJet Allegations Must be Denied

The purpose of a Rule 12(f) motion to strike "is to avoid spending time and money litigating spurious issues." *Adidas Am., Inc. v. ECCO USA, Inc.,* No. 3:16-CV-684-SI, 2017 WL 517794, at *1 (D. Or. Feb. 8, 2017). However, Defendants' Motion does just that – wastes time as well as judicial and party resources. Rule 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "[M]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991), on reconsideration, No. CIV. 90-20610 SW, 1991 WL 207480 (N.D. Cal. July 1, 1991) (emphasis added). "A Rule 12(f) motion to strike is an extreme and drastic remedy—it is heavily disfavored." *Novva Ausrustung Grp., Inc. v. Kajioka*, No. 217CV01293RFBVCF, 2017 WL 2990850, at *2 (D. Nev. July 13, 2017); *Furman v. Sierra Pac. Res*., No. CV-N-92-543-HDM, 1993 WL 331014, at *1 (D. Nev. May 18, 1993) ("Motions to strike are not favored and should be denied unless the allegations have no possible relation to the controversy and would affect the merits."). Further, "A Court must view the pleading under attack in the light most favorable to the pleader." *Cardinale v. La Petite Acad., Inc*., 207 F. Supp. 2d 1158, 1162 (D. Nev. 2002). Here, the ValuJet Allegations relate to Gallagher's practices as a CEO of a budget airline. This is relevant to Gallagher's scienter and the culture he led at Allegiant for the disregard for airplane safety and maintenance.

2

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' AMENDED CLASS
ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS
Case No. 2:18-cv-01758-APG-PAL

**1.     The ValuJet Allegations Speak to Defendants' Background and Scienter**

The Court must consider Plaintiffs' ValuJet Allegations for their purpose – demonstrating a pattern of behavior and providing an inference of scienter. Courts have found that supplying some insight on a defendant's background should not be stricken from a complaint and may be relevant and admissible. *See e.g., In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000) (denying motion to strike a brief history of the company-defendant's development). Allegations that show a defendant's pattern and practice will not prejudice defendants as they "are not scandalous, impertinent, immaterial or redundant." *Mancini v. Ins. Corp. of New York*, No. 07CV1750-L(NLS), 2008 WL 11337258, at *2 (S.D. Cal. May 29, 2008) (references to defendant-company's past litigations show the company's pattern regarding similar issues as alleged in the complaint and were not stricken).

Allegations that might be probative of or support an inference of scienter, such as the ValuJet Allegations, cannot be stricken. *Lilley v. Charren*, 936 F. Supp. 708, 719 (N.D. Cal. 1996); *In re Applied Micro Circuits Corp. Sec. Litig.*, No. 01-CV-0649 K AJB, 2002 WL 34716875, at *10 (S.D. Cal. Oct. 4, 2002) (motion to strike statements made outside class period denied as they are relevant to the issue of scienter and "may have insight to what defendants knew during the class period"); *Furman,* 1993 WL 331014, at *1 (motion to strike denied as the allegations related to demonstrating scienter and conspiracy). The ValuJet Allegations speak to Defendants' scienter, showing Defendants' knowing or reckless disregard for the proper maintenance of Allegiant's planes. After the ValuJet tragedy, Gallagher had a heightened sensitivity and was acutely aware of the importance of and what is required to maintain airplanes. ¶54. As Plaintiffs thoroughly pled, Gallagher was fully aware of Allegiant's maintenance problems. ¶¶16, 42, 44, 46, 67, 99, 131. Even if the ValuJet Allegations alone are not sufficient to satisfy the element of scienter, it is inappropriate to strike them from the Complaint as scienter is viewed holistically. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 310 (2007).

