Patrick R. Leverty
**LEVERTY & ASSOCIATES LAW CHTD**
832 Willow Street
Reno, Nevada 89502
Telephone: (775) 322-6636
Facsimile: (213) 322-3953
Email: pat@levertylaw.com

*Liaison Counsel for Plaintiffs and the Class*

[additional counsel listed on signature page]

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL CHECKMAN, Individually And On Behalf Of All Others Similarly Situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>ALLEGIANT TRAVEL COMPANY, MAURICE J. GALLAGHER, JR., SCOTT SHELDON, STEVEN E. HARFST, and JUDE I. BRICKER,<br><br>  Defendants. | Case No: 2:18-cv-01758-APP-PAL<br><br>CLASS ACTION<br><br>**PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE** |

Pursuant to Rule 201(b) of the Federal Rules of Evidence, Lead Plaintiff Charles Brendon and Named Plaintiff Daniel Checkman ("Plaintiffs") respectfully request this Court take judicial notice of the Exhibits attached to the Declaration of Patrick Leverty (the "Exhibits"), dated January 22, 2019. If the Court wishes to receive the entirety of any Exhibit, Plaintiffs will promptly furnish it to the Court.

**I.   SEC Filings are Properly Subject to Judicial Notice**

Exhibits 1-4 are filings with the United States Securities and Exchange Commission ("SEC") and copies of lists of Defendants' insider trades as listed on the SEC's website:

Exhibit 1: Defendant Jude Bricker's insider sales in Allegiant stock as listed on the SEC's website;

Exhibit 2: Defendant Maurice J. Gallagher's insider sales in Allegiant stock as listed on the SEC's website;

Exhibit 3: Defendant Scott Sheldon's insider sales in Allegiant stock as listed on the SEC's website;

Exhibit 4: Relevant excerpts of Defendant Allegiant Travel Company ("Allegiant")'s Schedule 14A Proxy Statement filed with the SEC on May 12, 2016 (the "2015 Def 14A").

SEC filings and disclosures are appropriate subjects of judicial notice. *See, e.g.*, *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir.2008); *Dreiling v. Am. Express Co.*, 458 F. 3d 942, 946 n.2 (9th Cir. 2006) ("We review *de novo* a dismissal under Rule 12(b)(6) and may consider documents referred to in the complaint or any matter subject to judicial notice, such as SEC filings.") (citation omitted); *In re New Century*, 588 F. Supp. 2d 1206, 1219 (C.D. Cal. 2008) ("It is well-established that courts may take judicial notice of SEC filings."). Accordingly, Plaintiffs respectfully request the Court take judicial notice of Exhibits 1-4.

## II. Documents Incorporated by Reference in the Complaint are Proper Subjects of Judicial Notice

Under the doctrine of incorporation by reference, a court may consider on a motion to dismiss any documents referenced in the complaint. *See Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002) (when considering a motion to dismiss, a court may properly "consider documents that were referenced extensively in the complaint"); *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (court may consider documents "'whose contents are alleged in a complaint'"); *Okla. Firefighters Pension & Ret. Sys. v. IXIA*, 2015 WL 1775221 at *15 (C.D. Cal. Apr. 14, 2015) (courts may consider documents referenced in the complaint under the incorporation by reference doctrine). Exhibit 4, the 2015 Def 14A, is referenced in the Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint"). ¶8. Accordingly, Plaintiffs respectfully request the Court take judicial notice of Exhibit 4.

### III. Allegiant's Stock Trading Data is Properly Subject to Judicial Notice

Exhibit 5 contains the trading and volume history of Allegiant stock during the Class Period, per Yahoo finance. Allegiant's reported stock price history is properly subject to judicial notice. *Metzler Inv. GMBH*, 540 F.3d at 1064 n.7; *In re Iso Ray, Inc. Sec. Litig.*, 189 F. Supp. 3d 1057, 1067 (E.D. Wash. 2016) (taking judicial notice of historical stock prices of publicly traded company which were obtained from Yahoo! Finance).

### IV. Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court consider the above-referenced documents in connection with their Opposition to Defendants' Motion to Dismiss the Amended Class Action Complaint.

Dated: January 22, 2019          Respectfully submitted,

**LEVERTY & ASSOCIATES LAW CHTD.**

/s/Patrick Leverty
Patrick R. Leverty, Esq.
Reno Gould House
832 Willow Street
Reno, NV 89502
Telephone: (775) 322-6636
Facsimile: (775) 322-3953
Email: pat@levertylaw.com

*Liaison Counsel for Plaintiffs and the Class*

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq.
Phillip Kim, Esq.
Zachary Halper, Esq.
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenlegal.com
Email: zhalper@rosenlegal.com

*Counsel for Plaintiffs and the Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2019, I electronically filed the foregoing **PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE** with the Clerk of Court using the CM/ECF system, which will send notification of such to all CM/ECF participants.

/s/Patrick Leverty
Patrick Leverty