MARK F. FERRARIO, ESQ.
Nevada Bar No. 1625
JACOB D. BUNDICK, ESQ.
Nevada Bar No. 9772
**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
Telephone:  (702) 792-3773
Facsimile:  (702) 792-9002
Email:  ferrariom@gtlaw.com
         bundickj@gtlaw.com

DANIEL J. TYUKODY, ESQ.
Admitted *Pro Hac Vice*
COLIN W. FRASER, ESQ.
Admitted *Pro Hac Vice*
**GREENBERG TRAURIG, LLP**
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Telephone: 310.586.7723
Email: tyukodyd@gtlaw.com
         frasercw@gtlaw.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL CHECKMAN, Individually and On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ALLEGIANT TRAVEL COMPANY, MAURICE J. GALLAGHER, JR., SCOTT SHELDON, STEVEN E. HARFST, and JUDE I. BRICKER,<br><br>Defendants. | Case No: 2:18-cv-01758-APG-PAL<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE**<br><br>*[Filed concurrently with: (1) Reply in support of Motion to Dismiss, (2) Reply in support of Motion to Strike]* |

Defendants Allegiant Travel Company ("Allegiant"), Maurice J. Gallagher, Jr. ("Gallagher"), Scott Sheldon ("Sheldon"), Steven E. Harfst ("Harfst"), and Jude I. Bricker ("Bricker") (the "Individual Defendants," and collectively, "Defendants") hereby oppose Plaintiffs' Request for Judicial Notice

("Plaintiffs' RJN") in support of Plaintiffs' Opposition (the "Opposition") to Defendants' Motion to Dismiss (the "Motion") with respect to the documents attached as Exhibits 1-5 to the Declaration of Patrick Leverty (the "Leverty Declaration").[1]

Plaintiffs' RJN improperly attempts to introduce evidence consisting of SEC filings (Form 4 filings and proxy statements), along with stock price charts, which would presumably be appropriate candidates for judicial notice under different circumstances. But not here where Plaintiffs are attempting to introduce new evidence in an attempt to supplement the AC with facts and materials in purported support of arguments raised for the first time in the Opposition. Exhibits 1 and 3 show alleged stock sales by Bricker and Sheldon, even though neither is alleged in the AC to have sold any shares during the class period. Exhibit 2 shows Gallagher's alleged trading history in order argue that Gallagher's class period trades were out of line with his prior practices. Exhibit 4 shows the alleged bonus Gallagher earned in 2015 to argue for the first time that "Gallagher's Unusual Bonus Structure Incentivized Fraud." (Opp. at 20).[2] Exhibit 5 shows the closing prices of Allegiant over the three-year class period to argue for the first time that Allegiant's stock price was "depressed for over a week" (Opp. at 23 n.45) after the Broadcast. The AC should have alleged the information in these exhibits if it was relevant to Plaintiffs' claims, but it did not.

The Ninth Circuit has held that, "[i]n determining the propriety of a Rule 12(b)(6) dismissal, *a court may not look beyond the complaint* to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998); *see also Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) (same). Accordingly, courts refuse to allow a plaintiff to avoid dismissal by submitting new evidence in opposing a motion to dismiss. *See, e.g., In re Calpine Corp. Sec. Litig.*, 288 F. Supp. 2d 1054, 1076 (N.D. Cal. 2003) ("In the context of the PSLRA, taking judicial notice of such matter seems particularly

---

[1] Capitalized terms have the same meaning as defined in the MTD. As with the MTD, all emphasis in this brief has been added unless otherwise indicated, and internal citations in quoted cases have been omitted.

[2] While Plaintiffs' claim Exhibit 4 can be incorporated by reference (Opp. at 1, citing ¶ 8), a Court may only consider extraneous "documents that were referenced *extensively* in the complaint" (*Van Buskirk v. Cnn*, 284 F.3d 977, 980 (9th Cir. 2002), *quoted* in Opp. at 1) in ruling on a motion to dismiss. The AC does not mention the Schedule 14A Proxy attached as Exhibit 4 and the single paragraph Plaintiffs point to simply notes that "Gallagher booked a nearly $3 million bonus for 2015" without alleging this has any connection to their theory of fraud.

unwarranted: Upon the filing of a motion to dismiss, the PSLRA requires the Court to examine the *complaint* to determine whether there are sufficient allegations to state a claim for violation of the Exchange Act.") (emphasis in the original).[3]

Thus, Defendants respectfully request that the Court deny Plaintiffs' Request for Judicial Notice.

DATED this 21st day of February, 2019.

                                              **GREENBERG TRAURIG LLP**

By:    */s/ Jacob D. Bundick*
        MARK F. FERRARIO, ESQ.
        Nevada Bar No. 1625
        JACOB D. BUNDICK, ESQ.
        Nevada Bar No. 9772
        10845 Griffith Peak Drive, Suite 600
        Las Vegas, NV 89135

        DANIEL J. TYUKODY, ESQ.
        Admitted *Pro Hac Vice*
        COLIN W. FRASER, ESQ.
        Admitted *Pro Hac Vice*
        **GREENBERG TRAURIG, LLP**
        1840 Century Park East, Suite 1900
        Los Angeles, CA 90067

        *Counsel for Defendants*

---

[3] *See also Reiger v. Altris Software, Inc.*, No. 98-cv-528, 1999 WL 540893, at *6 n.7 (S.D. Cal. Apr. 30, 1999) ("The Federal Rules preclude this court from considering allegations in a memorandum opposing a motion to dismiss"); *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

LV 421291557v3

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of February, 2019, a true and correct copy of the foregoing **DEFENDANTS' OPPOSITION TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE** was submitted for filing with the Clerk of the Court using the Odyssey eFileNV Electronic Service system and served on all parties with an email address on record, pursuant to Administrative Order 14-2 and Rule 9 of the N.E.F.C.R.

The date and time of the electronic proof of service is in place of the date and place of deposit in the U.S. Mail.

                                         */s/ Andrea Flintz*
                                     An employee of Greenberg Traurig, LLP