MARK F. FERRARIO, ES Q.
Nevada Bar No. 1625
JACOB D. BUNDICK, ESQ.
Nevada Bar No. 9772
**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
Email: ferrariom@gtlaw.com
        bundickj@gtlaw.com

DANIEL J. TYUKODY, ESQ.
Admitted *Pro Hac Vice*
COLIN W. FRASER, ESQ.
Admitted *Pro Hac Vice*
**GREENBERG TRAURIG, LLP**
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Telephone: 310.586.7723
Email: tyukodyd@gtlaw.com
        frasercw@gtlaw.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL CHECKMAN, Individually and On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ALLEGIANT TRAVEL COMPANY, MAURICE J. GALLAGHER, JR., SCOTT SHELDON, STEVEN E. HARFST, and JUDE I. BRICKER,<br><br>Defendants. | Case No: 2:18-cv-01758-APG-PAL<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**<br><br>*[Filed concurrently with: (1) Reply in support of Motion to Dismiss, (2) Opposition to Plaintiffs' Request for Judicial Notice]* |

Defendants Allegiant Travel Company ("Allegiant" or the "Company"), Maurice J. Gallagher, Jr. ("Gallagher"), Scott Sheldon ("Sheldon"), Steven E. Harfst ("Harfst"), and Jude I. Bricker ("Bricker") (collectively, the "Individual Defendants" and along with Allegiant, "Defendants"), by and through their

undersigned counsel of record, respectfully submit this Reply in support of their Motion to Strike Plaintiffs' Amended Class Action Complaint for Violation of the Federal Securities Laws (the "Amended Complaint" or "AC").

This Reply is made upon the papers and pleadings on file herein, the attached points and authorities, and such oral argument as the Court may entertain at the hearing on this matter.

DATED this 21st day of February, 2019.

**GREENBERG TRAURIG LLP**

By: /s/ *Jacob D. Bundick*
MARK F. FERRARIO, ESQ.
Nevada Bar No. 1625
JACOB D. BUNDICK, ESQ.
Nevada Bar No. 9772
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135

DANIEL J. TYUKODY, ESQ.
Admitted *Pro Hac Vice*
COLIN W. FRASER, ESQ.
Admitted *Pro Hac Vice*
**GREENBERG TRAURIG, LLP**
1840 Century Park East, Suite 1900
Los Angeles, CA 90067

*Counsel for Defendants*

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

LV 421291557v3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs' Opposition ("Opp.") to Defendants' Motion to Strike argues that the ValuJet Allegations[1] are properly in the Amended Complaint because they purportedly demonstrate: (i) that "Gallagher had a heightened sensitivity and was acutely aware of the importance of and what is required to maintain airplanes" (Opp. 3); and (ii) Gallagher's "*pattern* of allowing plane maintenance to lapse under his watch" (Opp. at 6).

As to the first issue, Plaintiffs contend that their Amended Complaint "thoroughly pled [that] Gallagher was fully aware of Allegiant's maintenance problems. ¶¶ 16, 42, 44, 46, 67, 99, 131." Opp. at 3. While Defendants frequently disagree Plaintiffs' characterizations and conclusions, there is no dispute that Gallagher paid close attention to Allegiant's safety and maintenance operations. Therefore, in order to make this undisputed point, one does not need to include allegations about "fragments of both the plane and passengers" being recovered from "the muck after impact" after a tragic accident, nearly 25 years ago, at a different airline, where 110 people lost their lives. Plaintiffs' contention that they "take no pleasure including allegations surrounding such a horrific event" (Opp. at 1) rings hollow, as it seems that what they really take no pleasure in is being called out for making allegations that are the epitome of "scandalous" under Rule 12(f), and that are immaterial to what was occurring at Allegiant nearly a quarter-century later.

As to the second issue, Plaintiffs cannot establish a "pattern" based on a single, tragic incident at a different airline that has not occurred at Allegiant. Instead, the AC uses the ValuJet Allegations to attack Gallagher's character, implying that he is the kind of person who puts profits above safety. Such character attacks are impermissible under Federal Rules of Evidence ("FRE") 404 and 406, and Rule 12(f) is designed to eliminate such immaterial, scandalous allegations at the pleading stage.

/ / /

/ / /

/ / /

---

[1] The "ValueJet Allegations" are defined in Defendants' Motion to Strike. All emphasis in this brief has been added unless otherwise indicated, and internal citations in quoted cases have been omitted.

