Patrick R. Leverty
**LEVERTY & ASSOCIATES LAW CHTD**
832 Willow Street
Reno, Nevada 89502
Telephone: (775) 322-6636
Facsimile: (213) 322-3953
Email: pat@levertylaw.com

*Liaison Counsel for Plaintiffs and the Class*

[additional counsel listed on signature page]

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL CHECKMAN, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALLEGIANT TRAVEL COMPANY, MAURICE J. GALLAGHER, JR., SCOTT SHELDON, STEVEN E. HARFST, and JUDE I. BRICKER,<br><br>Defendants. | Case No: 2:18-cv-01758-APG-PAL<br><br><u>CLASS ACTION</u><br><br>**PLAINTIFFS' REPLY IN SUPPORT OF THEIR REQUEST FOR JUDICIAL NOTICE** |

Lead Plaintiff Charles Brendon and Plaintiff Daniel Checkman ("Plaintiffs") respectfully submit this reply in further support of their Request for Judicial Notice ("RJN") of documents attached as Exhibits 1-5 to the Declaration of Patrick Leverty. *See* Dkt. No. 53, 53-1 to 53-6.

**I. THE COURT SHOULD JUDICIALLY NOTICE ALLEGIANT'S SEC FILINGS AND STOCK TRADING DATA**[1]

Plaintiffs seek judicial notice of Allegiant's U.S. Securities and Exchange Commission ("SEC") filings consisting of Form 4 filings and a single proxy statement, as well as Allegiant's stock

---

[1] Plaintiffs cite to the following documents herein: (i) Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint"); (ii) Defendants' Motion to Dismiss Plaintiffs' Amended Complaint ("D. Mem. __."); (iii) Plaintiffs' Opposition to Defendants' Motion to Dismiss ("P. Opp. __."); and (iv) Defendants' Opposition to Plaintiffs' Request for Judicial Notice ("D. Opp. to RJN __.").

price history for the Class Period. *See* Dkt. No. 53-2 to 53-6. Defendants concede that these documents are ordinarily appropriate for judicial notice. D. Opp. to RJN at 2.[2] Defendants should have stopped there.

It is black letter law that in securities class actions such as this, courts will routinely take judicial notice of a company's SEC filings and stock price data. *See, e.g.*, *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (holding it proper to take judicial notice of a company's stock price history and SEC filings); *Dreiling v. Am. Express Co.*, 458 F. 3d 942, 946 n.2 (9th Cir. 2006) (at motion to dismiss stage, a court "may consider documents referred to in the complaint or any matter subject to judicial notice, such as SEC filings").

Even more, district courts regularly grant a securities plaintiff's request to take judicial notice of SEC filings and stock price data submitted in opposition to a defendant's motion to dismiss. *See, e.g., In re Energy Recovery Inc. Sec. Litig.*, No. 15-CV-00265-EMC, 2016 WL 324150, at *3 (N.D. Cal. Jan. 27, 2016) (granting plaintiffs' request to take judicial notice of SEC filings and filings referenced in the complaint); *In re Iso Ray, Inc. Sec. Litig.*, 189 F. Supp. 3d 1057, 1067 (E.D. Wash. 2016) (granting plaintiffs' request to take judicial notice of SEC filings and historical stock prices of publicly traded company); *Curry v. Hansen Med., Inc.*, No. C 09-5094 CW, 2012 WL 3242447, at *3 (N.D. Cal. Aug. 10, 2012) (granting plaintiffs' request to take judicial notice of SEC filings demonstrating defendant sold company's securities during the class period) (citing *Dreiling*, 458 F.3d at 946 n.2)). Simply put, the Court should grant Plaintiffs' RJN.

