# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| CHARLES BRENDON and DANIEL CHECKMAN, Individually And On Behalf Of All Others Similarly Situated, | Case No. 2:18-cv-01758-APG-BNW |
| Plaintiffs, | |
| v. | |
| ALLEGIANT TRAVEL COMPANY, MAURICE J. GALLAGHER, JR., SCOTT SHELDON, STEVEN E. HARFST, and JUDE I. BRICKER, | |
| Defendants. | |

**STIPULATION AND AGREEMENT OF SETTLEMENT**

This stipulation and agreement of settlement ("Stipulation") is made and entered into by and between Lead Plaintiff Charles Brendon ("Brendon") and Named Plaintiff Daniel Checkman ("Checkman") (collectively, "Plaintiffs"), on behalf of themselves and the Settlement Class (defined below), on the one hand, and Allegiant Travel Company ("Allegiant" or "Company"), Maurice J. Gallagher, Jr. ("Gallagher"), Scott Sheldon ("Sheldon"), Steven E. Harfst ("Harfst"), and Jude I. Bricker ("Bricker") (collectively, "Defendants" and, together with Plaintiffs, "Parties"), on the other hand.

**WHEREAS**

A.      All words or terms used herein that are capitalized shall have the meaning ascribed to those words or terms set forth herein and in the section hereof entitled "Definitions."

B.      On April 24, 2018, Checkman filed a Class Action Complaint for Violation of the Federal Securities Laws in the United States District Court for the Central District of California (Dkt. No. 1).

C.      On June 25, 2018, Brendon filed a motion to be appointed lead plaintiff and for The Rosen Law Firm, P.A. ("Rosen Law") to be appointed lead counsel. (Dkt. No. 12). By Order dated July 16, 2018, Judge John F. Walter appointed Brendon as Lead Plaintiff. (Dkt. No. 51).

D.     On September 11, 2018, Judge Walter granted (Dkt. No. 27) the Parties' stipulation and proposed order to transfer the action to the United States District Court for the District of Nevada (Dkt. No. 26).

E.     On October 22, 2018, Plaintiffs filed the Amended Complaint for Violations of the Federal Securities Laws ("Complaint") (Dkt. No. 34), alleging violations of §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated thereunder by the U.S. Securities and Exchange Commission ("SEC") on behalf of a class of all purchasers of Allegiant securities between June 8, 2015 and May 9, 2018, both dates inclusive.

F.     On December 7, 2018, Defendants moved to dismiss the Complaint, filed a request for judicial notice in support of their motion to dismiss, and moved to strike sections of the Complaint. (Dkt. Nos. 45-48). On January 22, 2019, Plaintiffs opposed Defendants' motion to dismiss and motion to strike, (Dkt. Nos. 51-52),[1] and their own request for judicial notice. (Dkt. No. 53). On February 21, 2018, Defendants filed their reply memorandum in further support of their motion to dismiss and their motion to strike as well as their opposition to Plaintiffs' request for judicial notice. (Dkt. Nos. 55-57). On February 28, 2019, Plaintiffs filed their reply in further support of their request for judicial notice. (Dkt. No. 58).

G.     On September 9, 2019, the Court granted in part and denied in part Defendants' motion to dismiss, sustaining the Complaint against all Defendants but Harfst for whom the Court granted dismissal. (Dkt. No. 64). On September 10, 2019, the Court denied Defendants' motion to strike. (Dkt. No. 65).

H.     While Defendants' motion to dismiss and motion to strike were pending, the Parties began settlement negotiations and ultimately agreed to this Settlement.

I.     Plaintiffs, through Lead Counsel, thoroughly investigated the claims, defenses, and underlying events that are the subject of the Action. This process included reviewing and analyzing: (i) documents the Company filed publicly with the SEC; (ii) publicly available information, including press releases, news articles, and other public statements issued by or concerning the

---

[1] A Notice of Errata was filed on February 19, 2019 to update an error in a citation in Plaintiffs' opposition to the motion to dismiss.

STIPULATION AND AGREEMENT OF SETTLEMENT
2:18-CV-01758- APG-BNW

Company and the Defendants; (iii) research reports issued by financial analysts concerning the Company; (iv) other publicly available information and data concerning the Company; and (v) the applicable law governing the claims and potential defenses. In addition to identifying former Allegiant employees and other persons with relevant knowledge and interviewing them, Lead Counsel consulted with experts on issues of market efficiency, damages, and loss causation.

J.      Defendants have denied and continue to deny any wrongdoing or that they have committed any act or omission giving rise to any liability or violation of law, including the U.S. securities laws. Among other things, Defendants deny the allegations that they knowingly, or otherwise, made any material misstatements or omissions; that any member of the Class has suffered damages; that the prices of Allegiant securities were artificially inflated by reason of the alleged misrepresentations, omissions or otherwise; or that members of the Class were harmed by the conduct alleged in the Complaint. Defendants have denied and continue to deny each and every one of the Complaint's claims and/or potential claims based on the facts the Complaint alleges and maintain that they have meritorious defenses to all claims alleged in the Complaint.

K.      This Stipulation, whether or not consummated, any proceedings relating to any settlement, or any of the terms of any settlement, whether or not consummated, shall in no event be construed as, or deemed to be evidence of, an admission or concession on the part of the Defendants, or any of them, with respect to any fact or matter alleged in the Action, or any claim of fault or liability or wrongdoing or damage whatsoever, or any infirmity in any claim or defense that has been or could have been asserted. Defendants are entering into this Settlement solely to eliminate the burden, expense, uncertainty, and distraction of further litigation.

L.      Plaintiffs believe that the claims they assert in the Action have merit and that the evidence developed to date supports the claims asserted. Plaintiffs and Lead Counsel, however, recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action through trial and appeals. Plaintiffs and Lead Counsel have also accounted for the uncertain outcome and the risk of any litigation, especially in complex actions such as the Action, as well as the difficulties and delays inherent in such litigation. Lead Counsel also are mindful of the inherent problems of proof and the possible defenses to the claims alleged in the

STIPULATION AND AGREMENT OF SETTLMENT
2:18-CV-01758- APG-BNW

Action, including a loss causation defense. Based on their evaluation, Plaintiffs and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial monetary benefits upon the Settlement Class and is in the best interests of Plaintiffs and the Settlement Class.