In that realm, Gallagher knew about safety issues facing airlines, specifically budget airlines, particularly after the tragic May 11, 1996 ValuJet airplane crash. ¶50. After such a horrific event, it

3

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS
Case No. 2:18-cv-01758-APG-PAL

is reasonable to believe that one learns from the mistakes which led to the crash and does not repeat these mistakes in order to avoid any similar situations in the future. After evaluating the ValuJet crash, the National Transportation Safety Board ("NTSB") found ValuJet at fault "for improperly overseeing its maintenance subcontractor and contract maintenance program to ensure compliance with maintenance, maintenance training, and hazardous materials requirements and practices." ¶51. Similarly, the *60 Minutes* segment revealed that Allegiant does not properly maintain its aircraft, discouraged employees from reporting safety and maintenance issues, and had a poor safety culture. ¶¶69, 101, 135, 221. The similarities to the operations of ValuJet and Allegiant are uncanny and thus, this pattern of behavior is extremely pertinent to the case at hand. The ValuJet Allegations show that Gallagher did not learn from ValuJet's previous mistakes and they permeate Allegiant's opérations – the crux of this action. Hopefully Allegiant will never have a tragedy like ValuJet, but the maintenance of Allegiant's planes and the Company's business model has made their flights particularly risky and have led to a slew of grave, safety problems. Since they support an inference of scienter, it would be improper to strike the ValuJet Allegations.

### 2. Defendants' Concerns About the ValuJet Allegations Are Unfounded

#### a) The ValuJet Allegations Are Not Scandalous

There is nothing scandalous about the ValuJet Allegations as they are a reiteration of unfortunate historical facts. Gallagher cannot pretend that the ValuJet crash did not occur and the NTSB found ValuJet at fault because of maintenance issues. "To strike material as scandalous it must be obviously false and unrelated to the subject matter of the action." *Mireskandari v. Daily Mail & Gen. Tr. PLC*, No. CV1202943MMMFFMX, 2013 WL 12129642, at *5 (C.D. Cal. July 31, 2013). Although these facts are unpleasant for Gallagher, they are not false and highly pertinent. *See Gateway Bottling, Inc. v. Dad's Rootbeer Co.*, 53 F.R.D. 585, 588 (W.D. Pa. 1971); *S.E.C. v. Gendarme Capital Corp.*, No. CIV S-11-0053 KJM, 2012 WL 346457, at *2 (E.D. Cal. Jan. 31, 2012) ("If every paragraph in every complaint could be stricken simply because a defendant took umbrage, there would be very few complaints that could pass Rule 12(b)(6) muster."). The ValuJet Allegations are not concocted out of thin air and included to insult Gallagher, but they are grounded in fact and

4

demonstrate familiarity with airplane maintenance requirements. Plaintiffs' inclusion of the ValuJet Allegations is not a smear campaign as Defendants' feignedly lament, but rather highly relevant to Allegiant's operations and the instant action.

Defendants' cases are off the mark. *Wilkerson v. Butler*, 229 F.R.D. 166 (E.D. Cal. 2005) does not support their argument that the ValuJet Allegations are scandalous as there the plaintiff did not respond to defendant's motion to strike and the complaint failed to give defendant fair notice of many allegations as it was missing exhibits. Further in *Wilkerson*, defendant sought to strike causes of action as they were not properly pled and requested relief which was not recoverable as a matter of law, rather than sections of the complaint. In *Quatela v. Stryker Corp.*, 820 F. Supp. 2d 1045 (N.D. Cal, 2010), a case to which Defendants cite, the Court denied a motion to strike. There, the court held that although a complaint contained legal conclusions, it did not rise to the level of "material that is 'redundant, immaterial, impertinent, or scandalous' such that it must be stricken under Rule 12(f)." *Id*. at 1050. In *Morse v. Weingarten*, 777 F. Supp. 312, 319 (S.D.N.Y. 1991) the court struck reference to a defendant's income level and criminal conviction as they had nothing to do with the allegations against defendants. Accordingly, none of these cases are on point.