## II. ARGUMENT

### A. The Scandalous ValuJet Allegations Are Immaterial to The Amended Complaint's Claims.

While Plaintiffs argue that the ValuJet Allegations properly "reiterate[e] unfortunate historical facts" (Opp. at 4), under Rule 12(f) "[s]uperfluous historical allegations are a proper subject of a motion to strike" where they have "no essential or important relationship to the claim for relief." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994).[2] The AC already makes the undisputed point that Gallagher paid close attention to Allegiant's safety operations (*see, e.g.*, ¶¶ 11, 16, 67-68, 160, 194), and does not attempt to connect the ValuJet Allegations to any element of its claims. Rule 12(f) prevents parties from using a complaint to broadcast immaterial and morally-offensive allegations. *See U.S. v. Kaiser Found. Health Plan, Inc.*, No. 12-cv-03896, 2013 WL 4605096, at *9 (N.D. Cal. Aug. 28, 2013) (striking "[r]eferences to Kaiser welcoming deaths, causing deaths or profiting from deaths—unsubstantiated by factual allegations" as "immaterial and scandalous").[3]

Plaintiffs also argue that "Defendants' concerns about confusion and facing prejudice" are premature because they supposedly "conflat[e] whether ValuJet allegations are permitted to be pled in a complaint and whether evidence is admissible at trial." Opp. at 5. However, Rule 12(f) provides a mechanism to eliminate allegations that "could not be put in issue or given in evidence between the parties." *Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D. Cal. 2005).[4] For a variety of reasons, it is virtually certain that the ValuJet Allegations would never be allowed at trial, as they are intended to inflate emotions and draw unfair inferences, and would require an inquiry into matters highly collateral to what was happening at Allegiant during the class period. Forcing Defendants to challenge and respond

---

[2] *See also McCamey v. Hewlett Packard Co.*, 2011 WL 40561518, *5 (E.D. Cal. Sep. 12, 2011) (striking allegations that plaintiff contended "contain[ed] background material" because they did "not bear any rational nexus to plaintiff's claims" since they related to her harassment at a different company).

[3] *See also Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, *665 (7th Cir. 1992) (affirming order striking allegations that "defendants intentionally caused the salmonella outbreak at the Hillfarm Dairy or allowed it to continue in order to consummate a fraudulent scheme against the plaintiffs" as scandalous in an action alleging a fraudulent scheme to deprive plaintiffs of employment).

[4] *See also Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) ("[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.").

to these allegations during the course of discovery would only waste Defendants' and the Court's time and resources. *See Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152-53 (C.D. Cal. 2003) ("The possibility that superfluous pleadings will cause the trier of fact to draw 'unwarranted' inferences at trial is the type of prejudice that will support the granting of a motion to strike.").

**B.  The ValueJet Allegations Are Improper Character Evidence That Cannot Establish A "Pattern and Practice."**

The Opposition essentially concedes that the ValuJet Allegations amount to "bad actor" character evidence, because they are designed to portray Gallagher as the kind of person who does not care about safety: "The ValuJet Allegations show that Gallagher did not learn from ValuJet's previous mistakes and they permeate Allegiant's operations." Opp. at 4; *see also* Opp. at 3-4 ("After such a horrific event, it is reasonable to believe that one learns from the mistakes which led to the crash and does not repeat these mistakes in order to avoid any similar situations in the future.").[5] However, "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait," and "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FRE 404(a) & (b).

To get around this rule, the Opposition argues the ValuJet Allegations show that Gallagher has a "pattern of behavior" (Opp. at 3), but to qualify as a pattern or habit a behavior must be a "semi-automatic" response to a "repeated specific situation." FRE 406, Advisory Committee Notes. Plaintiffs cannot establish a "pattern or practice" based on a single, tragic incident that occurred at a different company nearly 25 years ago, which (thankfully) has never occurred at Allegiant. *See Garcia ex rel. Marin v. Clovis Unified Sch. Dist.*, No. 08-19424, 2009 WL 2982900, *24 (E.D. Cal. Sept. 14, 2009) (striking allegations of past misconduct as "immaterial and impertinent" because the event that occurred 15 to 20 years earlier involved different actors and was "too stale" to show a pattern). There have been tragic accidents at many of the world's major airlines and constant vigilance is the watchword of the

---

[5] As the Advisory Committee Notes to Rule 406 explain: "Character is a generalized description of one's disposition . . . . If we speak of character for care, we think of the person's tendency to act prudently in all the varying situations of life, in business, family life, in handling automobiles and in walking across the street."

3

aviation industry. Using the ValueJet Allegations to advance Plaintiffs' securities fraud claims is simply beyond the pale, and they should be stricken pursuant to Rule 12(f).

### III. CONCLUSION

For the reasons set forth herein and in their opening brief, Defendants respectfully request that the Court strike the Amended Complaint's ValueJet Allegations.

DATED this 21st day of February, 2019.

**GREENBERG TRAURIG LLP**

By:  */s/ Jacob D. Bundick*
MARK F. FERRARIO, ESQ.
Nevada Bar No. 1625
JACOB D. BUNDICK, ESQ.
Nevada Bar No. 9772
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135

DANIEL J. TYUKODY, ESQ.
Admitted *Pro Hac Vice*
COLIN W. FRASER, ESQ.
Admitted *Pro Hac Vice*
**GREENBERG TRAURIG, LLP**
1840 Century Park East, Suite 1900
Los Angeles, CA 90067

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of February, 2019, a true and correct copy of the foregoing **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS** was submitted for filing with the Clerk of the Court using the Odyssey eFileNV Electronic Service system and served on all parties with an email address on record, pursuant to Administrative Order 14-2 and Rule 9 of the N.E.F.C.R.

The date and time of the electronic proof of service is in place of the date and place of deposit in the U.S. Mail.

/s/ Andrea Flintz
An employee of Greenberg Traurig, LLP