1. **Defendants Requested the Court Take Judicial Notice of the Very Same Types of Documents as Plaintiffs**

Defendants requested that this Court judicially notice the ***very same types*** of documents as requested by Plaintiffs, and more, to add "new evidence" outside of the Complaint in support of their Motion to Dismiss.[3] *See, e.g.*, Dkt. No. 48-1 (Sheldon's purported Form 4), Dkt. No. 48-2 (Bricker's

---

[2] Defendants' Opposition to Plaintiffs' RJN does not contain page numbers. Page 2 refers to the second page of that document.
[3] As noted, *infra*, and in Plaintiffs' Opposition to Defendants' Motion to Dismiss, Defendants' documents/evidence from outside the pleadings may not be considered for the truth of the matter.

purported Form 4s), Dkt. No. 48-3 (Gallagher's purported Form 4s), Dkt. Nos. 48-4 to 48-7 (various proxy statements during a four-year period), Dkt. No. 48-9 (Allegiant's purported historical stock prices from April 16, 2018 through April 26, 2018). Yet Defendants wholesale object to Plaintiffs' RJN. This type of gamesmanship should be called out for what it is and be summarily rejected.

### 2. Plaintiffs' RJN Does Not Assert New Facts Not Alleged in the Complaint but Debunks Defendants' Meritless Arguments, Which Defendants Put at Issue

Defendants contend Plaintiffs' documents are not judicially noticeable because Plaintiffs seek to add "new evidence" raised for the first time in Plaintiffs' opposition. D. Opp. to RJN at 2. Defendants do not challenge the accuracy of Plaintiffs' requested documents.[4] Thus, as previously noted, courts in the Ninth Circuit regularly take judicial notice of the document types requested by Plaintiffs here. *See., e.g.*, *In re Iso Ray, Inc. Sec. Litig.*, 189 F. Supp. 3d at 1067; *Hansen Med., Inc.*, 2012 WL 3242447, at *3. In any event, Plaintiffs do not use these documents to allege new facts, but to debunk meritless arguments put directly at issue for the first time by Defendants in their Motion to Dismiss.

First, Allegiant's stock price history from the Class Period disproves Defendants' half-baked notion that Allegiant's material stock declines on heavy volume following corrective disclosures—which were adequately pled as such in the Complaint—were statistically insignificant. *See* Compl. at ¶¶17-19; P. Opp. at 23 n. 45, 24. Second, Allegiant's proxy statement only further supports Plaintiffs' well-pled allegation that Gallagher's financial compensation—which was directly tied to Allegiant's profits—incentivized fraud.[5] Compl. at ¶8, P. Opp. at 20. Finally, the Form 4s render baseless

---

[4] Federal Rule of Evidence 201 allows a court to take judicial notice of a fact "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

[5] The Court may also consider the proxy statement under the incorporation by reference doctrine, as it is referenced in the Complaint at ¶8. *See Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002) (court may properly consider documents referenced in complaint). That Plaintiffs did not specifically allege the title of the document is immaterial. *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (court may consider documents "'whose **contents** are alleged in a complaint'"); *see also See In re Calpine Corp. Sec. Litig.*, 288 F. Supp. 2d 1054, 1076-77 (N.D. Cal. 2003) ("[T]he Court may take judicial notice of documents on which allegations in the SAC necessarily rely, even if not expressly referenced in the SAC.")

Defendants' arguments that the Individual Defendants did not act with scienter due to their trading history in Allegiant stock. D. Mem. at 17-19. Specifically, Defendants cherry-picked certain SEC filings for judicial notice in an attempt to demonstrate, *inter alia*, that: (i) Gallagher's trades were not suspicious or out of line with his prior trading history, D. Mem. at 18-19; (ii) Sheldon, Bricker, and Harfst were not "alleged to have sold even a single share of stock[,]" D. Mem. at 17; and (iii) Bricker and Sheldon actually "increased" their Allegiant stock holdings, D. Mem. at 17. The relevant Form 4s plainly confirm these arguments are devoid of merit, that Gallagher's suspicious sales were a far departure from his ordinary trading history, Compl. at ¶¶211-14, P. Opp. at 18, that Sheldon and Bricker were net sellers of Allegiant stock during the Class Period,[6] P. Opp. at 20, and their purportedly "increased" holdings were due to grants and options for which they paid nothing, P. Opp. at 20.