**NOW THEREFORE**, without any concession by Plaintiffs that the Action lacks merit, and without any concession by the Defendants of any liability or wrongdoing or lack of merit in their defenses, it is hereby **STIPULATED AND AGREED**, by and among the Parties to this Stipulation, through their respective attorneys, subject to approval by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties hereto, all Released Claims and all Released Defendants' Claims, as against all Released Parties, shall be fully, finally, and forever compromised, settled, released, discharged, and dismissed with prejudice, and without costs, upon and subject to the following terms and conditions:

## DEFINITIONS

As used in this Stipulation, the following terms shall have the meanings set forth below. In the event of any inconsistency between any definition set forth below and any definition in any other document related to the Settlement, the definition set forth below shall control.

1.      "Action" means the securities class actions captioned *Brendon v. Allegiant Travel Company, et al*., No. 2:18-cv-01758-APG-PAL, pending in the United States District Court for the District of Nevada before the Honorable Andrew P. Gordon.

2.      "Alternative Judgment" means a form of final judgment that may be entered by the Court but in a form other than the form of Judgment provided for in this Stipulation and where none of the Parties hereto elects to terminate this Settlement by reason of such variance.

3.      "Authorized Claimant" means a Settlement Class Member who timely submits a valid Proof of Claim and Release form to the Claims Administrator that is accepted for payment by the Court.

4.      "Claims Administrator" means Strategic Claims Services, whom Lead Counsel will retain to provide all Court-approved notices to Settlement Class Members, to process proofs of claim, and generally to administer the Settlement.

5.      "Class Period" means the period from June 8, 2015 through May 9, 2018 both dates inclusive.

6.      "Defendants" means Allegiant Travel Company, Maurice J. Gallagher, Jr., Scott Sheldon, Steven E. Harfst, and Jude I. Bricker.

7.      "Defendants' Counsel" means the law firm of Greenberg Traurig, LLP.

8.      "Distribution Order" means an order of the Court approving the Claims Administrator's determinations concerning the acceptance and rejection of the claims submitted and approving any fees and expenses not previously paid, including the fees and expenses of the Claims Administrator, and, if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants.

9.      "Effective Date" means the date upon which the Settlement shall have become effective, as set forth in ¶78 below.

10.     "Escrow Account" means an interest-bearing escrow account established by the Escrow Agent. The Escrow Account shall be managed by the Escrow Agent, subject to the Court's supervisory authority, for the benefit of Plaintiffs and the Settlement Class in accordance with the terms of the Stipulation and any order of the Court.

11.     "Escrow Agent" means  Strategic Claims Services or its appointed agents. The Escrow Agent shall perform the duties as set forth in this Stipulation and any order of the Court.

12.     "Fee and Expense Application" means Lead Counsel's application, on behalf of Plaintiffs' Counsel, for an award of attorneys' fees and payment of litigation expenses incurred in prosecuting the case, including any expenses pursuant to 15 U.S.C. § 78u-4(a)(4) of the Private Securities Litigation Reform Act of 1995 ("PSLRA").

13.     "Final," with respect to a court order, including, but not limited to the Judgment or Alternative Judgment, means the later of: (i) if there is an appeal from a court order, the date of final affirmance on appeal and the expiration of the time for any further judicial review whether by appeal, reconsideration or a petition for a writ of certiorari and, if certiorari is granted, the date of final affirmance of the order following review pursuant to the grant; or (ii) the date of final dismissal of any appeal from the order or the final dismissal of any proceeding on certiorari to review the

order; or (iii) the expiration of the time for the filing or noticing of any appeal or petition for certiorari from the order (or, if the date for taking an appeal or seeking review of the order shall be extended beyond this time by order of the issuing court, by operation of law or otherwise, or if such extension is requested, the date of expiration of any extension if any appeal or review is not sought), without any such filing or noticing being made. Any appeal or proceeding seeking subsequent judicial review pertaining solely to the Plan of Allocation of the Net Settlement Fund or to the Court's award of attorneys' fees or expenses, however, shall not in any way delay or affect the time set forth below for the Judgment or Alternative Judgment to become Final or otherwise preclude the Judgment or Alternative Judgment from becoming Final. The finality shall not be conditioned upon the resolution of: (i) claims, if any, brought by any governmental agency or regulator, including, but not limited to, the United States Securities and Exchange Commission and the U.S. Department of Justice; or (ii) the claims asserted in any other private civil action, including, but not limited to, a shareholder derivative action.

14.     "Individual Defendants" means Maurice J. Gallagher, Jr., Scott Sheldon, Steven E. Harfst, and Jude I. Bricker.

15.     "Judgment" means the proposed judgment or Alternative Judgment and order of dismissal with prejudice to be entered by the Court upon approval of the Settlement, substantially in the form attached hereto as Exhibit B.

16.     "Lead Counsel" means The Rosen Law Firm, P.A.

17.     "Lead Plaintiff" means Charles Brendon.

18.     "Local Counsel" means Leverty & Associates Law, Chtd.

19.     "Net Settlement Fund" means the Settlement Fund less: (i) Court-awarded attorneys' fees and expenses; (ii) Notice and Administration Expenses; (iii) Taxes; and (iv) any other fees or expenses approved by the Court.

20.     "Notice" means collectively the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses to be sent to Settlement Class Members ("Long Notice"); the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses for publication ("Summary Notice"), and the Postcard

STIPULATION AND AGREMENT OF SETTLMENT
2:18-CV-01758- APG-BNW

Notice, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibits 1, 3, and 4, respectfully to Exhibit A hereto.

21. "Notice and Administration Expenses" means all costs, fees, and expenses incurred in connection with providing notice to the Settlement Class and the administration of the Settlement, including but not limited to: (i) providing notice of the proposed Settlement by mail, publication, and other means to Settlement Class Members; (ii) receiving and reviewing claims; (iii) applying the Plan of Allocation; (iv) communicating with Persons regarding the proposed Settlement and claims administration process; (v) distributing the proceeds of the Settlement; and (vi) fees related to the Escrow Account and investment of the Settlement Fund.