### b) Allowing the ValuJet Allegations to Remain in the Complaint Will Not Create Confusion, Prejudice Defendants, or Complicate a Trial

At this stage of the litigation, Defendants' concerns about confusion and facing prejudice are unsupported and unfounded. Defendants are conflating whether ValuJet Allegations are permitted to be pled in a complaint and whether evidence is admissible at trial – two completely different things. At a motion to dismiss, the allegations in a complaint are taken as true. *Furman,* 1993 WL 331014, at *1. "The court cannot weigh competing evidence in deciding a motion to strike." *Mireskandari,* 2013 WL 12129642, at *3; *Leeward Capital, L.P. v. Archon Corp.*, 759 F. Supp. 2d 1249, 1254 (D. Nev. 2010), *aff'd sub nom. D.E. Shaw Laminar Portfolios, L.L.C. v. Archon Corp.*, 483 F. App'x 358 (9th Cir. 2012) ("A court must view the pleading under attack in the light most favorable to the pleader' and should not weigh the sufficiency of evidence in evaluating a motion to strike.").

5

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS
Case No. 2:18-cv-01758-APG-PAL

Defendants' contention that the ValuJet Allegations, a few paragraphs about the background of a Defendant, are introducing extraneous information that would create confusion is a red herring. It is simple to recognize that ValuJet and Allegiant are not the same company and Plaintiffs were careful to create such a distinction and avoid any confusion in their Complaint. Moreover, Defendants do not provide *how* or *why* these allegations would be confusing.

Furthermore, Defendants will face no prejudice if the ValuJet Allegations remain in the Complaint. "Given their disfavored status, courts often require a showing of prejudice by the moving party before granting the requested relief." *Novva*, 2017 WL 2990850, at *2; *Cortina v. Goya Foods, Inc.*, 94 F. Supp. 3d 1174, 1182 (S.D. Cal. 2015) ("A court should not strike allegations supplying background or historical material unless it is unduly prejudicial to the opponent."). Defendants have not demonstrated *any* prejudice – let alone undue prejudice – they will face if the ValuJet Allegations were to remain in the Complaint. Rather, they make a conclusory statement that they will be prejudiced. This is insufficient and thus, their burden has not been met.

Although the Court should pay no attention to Defendants' evidentiary objections at this time, there is nothing improper or prejudicial, as Defendants try to suggest, of Plaintiffs' citation to the *Midwest Today* article which summarized the ValuJet crash. ¶52. *Develder v. Hirschler*, No. 2:09-CV-1803-EFB P, 2016 WL 319219, at *3 (E.D. Cal. Jan. 27, 2016), *report and recommendation adopted,* No. 209CV1803TLNEFBP, 2016 WL 1162671 (E.D. Cal. Mar. 24, 2016) ("Rule 12 motions test the sufficiency of the pleadings and is improper to raise hearsay objections."). Furthermore, citing no authority, Defendants claim that the ValuJet Allegations will be disallowed pursuant to Federal Rule of Evidence 403. This is incorrect on several levels. Not only is this inappropriate to raise at this juncture, as discussed throughout, the ValuJet Allegations are highly relevant to Gallagher's knowledge and practices which he brought to Allegiant. It also relates to a pattern of allowing plane maintenance to lapse under his watch.

Moreover, Defendants cases to support their contention that the ValuJet Allegations are confusing and prejudicial are unavailing. In *In re UTStarcom, Inc. Sec. Litig.*, 617 F. Supp. 2d 964 (N.D. Cal. 2009), the court struck allegations about options backdating as they were immaterial to

6

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS
Case No. 2:18-cv-01758-APG-PAL

the theory of the current case about sales in the Chinese market. Further, in *UTStarcom the* options backdating allegations were struck as prejudicial because these allegations were being litigated in another action and "Defendants would essentially be forced to defend the same claims simultaneously in two actions in the same district." 617 F. Supp. 2d at 978. That is not the situation here. Not only are there no other related actions pending, Plaintiffs are not seeking liability for the ValuJet Allegations, but rather their inclusion provides context about Gallagher's experience and the knowledge he gathered as CEO of a former budget airline to support allegations about Allegiant's safety which are at issue.

Furthermore, the court in *California Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028 (C.D. Cal. 2002) granted motions to strike to exclude issues that were not appropriate for that action as it was brought under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"). To avoid confusion and streamline the action, the court struck affirmative defenses which are routinely denied in CERCLA cases and the jury trial demand as in CERCLA cases there is no right to a jury trial. Further, the court struck defendants' request for attorneys' fees from its answer because there was no authority upon which fees could be recovered.