Tellingly, Defendants do not cite a single securities case from the Ninth Circuit Court of Appeals to support their argument that the Court may not judicially notice Plaintiffs' cited documents. The only securities case Defendants cite is easily distinguishable because there, the relevant documents were neither SEC filings nor the company's stock price history, but "irrelevant" documents "allegedly prepared by the staff of the [Federal Energy Regulatory Commission]," which were not otherwise subject to judicial notice. *See In re Calpine Corp. Sec. Litig.*, 288 F. Supp. 2d 1054, 1076-77 (N.D. Cal. 2003) (documents were not referenced in complaint, not relied on in complaint, and claimed not to have been a finding by an agency). Notably, the court granted defendants' request to take judicial notice of SEC filings. *Id*. at 1076-76.  In sum, Plaintiffs' RJN should be granted.

**3. The Court May Not Consider Defendants' Documents for the Truth of the Matter**

Along this vein, it bears re-emphasizing that the Court may not judicially notice Defendants'

---

[6] Defendants misleadingly argued that Harfst was not alleged to have made any stock sales during the Class Period. D. Mem. at 17. But Harfst did not appear to publicly release such trading information. P. Opp at 20, n. 38.

4

requested documents for the truth of the matter asserted.[7] *See, e.g.*, *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999-1001 (9th Cir. 2018) (reversible error where district court considered disputed matters from conference call transcript filed in SEC filing, and a government report, which were outside plaintiff's complaint in defendants' judicially noticed documents); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (reversing dismissal where "court assumed the existence of facts that favor defendants based on evidence outside plaintiffs' pleadings [and] took judicial notice of the truth of disputed factual matters"); *ScripsAmerica, Inc. v. Ironridge Glob. LLC*, 119 F. Supp. 3d 1213, 1231 (C.D. Cal. 2015) (contents of news articles may not be accepted for their alleged truth).

The Ninth Circuit Court of Appeals recently reversed a district court for drawing inferences in favor of Defendants based on such judicially noticed documents. *Orexigen*, 899 F.3d at 999-1001. As applied here, *Orexigen* highlights the importance of prohibiting Defendants from inserting misleading and/or contested information into Plaintiffs' well-pled Complaint:

> The overuse and improper application of judicial notice and the incorporation-by-reference doctrine, however, can lead to unintended and harmful results. . . . the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery. This risk is especially significant in SEC fraud matters, where there is already a heightened pleading standard, and the defendants possess materials to which the plaintiffs do not yet have access.
>
> \* \* \*
>
> If defendants are permitted to present their own version of the facts at the pleading stage—and district courts accept those facts as uncontroverted and true—it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently "plausible" claim for relief.

899 F.3d at 998-99 (internal citations omitted).

For the foregoing reasons, Plaintiffs respectfully request the Court grant Plaintiffs' RJN in its entirety.

---

[7] This includes SEC filings, news articles, correspondence suggesting Allegiant was safe from a federal agency being investigated by the Department of Transportation, Inspector General (FAA) for improper oversight of Allegiant, etc.

| | |
|---|---|
| Dated: February 28, 2019 | Respectfully submitted, |
| | **LEVERTY & ASSOCIATES LAW CHTD.** |
| | /s/Patrick Leverty |
| | Patrick R. Leverty, Esq. |
| | Reno Gould House |
| | 832 Willow Street |
| | Reno, NV 89502 |
| | Telephone: (775) 322-6636 |
| | Facsimile: (775) 322-3953 |
| | Email: pat@levertylaw.com |
| | *Liaison Counsel for Plaintiffs and the Class* |
| | **THE ROSEN LAW FIRM, P.A.** |
| | Laurence M. Rosen, Esq. |
| | Phillip Kim, Esq. |
| | Zachary Halper, Esq. |
| | 275 Madison Avenue, 34th Floor |
| | New York, New York 10016 |
| | Telephone: (212) 686-1060 |
| | Fax: (212) 202-3827 |
| | Email: lrosen@rosenlegal.com |
| | Email: pkim@rosenlegal.com |
| | Email: zhalper@rosenlegal.com |
| | *Counsel for Plaintiffs and the Class* |

**CERTIFICATE OF SERVICE**

I hereby certify that on February 28, 2019, I electronically filed the foregoing **PLAINTIFFS' REPLY IN SUPPORT OF THEIR REQUEST FOR JUDICIAL NOTICE** with the Clerk of Court using the CM/ECF system, which will send notification of such to all CM/ECF participants.

/s/Patrick Leverty
Patrick Leverty