22. "Person(s)" means any individual, corporation (including all divisions and subsidiaries), general or limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity and his, her or its heirs, predecessors, trustees, successors, representatives, or assignees.

23. "Plaintiffs' Counsel" means Lead Counsel and Local Counsel and all other legal counsel who, at the direction and under the supervision of Lead Counsel and/or Local Counsel, performed services on behalf of the Settlement Class in the Action.

24. "Plan of Allocation" means the proposed Plan of Allocation of Net Settlement Fund, which, subject to the approval of the Court, shall be substantially in the form described in the Long Notice.

25. "Preliminary Approval Order" means the proposed Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, which, subject to the approval of the Court, shall be substantially in the form attached hereto as Exhibit A.

26. "Proof of Claim" or "Claim Form" means the Proof of Claim and Release Form for submitting a claim, which, subject to approval of the Court, shall be substantially in the form attached as Exhibit 2 to Exhibit A hereto.

27. "Released Claims" means any and all claims, rights, demands, obligations, damages,

actions or causes of action, or liabilities whatsoever, of every nature and description, whether known or unknown, whether arising under federal, state, common or foreign law or regulation, that arise out of or relate in any way to the purchase or sale of Allegiant securities during the Settlement Class Period or the acts, facts, statements, or omissions that were or could have been alleged or asserted by Plaintiffs or any member of the Settlement Class in the Action or in any other action in any court or forum. Released Claims do not include derivative claims on behalf of Allegiant, except that Plaintiffs shall agree not to bring any derivative claims related to any acts, facts or wrongdoing alleged in the Action. Defendants will release Plaintiffs and their counsel for all claims arising from the Action.

28.    "Released Defendant Parties" means Defendants, their present and former parents, subsidiaries, division, departments, affiliates, stockholders, officers, directors, partners, employees, contractors, auditors, principals, agents, attorneys, accountants, advisors, predecessors, successors, assigns, insurers, general or limited partners or partnerships, and limited liability companies; and the spouses, members of the immediate families, representatives, and heirs of any Released Defendant Parties who is an individual, as well as any trust of which any of the Released Defendant Parties is the settlor or which is for the benefit of any of their immediate family members..

29.    "Released Defendants' Claims" means all claims and causes of action of every nature and description, including both known claims and Unknown Claims (as defined below), whether arising under federal, state, common or foreign law, or any other law, that Defendants could have asserted against any of the Released Plaintiff Parties that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Action, except for claims relating to the enforcement of the Settlement.

30.    "Released Parties" means the Released Defendant Parties and the Released Plaintiff Parties.

31.    "Released Plaintiff Parties" means each and every Settlement Class Member, Plaintiffs, Lead Counsel, Local Counsel, and each of their respective past or present trustees, officers, directors, partners, employees, contractors, auditors, principals, agents, attorneys, accountants, advisors, predecessors, successors, assigns, insurers, parents, divisions, subsidiaries,

general or limited partners or partnerships, and limited liability companies; and the spouses, members of the immediate families, representatives, and heirs of any Released Plaintiff Party who is an individual, as well as any trust of which any Released Plaintiff Party is the settlor or which is for the benefit of any of their immediate family members. Released Plaintiff Parties does not include any Person who timely and validly seeks exclusion from the Settlement Class.

32.     "Settlement" means the resolution of the Action in accordance with the terms and provisions of this Stipulation.

33.     "Settlement Amount" means the total principal amount of four million U.S. dollars ($4,000,000), in cash.

34.     "Settlement Class" or "Settlement Class Member" means all persons and entities that purchased or acquired the publicly traded securities of Allegiant between June 8, 2015 and May 9, 2018, both dates inclusive. Excluded from the Class are Defendants, Allegiant's officers and directors, their immediate family members, and entities in which such excluded person hold a controlling interest. Also excluded from the Settlement Class will be any person who timely and validly seeks exclusion from the Settlement Class and persons with have no compensable damages.

35.     "Settlement Fund" means the Settlement Amount and any interest earned thereon.

36.     "Settlement Hearing" means the hearing to be held by the Court to determine whether the proposed Settlement is fair, reasonable, and adequate and should be finally approved.

37.     "Stipulation" means this Stipulation and Agreement of Settlement.

38.     "Taxes" means all federal, state, or local taxes of any kind on any income earned by the Settlement Fund and the expenses and costs incurred in connection with the taxation of the Settlement Fund (including, without limitation, interest, penalties and the reasonable expenses of tax attorneys and accountants).

39.     "Unknown Claims" mean any and all Released Claims that any Plaintiff or any member of the Settlement Class does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons, which if known by him, her or it might have affected his, her or its settlement with and release of the Released Parties or might have affected his, her or its decision not to object to the Settlement or not exclude himself, herself or itself from the Settlement

Class. Plaintiffs and every member of the Settlement Class expressly waive, and by operation of the final judgment shall be deemed to have waived, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by California Civil Code § 1542 (to the extent applicable), and any law of any state or territory of the United States, or principle of common law, or the law of any foreign jurisdiction, that is similar, comparable or equivalent to California Civil Code § 1542. Plaintiffs acknowledge, and every member of the Settlement Class by law and operation of the order and final judgment shall be deemed to have acknowledged, that the inclusion of "unknown claims" in the definition of Released Claims was separately bargained for and was a material element of the Settlement.

**SCOPE AND EFFECT OF SETTLEMENT**

40.     The obligations incurred pursuant to this Stipulation are: (a) subject to approval by the Court and the Judgment, or Alternative Judgment, reflecting such approval becoming Final; and (b) in full and final disposition of the Action with respect to the Released Parties and any and all Released Claims and Released Defendants' Claims.