Although *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993), *rev'd*, 510 U.S. 517 (1994) cites much of the standard on a Rule 12(f) motion, this case does not help Defendants as the stricken allegations "unnecessarily complicated the trial of the copyright claim by requiring the introduction of extensive evidence of the tax plan agreements and a mass of related documents, potentially adding weeks to the trial." *Id*. at 1528. Here, there are no additional, stale claims that are being brought or confused with the foundation laid regarding Gallagher's past.

Plaintiffs' allegations are allowed to stand. If the case proceeds to discovery and summary judgment, then Defendants will be given an opportunity to submit evidence to the contrary for the Court to weigh.

### 3. Defendants' Cannot Selectively Allow When ValuJet is Mentioned

Defendants should not be able to cherry-pick positive aspects of Gallagher's involvement at ValuJet while asking the Court to strike unflattering points of Gallagher's tenure there. Allegiant's Proxy Statements for the years 2015 through 2018 (each Defendants requested to be judicially noticed, *See* Dkt. No. 46) discuss Gallagher's time at ValuJet even though there was no requirement imposed on Defendants to include this professional experience.[4] *See* Reg. S–K, Item 401(e) (requires only the disclosure of the business experience during past five years executive officers in proxy statements); *Kelsey v. Allin*, No. 14 C 7837, 2016 WL 825236, at *4 (N.D. Ill. Mar. 2, 2016) ("SEC regulations require only a brief description in initial public offering materials and proxy statements of the 'business experience during the past five years' of each director and executive officer."). Further, in the Company's own words, Gallagher is critical to Allegiant. The Company's annual reports on Form 10-K for the years ended December 31, 2015, 2016, and 2017 (all cited in the Complaint ¶¶193, 201, 206), each state how Allegiant's business could be harmed by losing Gallagher as its CEO.[5]

Although Defendants did not have to disclose in Allegiant's SEC filings Gallagher's time at ValuJet, they believed that this professional experience was important and relevant to his position and nomination as CEO at Allegiant. Thus, by Defendants' own admission, the experience Gallagher garnered at ValuJet is pertinent to his ability to serve as Allegiant's CEO. Likewise, Plaintiffs believe that his prior experience is relevant to his position at Allegiant. Gallagher went from running one budget airline to another and thus, it is completely logical that he secured the CEO role at Allegiant because he would take his knowledge from working at ValuJet to Allegiant. Accordingly, Gallagher's tenure at ValuJet – his entire time, the good and the bad, at ValuJet – is directly on point to the

---

[4] Gallagher's biography included in the 2015-2018 Proxy Statements states in part: "Mr. Gallagher was one of the founders of ValuJet Airlines, Inc. (the predecessor of AirTran Holdings, Inc.) and served as an officer and director of ValuJet from its inception in 1993 until 1997."

[5] "**Our business could be harmed if we lose the services of our key personnel.** Our business depends upon the efforts of our chief executive officer, Maurice J. Gallagher, Jr…" 2015 10-K, 2016 10-k, and 2017 10-K. (emphasis in the original).

8

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS
Case No. 2:18-cv-01758-APG-PAL

allegations in the Complaint. Defendants' cannot avoid the unfortunate events that transpired at ValuJet.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion should be denied in its entirety.

Dated: January 22, 2018            Respectfully submitted,

**LEVERTY & ASSOCIATES LAW CHTD.**

/s/Patrick R. Leverty
Patrick R. Leverty, Esq.
Reno Gould House
832 Willow Street
Reno, NV 89502
Telephone: (775) 322-6636
Facsimile: (775) 322-3953
Email: pat@levertylaw.com

*Liaison Counsel for Plaintiffs and the Class*

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq.
Phillip Kim, Esq.
Zachary Halper, Esq.
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenlegal.com
Email: zhalper@rosenlegal.com

*Counsel for Plaintiffs and the Class*

# CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2018, I electronically filed the foregoing **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS** with the Clerk of Court using the CM/ECF system, which will send notification of such to all CM/ECF participants.

/s/ Patrick R. Leverty
Patrick R. Leverty

10

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' AMENDED CLASS
ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS
Case No. 2:18-cv-01758-APG-PAL