41.     For purposes of this Settlement only, the Parties agree to: (a) certification of the Action as a class action, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), on behalf of the Settlement Class; (b) the appointment of Plaintiffs as Class Representatives for the Settlement Class; and (c) the appointment of Lead Counsel as Class Counsel for the Settlement Class pursuant to Federal Rule of Civil Procedure 23(g).

42.     Upon the Effective Date, Plaintiffs and each and every other Settlement Class Member (whether or not such Settlement Class Member receives the Notice, executes and delivers a valid Proof of Claim, or receives proceeds from the Settlement Fund), and the heirs, representatives, attorneys, affiliates, executors, trustees, administrators, predecessors, successors, and assigns of each of them, in their capacity as such, shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Claims against each and every one of the Released Parties.

43.     Upon the Effective Date, Plaintiffs and each and every other Settlement Class

Member (whether or not such Settlement Class Member receives the Notice, executes and delivers a valid Proof of Claim, or receives proceeds from the Settlement Fund), and the heirs, representatives, attorneys, affiliates, executors, trustees, administrators, predecessors, successors, and assigns of each of them, in their capacity as such, shall forever be barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement of any and all Released Claims against each and every one of the Released Defendant Parties, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, administrative forum or other forum of any kind, either directly or indirectly, on their own behalf or on behalf of any class or other person.

44.     Upon the Effective Date, Defendants, and the heirs, representatives, attorneys, affiliates, executors, trustees, administrators, predecessors, successors, and assigns of each of them, in their capacity as such, shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, administrative forum or other forum of any kind, of any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties.

**THE SETTLEMENT CONSIDERATION**

45.     Within fourteen (14) business days after the entry of the Preliminary Approval Order, Lead Counsel shall provide Allegiant's counsel wiring instructions for the Settlement Amount, the payee's Form W-9, and any other documents reasonably required by the Defendants to process the payment of the Settlement Amount.

46.     In full settlement of the claims asserted in the Action against Defendants and in consideration of the releases specified above in ¶¶27-31, all of which the Parties agree are good and valuable consideration, Defendants shall cause the Settlement Amount to be paid into the Escrow Account within thirty (30) business days after the entry of the Preliminary Approval Order.

47.     With the sole exception of Defendants' obligation to cause the payment of the Settlement Amount into the Escrow Account as provided for in ¶ 45, Released Defendant Parties

11

shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Lead Counsel or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions or other payments from the Escrow Account, or the filing of any federal, state, or local returns.

48.     Other than the obligation of Defendants to cause the payment of the Settlement Amount pursuant to ¶ 45, Released Defendant Parties shall have no obligation to make any other payments into the Escrow Account, to Plaintiffs, or to any other Settlement Class Member pursuant to this Stipulation.

## **USE AND TAX TREATMENT OF SETTLEMENT FUND**

49.     The Settlement Fund shall be used: (i) to pay any Taxes; (ii) to pay Notice and Administration Expenses; (iii) to pay any attorneys' fees and expenses awarded by the Court; (iv) to pay any costs and expenses allowed by the PSLRA and Awarded to Plaintiffs by the Court; (v) to pay any other fees and expenses awarded by the Court; and (vi) to pay the claims of Authorized Claimants.

50.     The Net Settlement Fund shall be distributed to Authorized Claimants as provided in ¶8 hereof. The Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held in the Escrow Account, and all earnings thereon, shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall have been disbursed or returned, pursuant to the terms of this Stipulation, and/or further order of the Court. The Escrow Agent shall invest funds in the Escrow Account in instruments backed by the full faith and credit of the United States Government (or a mutual fund invested solely in such instruments), or deposit some or all of the funds in non-interest-bearing transaction account(s) that are fully insured by the Federal Deposit Insurance Corporation ("FDIC") in amounts

that are up to the limit of FDIC insurance. Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions executed by the Escrow Agent. All risks related to the investment of the Settlement Fund shall be borne solely by the Settlement Fund.

51.     After the Settlement Amount has been paid into the Escrow Account, the Parties agree to treat the Settlement Fund as a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1. In addition, Lead Counsel shall timely make, or cause to be made, such elections as necessary or advisable to carry out the provisions of this paragraph 51, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date. Such election shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of Lead Counsel to timely and properly prepare and deliver, or cause to be prepared and delivered, the necessary documentation for signature by all necessary parties, and thereafter take all such actions as may be necessary or appropriate to cause the appropriate filing(s) to occur. Consistent with the foregoing:

a.     For the purposes of Section 468B of the Internal Revenue Code of 1986, as amended, and Treas. Reg. § 1.468B promulgated thereunder, the "administrator" shall be Lead Counsel or its successors, who shall timely and properly file, or cause to be filed, all federal, state, or local tax returns and information returns (together, "Tax Returns") necessary or advisable with respect to the earnings on the funds deposited in the Escrow Account (including without limitation the returns described in Treas. Reg. § 1.468B-2(k)). Such Tax Returns (as well as the election described above) shall be consistent with this subparagraph and in all events shall reflect that all Taxes (including any estimated taxes, earnings, or penalties) on the income earned on the funds deposited in the Escrow Account shall be paid out of such funds as provided in subparagraphs (b) and (c) of this paragraph 51.

b.     All Taxes shall be paid out of the Settlement Fund. In all events, Released Defendant Parties shall have no liability or responsibility whatsoever for the Taxes or the filing of any tax return or other document with the Internal Revenue Service

or any other state or local taxing authority. In the event any Taxes are owed by any of the Defendants on any earnings on the funds on deposit in the Escrow Account, such amounts shall also be paid out of the Settlement Fund. Any Taxes or Tax expenses owed on any earnings on the Settlement Amount prior to its transfer to the Escrow Account shall be the sole responsibility of the entities that make the deposit.

c.   Taxes shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid, or caused to be paid, by Lead Counsel out of the Settlement Fund without prior order from the Court or approval by Defendants, and Lead Counsel shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(l)(2)). The Parties agree to cooperate with Lead Counsel, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this paragraph 51.

52.   This is not a claims-made settlement. As of the Effective Date, Defendants, and/or any other Person funding the Settlement on a Defendant's behalf, shall not have any right to the return of the Settlement Fund or any portion thereof for any reason.

## **ATTORNEYS' FEES AND EXPENSES**

53.   Lead Counsel, on behalf of Plaintiffs' Counsel, will apply to the Court for an award from the Settlement Fund of attorneys' fees and payment of litigation expenses incurred in prosecuting the Action, including any earnings on such amounts at the same rate and for the same periods as earned by the Settlement Fund.  Defendants shall take no position with respect to the Fee and Expense Application.

54.   The amount of attorneys' fees and expenses awarded by the Court is within the sole discretion of the Court. Any attorneys' fees and expenses awarded by the Court shall be paid from the Settlement Fund to Lead Counsel immediately after entry of the order awarding such attorneys' fees and expenses, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the Fee and Expense

Application, the Settlement, or any part thereof. Lead Counsel shall allocate any Court-awarded attorneys' fees and expenses among Plaintiffs' Counsel.

55. Any payment of attorneys' fees and expenses shall be subject to Lead Counsel's obligation to make refunds or repayments to the Settlement Fund of any paid amounts, plus accrued earnings at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or fails to become effective for any reason, or if, as a result of any appeal or further proceedings on remand or successful collateral attack, the award of attorneys' fees and/or expenses is reduced or reversed by Final non-appealable court order. Lead Counsel shall make the appropriate refund or repayment in full no later than twenty (20) business days after receiving notice of the termination of the Settlement pursuant to this Stipulation, notice from a court of appropriate jurisdiction of the disapproval of the Settlement by Final non-appealable court order, or notice of any reduction or reversal of the award of attorneys' fees and/or expenses by Final non-appealable court order.

56. With the sole exception of Defendants' obligation to pay the Settlement Amount into the Escrow Account as provided for in ¶ 45, the Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment whatsoever to Plaintiffs' Counsel in the Action that may occur at any time.

57. The Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any allocation of any attorneys' fees or expenses among Plaintiffs' Counsel in the Action, or to any other Person who may assert some claim thereto, or any fee or expense awards the Court may make in the Action.

58. The Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any attorneys' fees, costs, or expenses incurred by or on behalf of Settlement Class Members, whether or not paid from the Escrow Account. The Settlement Fund will be the sole source of payment from Defendants for any award of attorneys' fees and expenses ordered by the Court.

59. The procedure for and the allowance or disallowance by the Court of any Fee and Expense Application are not part of the Settlement set forth in this Stipulation, and are separate

from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to any Fee and Expense Application, including an award of attorneys' fees or expenses in an amount less than the amount requested by Lead Counsel, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment or Alternative Judgment approving the Stipulation and the Settlement set forth herein, including, but not limited to, the release, discharge, and relinquishment of the Released Claims against the Released Defendant Parties, or any other orders entered pursuant to the Stipulation.

## ADMINISTRATION EXPENSES

60.     Except as otherwise provided herein, the Net Settlement Fund shall be held in the Escrow Account until the Effective Date.

61.     Prior to the Effective Date, without further approval from Defendants or further order of the Court, Lead Counsel may expend up to $200,000 (Two Hundred Thousand Dollars) from the Settlement Fund to pay Notice and Administration Expenses. Any monies from the Notice and Administration Expenses that remain after administration shall be returned to the Net Settlement Fund.  Notice and Administration Expenses in excess of $200,000 shall not be paid out of the Gross Settlement Fund until after the Effective Date. Taxes and fees related to the Escrow Account and investment of the Settlement Fund may be paid as incurred, without further approval of Defendants or further order of the Court. After the Effective Date, without approval of Defendants or further order of the Court, Notice and Administration Expenses may be paid as incurred.

## DISTRIBUTION TO AUTHORIZED CLAIMANTS

62.     Lead Counsel will apply to the Court for a Distribution Order, on notice to Defendants' Counsel, approving the Claims Administrator's determinations concerning the acceptance and rejection of the claims submitted herein, and, if the Effective Date has occurred, directing the payment of the Net Settlement Fund to Authorized Claimants.

63.     The Claims Administrator shall administer the Settlement under Lead Counsel's supervision in accordance with the terms of this Stipulation and subject to the jurisdiction of the

Court. The Released Defendant Parties shall have no responsibility for (except as stated in ¶ 45 hereof), interest in, or liability whatsoever with respect to the administration of the Settlement or the actions or decisions of the Claims Administrator and shall have no liability to the Settlement Class in connection with such administration.

64.    The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Loss, as defined in the Plan of Allocation included in the Long Notice, or in such other plan of allocation as the Court may approve.

65.    Defendants have no role in the development of, and will take no position with respect to, the Plan of Allocation. The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Plan of Allocation is not a necessary term of this Stipulation and it is not a condition of this Stipulation that any particular plan of allocation be approved by the Court.. The Released Defendant Parties shall have no responsibility or liability for reviewing or challenging claims, the allocation of the Net Settlement Fund, or the distribution of the Net Settlement Fund.

66.    If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible and economical, redistribute such balance among Authorized Claimants who have cashed their checks and who would receive at least $10.00 from such redistribution.. Any balance that still remains in the Net Settlement Fund after re-distribution(s), which is not feasible or economical to reallocate, after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, shall be contributed to non-sectarian, not-for-profit charitable organization(s) serving the public interest, designated by Plaintiffs and approved by the Court.

## ADMINISTRATION OF THE SETTLEMENT

67.    Any Settlement Class Member who fails timely to submit a valid Proof of Claim (substantially in the form of Exhibit A-2) will not be entitled to receive any of the proceeds from

STIPULATION AND AGREMENT OF SETTLMENT
2:18-CV-01758- APG-BNW

the Net Settlement Fund, except as otherwise ordered by the Court, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment to be entered in the Action and all releases provided for herein, and shall forever be barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement of any and all Released Claims against each and every one of the Released Defendant Parties.

68.    Lead Counsel shall be responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund by the Claims Administrator. Lead Counsel shall have the right, but not the obligation, to advise the Claims Administrator to waive what Lead Counsel deems to be de minimis or formal or technical defects in any Proof of Claim submitted. The Released Defendant Parties shall have no liability, obligation or responsibility for the administration of the Settlement, the allocation of the Net Settlement Fund, or the reviewing or challenging of claims of Settlement Class Members. Lead Counsel shall be solely responsible for designating the Claims Administrator, subject to approval by the Court.

69.    For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

a.    Each Settlement Class Member shall be required to submit a Proof of Claim, substantially in the form attached hereto as Exhibit A-2 , supported by such documents as are designated therein, including proof of the claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

b.    All Proofs of Claim must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice, unless Lead Counsel extends the deadline, subject to the Court ultimately approving the distribution to Settlement Class members, or by Order of the Court. Any Settlement Class Member who fails to submit a Proof of Claim by such date shall be barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless, by Order of the Court or the discretion of Lead Counsel, late-filed Proofs of

Claim are accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment and all releases provided for herein, and shall forever be barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement of any and all Released Claims against each and every one of the Released Defendant Parties. Provided that it is received before the motion for the Distribution Order is filed, a Proof of Claim shall be deemed to be submitted when mailed, if received with a postmark on the envelope and if mailed by first-class or overnight U.S. Mail and addressed in accordance with the instructions thereon. If submitted electronically at www.strategicclaims.net the Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator;

c.      Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, who shall determine in accordance with this Stipulation the extent, if any, to which each claim shall be allowed, subject to review by the Court;

d.      Proofs of Claim that do not meet the submission requirements may be rejected. Prior to rejecting a Proof of Claim in whole or in part, the Claims Administrator shall communicate with the claimant in writing to give the claimant notice of the deficiency and the chance to remedy any curable deficiencies in the Proof of Claim submitted. The Claims Administrator, under supervision of Lead Counsel, shall notify, in a timely fashion and in writing, all claimants whose claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the claimant whose claim is to be rejected has the right to a review by the Court if the claimant so desires and complies with the requirements of subparagraph (e) below;

e.      If any claimant whose timely claim has been rejected in whole or in part for

curable deficiency desires to contest such rejection, the claimant must, within twenty (20) calendar days after the date of mailing of the notice required in subparagraph (d) above, or a lesser period of time if the claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court; and

f.      The determinations of the Claims Administrator accepting or rejecting disputed claims shall be presented to the Court, on notice to Defendants' Counsel, for approval by the Court in the Distribution Order.

70.     Each claimant who submits a Proof of Claim shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's claim, including but not limited to, all releases provided for herein and in the Judgment or Alternative Judgment, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the claimant's status as a Settlement Class Member and the validity and amount of the claimant's claim. In connection with processing the Proofs of Claim, no discovery shall be allowed on the merits of the Action or the Settlement.

71.     Payment pursuant to the Distribution Order shall be deemed final and conclusive against any and all Settlement Class Members. All Settlement Class Members whose claims are not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment to be entered in the Action and the releases provided for herein and therein, and shall forever be barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement of any and all Released Claims against each and every one of the Released Defendant Parties.

72.     All proceedings with respect to the administration, processing and determination of claims described by this Stipulation and the determination of all controversies relating thereto,

1    including disputed questions of law and fact with respect to the validity of claims, shall be subject

2    to the jurisdiction of the Court, but shall not in any event delay or affect the finality of the Judgment

3    or Alternative Judgment.

4         73.    No Person shall have any claim of any kind against the Released Defendant Parties

5    with respect to the matters set forth in this section (i.e., ¶ 28) or any of its subsections, or otherwise

6    related in any way to the administration of the Settlement, including without limitation the

7    processing of claims and distributions.

8         74.    No Person shall have any claim against Plaintiffs, Plaintiffs' Counsel, or the Claims

9    Administrator, or other agent designated by Lead Counsel, based on the distributions made

10   substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of

11   Allocation, or further order(s) of the Court.

12                          **TERMS OF THE PRELIMINARY APPROVAL ORDER**

13        75.    Concurrently with their application for preliminary approval by the Court of the

14   Settlement contemplated by this Stipulation and promptly upon execution of this Stipulation, Lead

15   Counsel shall apply to the Court for entry of the Preliminary Approval Order, which shall be

16   substantially in the form annexed hereto as Exhibit A, as soon as practical. The Preliminary

17   Approval Order will, *inter alia*, preliminarily approve the Settlement, set the date for the Settlement

18   Hearing, approve the form of notice, and prescribe the method for giving notice of the Settlement

19   to the Settlement Class.

20        76.    Allegiant shall provide, or cause to be provided, to Lead Counsel or the Claims

21   Administrator, at no cost to Plaintiffs or the Settlement Class, within five (5) business days of entry

22   of the Preliminary Approval Order, a list in electronic searchable form, such as Excel, containing

23   the names and addresses of Persons who purchased or acquired Allegiant securities during the Class

24   Period, as identified in the records maintained by Allegiant's transfer agent. Plaintiffs' Counsel and

25   the Claims Administrator shall use such transfer records solely to effectuate this Settlement and

26   shall in all events keep the transfer records confidential and shall not distribute the transfer records

27   to anyone besides Plaintiffs' Counsel and the Claims Administrator.

28

**TERMS OF THE FINAL ORDER AND JUDGMENT**

77.     If the Court approves the Settlement this Stipulation memorializes, Lead Counsel and Defendants' Counsel shall jointly request that the Court enter a Judgment substantially in the form annexed hereto as Exhibit B.

**EFFECTIVE DATE OF THE SETTLEMENT**

78.     The Effective Date of this Settlement shall be the first business day on which all of the following shall have occurred or been waived:

>       a.      entry of the Preliminary Approval Order, which shall be in all material respects substantially in the form set forth in Exhibit A annexed hereto;
>
>       b.      payment of the Settlement Amount into the Escrow Account;
>
>       c.      no Party has exercised its right to terminate the Settlement;
>
>       d.      approval by the Court of the Settlement, following notice to the Settlement Class and the Settlement Hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and
>
>       e.      the Court enters a Judgment, substantially in the form set forth in Exhibit B annexed hereto, that becomes Final; or, if the Court enters an Alternative Judgment, the Alternative Judgment becomes Final.

**WAIVER OR TERMINATION**

79.     Defendants and Plaintiffs shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice"), through counsel, to all other Parties hereto within twenty (20) calendar days of: (a) a Court order declining to (i) certify the Settlement Class; (ii) enter a preliminary approval order in any material respect; (iii) grant final approval to the Settlement in any material respect; (b) the Effective Date of the Settlement not otherwise occurring for any reason except for Defendants' failure to pay the Settlement Amount; or (c) any material term of the Settlement not being satisfied.

80.     In addition to the foregoing, Allegiant shall also have the option to terminate the Settlement and render this Stipulation null and void as to all Parties if the aggregate number of

allegedly damaged publicly traded Allegiant securities purchased or acquired during the Class Period by Persons who would otherwise be entitled to participate as members of the Settlement Class, but who timely and validly request exclusion from the Settlement Class, exceeds the sum specified in a separate confidential Supplemental Agreement Regarding Requests for Exclusion between Lead Counsel and Defendants' Counsel ("Supplemental Agreement"). The Parties agree to maintain the confidentiality of the Supplemental Agreement, which shall not be filed with the Court unless ordered by the Court, nor shall the Supplemental Agreement otherwise be disclosed unless ordered by the Court. If a dispute arises as to its terms, the Parties shall submit such disputes to JAMS ADR for resolution first by mediation, and if unsuccessful, by arbitration. If submission of the Supplemental Agreement is required by Court order, the Parties will undertake to have the Termination Threshold submitted to the Court *in camera* or under seal. In the event of a termination of this Settlement pursuant to the Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect, except the provisions of ¶¶ 86-87 which shall continue to apply.

81.     The Preliminary Approval Order, attached hereto as Exhibit A, shall provide that requests for exclusion shall be received no later than twenty-one (21) calendar days prior to the Settlement Hearing. Upon receiving any request for exclusion pursuant to the Notice, Lead Counsel shall promptly, and certainly no later than five (5) calendar days after receiving a request for exclusion or fifteen (15) calendar days prior to the Settlement Hearing, whichever is earlier, notify Defendants' Counsel of such request for exclusion and provide copies of such request for exclusion and any documentation accompanying it by email.

82.     In addition to all of the rights and remedies that Plaintiffs have under the terms of this Stipulation, Plaintiffs shall also have the right to terminate the Settlement in the event that the Settlement Amount has not been paid in the time period provided for in ¶ 45, by providing written notice of the election to terminate to all other Parties and, thereafter, there is a failure to pay the Settlement Amount within fourteen (14) calendar days of such written notice.

83.     If, before the Settlement becomes Final, any Defendant files for protection under the Bankruptcy Code or any similar law or a trustee, receiver, conservator, or other fiduciary is

appointed under Bankruptcy, or any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money or any portion thereof to the Settlement Fund by or on behalf of such Defendant to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Plaintiffs, the Parties shall jointly move the Court to vacate and set aside the release given and the Judgment or Alternative Judgment entered in favor of that Defendant and that Defendant and Plaintiffs and the members of the Settlement Class shall be restored to their litigation positions immediately prior to July 23, 2019. All releases and the Judgment or Alternative Judgment as to other Defendants shall remain unaffected.

84.    Allegiant warrants, as to itself and the payments made on its and its current and former officers' behalves, that, at the time of such payment, it will not be insolvent, nor will payment render it insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including Sections 101 and 547 thereof.

85.    If an option to terminate this Stipulation and Settlement arises under any of ¶¶ 79-83 above: (i) neither Defendants nor Plaintiffs (as the case may be) will be required for any reason or under any circumstance to exercise that option; and (ii) any exercise of that option shall be made in good faith, but in the sole and unfettered discretion of Defendants or Plaintiffs, as applicable.

86.    With the exception of the provisions of ¶¶ 86-87 which shall continue to apply, in the event the Settlement is terminated as set forth herein or cannot become effective for any reason, then the Settlement shall be without prejudice, and none of its terms shall be effective or enforceable except as specifically provided herein; the Parties shall be deemed to have reverted to their respective litigation positions in the Action immediately prior to September 10, 2019; and, except as specifically provided herein, the Parties shall proceed in all respects as if this Stipulation and any related order had not been entered. In such event, this Stipulation, and any aspect of the discussions or negotiations leading to this Stipulation shall not be admissible in this Action and shall not be used against or to the prejudice of Defendants or against or to the prejudice of Plaintiffs, in any court filing, deposition, at trial, or otherwise.

87.     In the event the Settlement is terminated or fails to become effective for any reason, any portion of the Settlement Amount previously paid, together with any earnings thereon, less any Taxes paid or due, less Notice and Administration Expenses actually incurred and paid or payable from the Settlement Amount, shall be returned to the Person(s) that made the deposit(s) within ten (10) business days after written notification of such event in accordance with instructions provided by Defendants' Counsel to Lead Counsel. At the request of Defendants' Counsel, the Escrow Agent or its designees shall apply for any tax refund owed on the amounts in the Escrow Account and pay the proceeds, after any deduction of any fees or expenses incurred in connection with such application(s), of such refund to the Person(s) that made the deposits or as otherwise directed.

## <u>NO ADMISSION</u>

88.     Except as set forth in ¶ 89 above, this Stipulation, whether or not consummated, and whether or not approved by the Court, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

a.     do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendants with respect to the truth of any allegation by Plaintiffs and the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Claims, or of any liability, damages, negligence, fault or wrongdoing of Defendants or any person or entity whatsoever;

b.     do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or against or to the prejudice of Plaintiffs, or any other member of the Settlement Class as evidence of any infirmity

STIPULATION AND AGREMENT OF SETTLEMENT
2:18-CV-01758- APG-BNW

1    in the claims of Plaintiffs, or the other members of the Settlement Class;

2        c.    do not constitute, and shall not be offered or received against or to the

3    prejudice of Defendants, Plaintiffs, any other member of the Settlement Class, or

4    their respective counsel, as evidence of a presumption, concession, or admission

5    with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing,

6    or in any way referred to for any other reason against or to the prejudice of any of

7    the Defendants, Plaintiffs, other members of the Settlement Class, or their respective

8    counsel, in any other civil, criminal, or administrative action or proceeding, other

9    than such proceedings as may be necessary to effectuate the provisions of this

10    Stipulation;

11        d.    do not constitute, and shall not be construed against Defendants, Plaintiffs,

12    or any other member of the Settlement Class, as an admission or concession that the

13    consideration to be given hereunder represents the amount that could be or would

14    have been recovered after trial; and

15        e.    do not constitute, and shall not be construed as or received in evidence as an

16    admission, concession, or presumption against Plaintiffs, or any other member of

17    the Settlement Class, that any of their claims are without merit or infirm or that

18    damages recoverable under the Complaint would not have exceeded the Settlement

19    Amount.

20    89.    Notwithstanding ¶ 88 above, the Parties, and their respective counsel, may file this

21    Stipulation and/or the Judgment or Alternative Judgment in any action that may be brought against

22    them to support a defense or counterclaim based on principles of res judicata, collateral estoppel,

23    release, statute of limitations, statute of repose, good-faith settlement, judgment bar or reduction,

24    or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to

25    effectuate any liability protection granted them under any applicable insurance policy. The Parties

26    may file this Stipulation and/or the Judgment or Alternative Judgment in any action that may be

27    brought to enforce the terms of this Stipulation and/or the Judgment or Alternative Judgment. All

28    Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the

STIPULATION AND AGREMENT OF SETTLMENT
2:18-CV-01758- APG-BNW

Settlement.

### **MISCELLANEOUS PROVISIONS**

90.     The exhibits to the Stipulation (except any plan of allocation to the extent incorporated in those exhibits) and the Supplemental Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

91.     The Parties intend the Settlement to be the full, final, and complete resolution of all claims asserted or that could have been asserted by the Parties with respect to the Released Claims and Released Defendants' Claims. Accordingly, the Parties agree not to assert in any forum that the Action was brought, prosecuted, or defended in bad faith or without a reasonable basis. The Parties and their respective counsel agree that each has complied fully with Rule 11 of the Federal Rules of Civil Procedure in connection with the maintenance, prosecution, defense, and settlement of the Action and shall not make any application for sanctions, pursuant to Rule 11 or other court rule or statute, with respect to any claim or defense in this Action. The Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties and their respective counsel and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

92.     This Stipulation, along with its exhibits and the Supplemental Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by counsel for the Parties hereto, or their successors, that are materially and adversely affected by the modification, amendment, or waiver.

93.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

94.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and any expenses, and implementing and enforcing the terms of this Stipulation.

95.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

96.     This Stipulation, its exhibits, and the Supplemental Agreement constitute the entire agreement among the Parties concerning the Settlement as against the Defendants, and no representation, warranty, or inducement has been made by any Party concerning this Stipulation and its exhibits other than those contained and memorialized in such documents.

97.     Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

98.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

99.     Pending final approval by the Court of the Stipulation and its attached exhibits, all proceedings in the Action shall remain stayed.

100.    All designations and agreements made, or orders entered during the course of the Action relating to the confidentiality of documents or information shall survive this Stipulation.

101.    This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Signatures sent by facsimile or via e-mail in pdf format shall be deemed originals.

102.    This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties.

103.    The construction, interpretation, operation, effect, and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the laws of the State of Nevada without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

104.    This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations among the Parties, and all Parties have contributed substantially and materially to the preparation of this Stipulation.

105.    All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement document, warrant and represent that they have the full authority

1   to do so, and that they have the authority to take appropriate action required or permitted to be taken

2   pursuant to the Stipulation to effectuate its terms.

3          106.    The Parties and their respective counsel agree to cooperate fully with one another in

4   promptly applying for preliminary approval by the Court of the Settlement and for the scheduling

5   of a hearing for consideration of Final approval of the Settlement and Plaintiffs' Counsel's Fee and

6   Expense Application, and to agree promptly upon and execute all such other documentation as

7   reasonably may be required to obtain Final approval by the Court of the Settlement.

8          107.    If disputes arise regarding the settlement terms negotiated by the Parties, the Parties

9   shall submit such disputes to JAMS ADR for resolution first by mediation, and if unsuccessful,

10  then by arbitration. Allegiant shall be able to speak on behalf of all Defendants (including the

11  Individual Defendants) insofar as determining that a dispute requiring resolution via JAMS ADR

12  has occurred, without prejudice to any Individual Defendant's right to appear and be heard

13  separately from Allegiant in any such dispute

14         108.    Except as otherwise provided herein, each Party shall bear its own costs.

15         **IN WITNESS WHEREOF,** the Parties have caused this Stipulation to be executed, by

16  their duly authorized attorneys, as of 27th day of December 2019.

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND AGREMENT OF SETTLMENT
2:18-CV-01758- APG-BNW

**THE ROSEN LAW FIRM, P.A.**

/s/ Jacob A. Goldberg
JACOB A. GOLDBERG, ESQ.
101 Greenwood Avenue, Suite 440
Jenkintown, PA  19012

and

LAURENCE M. ROSEN, ESQ.
PHILLIP KIM, ESQ.
275 Madison Avenue, 40th Floor
New York, NY 10016

*Lead Counsel for Plaintiffs*

**LEVERTY & ASSOCIATES LAW CHTD**
PATRICK R. LEVERTY, ESQ.
Nevada Bar No. 8840
832 Willow Street
Reno, Nevada 89502

*Local Counsel for Plaintiffs*

**GREENBERG TRAURIG, LLP**

/s/ Daniel J. Tyukody
MARK F. FERRARIO, ESQ.
(Nevada Bar No. 1625)
JACOB BUNDICK, ESQ.
(Nevada Bar No. 9772)
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135

DANIEL J. TYUKODY, ESQ.
1840 Century Park East, Suite 1900
Los Angeles, CA 90067

*Counsel for Defendants*

STIPULATION AND AGREMENT OF SETTLMENT
2:18-CV-01758- APG-BNW