# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| CHARLES BRENDON and DANIEL CHECKMAN, Individually And On Behalf Of All Others Similarly Situated, | Case No. 2:18-cv-01758-APG-BNW |
| Plaintiffs, | |
| v. | |
| ALLEGIANT TRAVEL COMPANY, MAURICE J. GALLAGHER, JR., SCOTT SHELDON, STEVEN E. HARFST, and JUDE I. BRICKER, | |
| Defendants. | |

**DECLARATION OF JOSEPHINE BRAVATA**
**CONCERNING: (A) MAILING OF THE POSTCARD NOTICE; (B) PUBLICATION OF THE SUMMARY NOTICE; AND (C) REPORT ON REQUESTS FOR EXCLUSION AND OBJECTIONS**

I, Josephine Bravata, declare as follows:

1.      I am the Quality Assurance Manager of Strategic Claims Services ("SCS"), a nationally recognized class action administration firm.  I have over eighteen years of experience specializing in the administration of class action cases.  SCS was established in April 1999 and has administered over four hundred twenty-five (425) class action cases since its inception.  I am over 21 years of age and am not a party to this action.  I have personal knowledge of the facts set forth herein.

**MAILING OF POSTCARD NOTICE**

2.      Pursuant to the Court's Order Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, dated January 14, 2020 (the "Preliminary Approval

Order"), SCS was appointed and approved as Claims Administrator in connection with the Settlement[1] in the above-captioned action.

3.     To provide actual notice to those persons and entities that purchased or acquired the publicly traded securities of Allegiant Travel Company ("Allegiant") between June 8, 2015 and May 9, 2018, both dates inclusive (the "Class Period"), pursuant to the Preliminary Approval Order, SCS printed and mailed the Postcard Notice to potential members of the Settlement Class. A true and correct copy of the Postcard Notice is attached as **Exhibit A**.

4.     As in most class actions of this nature, the large majority of potential Settlement Class Members are expected to be beneficial purchasers whose securities are held in "street name" — *i.e.,* the securities are purchased by brokerage firms, banks, institutions and other third-party nominees in the name of the nominee, on behalf of the beneficial purchasers.  The names and addresses of these beneficial purchasers are known only to the nominees.  SCS maintains a proprietary master list consisting of 714 banks and brokerage companies ("Nominee Account Holders"), as well as 598 mutual funds, insurance companies, pension funds, and money managers ("Institutional Groups").  On January 23, 2020, SCS caused a letter to be mailed or e-mailed to the 1,312 nominees contained in the SCS master mailing list.  The letter notified them of the Settlement and requested that they, within 10 calendar days from the date of the letter, either send a Postcard Notice to their customers who may be beneficial purchasers/owners or provide SCS with a list of the names, mailing addresses, and email addresses of such beneficial owners so that SCS could promptly mail the Postcard Notice directly to them.  A copy of the letter sent to these nominees is attached as **Exhibit B.**

---

[1] All capitalized terms not otherwise defined herein have the meanings set forth in the Stipulation and Agreement of Settlement, filed on December 31, 2019 (the "Stipulation").

5.      Following this mailing, SCS received additional names and addresses of potential Settlement Class Members from individuals or nominees requesting that a Postcard Notice be mailed by SCS, and SCS received requests from nominees for Postcard Notices so that the nominees could forward them to their customers.

6.      To date, SCS has mailed 44,881 Postcard Notices[2].   Additionally, SCS was notified by one of the nominees that they emailed 4,126 of their customers to notify them of this settlement and provide direct links to the Notice and Claim Form on the settlement website.

7.      SCS also sent the Depository Trust Company ("DTC") a Notice Packet for the DTC to publish on its Legal Notice System ("LENS") on January 23, 2020. LENS provides DTC participants the ability to search and download legal notices as well as receive e-mail alerts based on particular notices or particular CUSIPs once a legal notice is posted.

8.      Out of the 44,881 Postcard Notices mailed, 1,069 were returned as undeliverable. Of these, the United States Postal Service provided forwarding addresses for 107, and SCS immediately mailed another Postcard Notice to the updated addresses.   The remaining 962 Postcard Notices returned as undeliverable were "skip-traced" to obtain updated addresses and 329 were re-mailed to updated addresses.

## **PUBLICATION OF THE SUMMARY NOTICE**

9.      Pursuant to the Court's Preliminary Approval Order, the Summary Notice of Pendency and Proposed Class Action Settlement ("Summary Notice") was published

---

[2] Out of the 444,881 Postcard Notices mailed, we received 12 requests from the potential Settlement Class Members to mail them the Notice of Pendency and Proposed Settlement of Class Action ("Notice") and Proof of Claim and Release Form ("Claim Form") (collectively, the "Notice Packet") and we received 62 email addresses for potential Settlement Class Members to email the notice with direct links to the case webpage, www.strategicclaims.net/allegiant/.

electronically once on the *Globe Newswire* and in print once in the *Investor's Business Daily* on January 27, 2020, as shown in the confirmations of publication attached hereto as **Exhibit C.**

### TOLL-FREE PHONE LINE

10.     SCS maintains a toll-free telephone number (1-866-274-4004) for Settlement Class Members to call and obtain information about the Settlement and/or request a Notice Packet. SCS has promptly responded to each telephone inquiry and will continue to address Settlement Class Member inquiries.

### WEBSITE

11.     On January 22, 2020, SCS established a webpage on its website at www.strategicclaims.net.   The webpage is accessible 24 hours a day, 7 days a week.   The webpage contains the current status; the case deadlines; the online claim filing link; and important documents such as the Notice Packet, the Postcard Notice, the Preliminary Approval Order, and the Stipulation.  A copy of the Notice Packet is attached as **Exhibit D**.

### REPORT ON EXCLUSIONS AND OBJECTIONS

12.     The Postcard Notice, Notice, Summary Notice, and the settlement webpage informed potential Settlement Class Members that written requests for exclusion are to be mailed to SCS such that they are received no later than April 23, 2020.  SCS has been monitoring all mail delivered for this case.  As of the date of this Declaration, SCS has received one exclusion request.  A copy of the request for exclusion is attached as **Exhibit E**.

13.     According to the Notice, Settlement Class Members seeking to object to any part of the Settlement, and/or to Lead Counsel's motion for attorneys' fees and expenses and application for an Award to Plaintiffs must be submitted to Lead Counsel and Counsel for

Defendants, as well as filed with the Clerk of the Court, no later than April 23, 2020.  As of the date of this Declaration, SCS has not received any objections.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 15th day of April 2020, in Media, Pennsylvania.

Josephine Bravata

Josephine Bravata

# EXHIBIT A

Allegiant Travel Company Securities Litigation
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
Media, PA 19063

Case No. 2:18-cv-01758 (D.Nev.)

Case Pending in the United States District Court for the District of Nevada

**Court-Ordered Legal Notice**
**Forwarding Service Requested**

*Important Notice about a Securities Class Action Settlement*

*You may be entitled to a payment.*
*This Notice may affect your legal rights.*

*Please read it carefully.*

The United States District Court for the District of Nevada (the "Court") has preliminarily approved a proposed Settlement of claims against Allegiant Travel Company ("Allegiant"), Maurice J. Gallagher, Jr., Scott Sheldon, Steven E. Harfst, and Jude I. Bricker (collectively, the "Defendants"). The proposed Settlement would resolve a class action lawsuit alleging that, in violation of the federal securities laws, Defendants allegedly made misrepresentations and/or omissions of material fact in various public statements to the investing public concerning Allegiant's business operations. Defendants deny the allegations.

You received this notice because you may have purchased publicly traded Allegiant securities between June 8, 2015 and May 9, 2018, both dates inclusive, and you may be a Settlement Class Member. The Settlement provides that, in exchange for the dismissal and release of claims against Defendants, a fund consisting of $4,000,000, less attorneys' fees and expenses, will be divided among Settlement Class Members who timely submit valid Proof of Claim and Release Forms ("Proof of Claim"). For a full description of the Settlement and your rights and to make a claim, please view the Stipulation and Agreement of Settlement and obtain a copy of the Notice of Pendency and Proposed Settlement of Class Action ("Notice") and Proof of Claim by visiting the website: www.strategicclaims.net. You may also request copies of the Notice and Proof of Claim from the Claims Administrator through any of the following ways: (1) mail: Allegiant Travel Company, Securities Litigation, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St, Ste. 205, Media, PA 19063; (2) call toll free: (866) 274-4004; (3) fax: (610) 565-7985; or (4) email: info@strategicclaims.net.

To qualify for payment, you must submit a Proof of Claim, which can be found on the website www.strategicclaims.net. PROOFS OF CLAIM ARE DUE BY APRIL 23, 2020 TO ALLEGIANT TRAVEL COMPANY SECURITIES LITIGATION, C/O STRATEGIC CLAIMS SERVICES, P.O. BOX 230, 600 N. JACKSON ST, STE 205, MEDIA, PA 19063 or submitted electronically at www.strategicclaims.net. If you do not want to be legally bound by the Settlement, you must exclude yourself by April 23, 2020. If you exclude yourself, you cannot get money from this Settlement. If you stay in the Settlement, you may object to it by April 23, 2020. The Notice explains how to exclude yourself or to object.

The Court will hold a hearing in this case on May 14, 2020 at 9:30 a.m. at the United States District Court for the District of Nevada, 333 Las Vegas Boulevard South, Courtroom 6C, Las Vegas, Nevada 89101, to consider whether to approve the Settlement, the Plan of Allocation, and a request by Lead Counsel for up to one-third of the Settlement Amount for their attorneys' fees, plus up to $40,000 in expenses, and Awards to Plaintiffs of no more than $10,000 in total, for litigating the cases and negotiating the Settlement. You may, but do not have to, attend the hearing and ask to be heard by the Court. For more information, call toll-free 1-866-274-4004, or visit the website www.strategicclaims.net.

## REQUEST FOR NAMES, EMAILS AND ADDRESSES OF CLASS MEMBERS
STRATEGIC CLAIMS SERVICES
600 N. JACKSON STREET, SUITE 205
MEDIA, PA   19063
PHONE: (610) 565-9202          EMAIL: info@strategicclaims.net    FAX: (610) 565-7985

January 23, 2020

This letter is being sent to all entities whose names have been made available to us, or which we believe may know of potential class members.

**We request that you assist us in identifying any individuals who fit the following description:**

ALL PERSONS OR ENTITIES WHO PURCHASED OR ACQUIRED THE SECURITIES OF ALLEGIANT TRAVEL COMPANY ("ALLEGIANT" OR THE "COMPANY") DURING THE PERIOD BETWEEN JUNE 8, 2015 AND MAY 9, 2018, BOTH DATES INCLUSIVE.

Excluded from the Class are Defendants, Allegiant's officers and directors, their immediate family members, and entities in which such excluded person hold a controlling interest.

**The information below may assist you in finding the above requested information.**

| | |
|---|---|
| *Allegiant Travel Company Securities Litigation*<br>Case No. 2:18-cv-01758-APG-BNW<br>Claim Filing Deadline: April 23, 2020<br>Exclusion Deadline: April 23, 2020<br>Objection Deadline: April 23, 2020<br>Settlement Hearing: May 14, 2020 | Cusip Number: 01748X102 |

### PER COURT ORDER, PLEASE RESPOND WITHIN 10 CALENDAR DAYS FROM THE DATE OF THIS NOTICE

Please comply in one of the following ways:
1. If you have no beneficial purchasers/owners, please so advise us in writing; or
2. **Supply us with email addresses**, if email addresses are not available, provide us with names and last known addresses of your beneficial purchasers/owners and we will do the mailing of the Postcard Notice. Please provide us this information electronically. If you are not able to do this, labels will be accepted, but it is important that a hardcopy list also be submitted of your clients; or
3. Advise us of how many beneficial purchasers/owners you have, and we will supply you with ample postcards to do the mailing. After the receipt of the postcards you have ten (10) calendar days to mail them.

You can bill us for any reasonable expenses actually incurred and **not to exceed**;
- **$0.05 per email if you email the notice**; OR
- **$0.05 per name and address** if you are providing us the records; OR
- **$0.05 per name and address, including materials, plus postage at the current postcard rate,** if you are requesting postcards and performing the mailing.

**All invoices must be received within 30 days of this letter.**

You are on record as having been notified of this legal matter. A copy of the Notice of Pendency and Proposed Settlement of Class Action and Proof of Claim and Release Form and important documents are available on our website at www.strategicclaims.net. You can also request a copy via email at info@strategicclaims.net.

Thank you for your prompt response.

Sincerely,

Claims Administrator
*Allegiant Travel Company Securities Litigation*

EXHIBIT C

**Josephine Bravata**

| | |
|---|---|
| **From:** | donotreply@globenewswire.com |
| **Sent:** | Monday, January 27, 2020 8:00 AM |
| **To:** | jbravata@strategicclaims.net |
| **Cc:** | jbravata@strategicclaims.net; lrosen@rosenlegal.com |
| **Subject:** | GlobeNewswire Release Distribution Confirmation: The Rosen Law Firm PA |

**Flag Status:** Flagged



# Release Distribution Confirmation

**The Rosen Law Firm, P.A. Announces Proposed Class Action Settlement on Behalf of Purchasers of Allegiant Travel Company Securities -- ALGT**

*Cross time: 01/27/20 08:00 AM ET: Eastern Time - View release on GlobeNewswire.com*

This email message serves as a formal confirmation that your release was transmitted on GlobeNewswire's distribution network as requested, including any fax or email broadcasts.

If you have any questions, comments or concerns, please reply to this message, contact your account manager, or call our Customer Service Center at 800-307-6627, or 310-642-6930

This message was distributed by GlobeNewswire.

2321 Rosecrans Ave. Ste 2200, El Segundo, CA, 90245, USA. +1-800-307-6627. www.globenewswire.com

You received this email because you have an account with GlobeNewswire.

If you have any questions, please send an email to support@globenewswire.com or Contact Us

1

# INVESTOR'S BUSINESS DAILY

### Affidavit of Publication

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

| | |
|---|---|
| Name of Publication: | IBD Weekly |
| Address: | 12655 Beatrice Street |
| City, State, Zip: | Los Angeles, CA 90066 |
| Phone #: | 310.448.6700 |
| State of: | California |
| County of: | Los Angeles |

I,  **Debbe McClure**  for the publisher of  **IBD Weekly** , published in the city of  Los Angeles , state of

 California , county of  Los Angeles  hereby certify that the attached notice(s) for  **Allegiant Travel**

**Company**  was printed in said publication on the following date(s):

### JANUARY 27, 2020

State of California

County of  Los Angeles

Subscribed and sworn to (or affirmed) before me on this  27th  day of  January ,  2020 , by

_____ , proved to me on the basis of satisfactory evidence to be the person(s) who

appeared before me.

Signature _____ (Seal)

RICHARD CHARLES BRAND II
Notary Public - California
Los Angeles County
Commission # 2276190
My Comm. Expires Feb 25, 2023

## SMALL-CAP GROWTH FUNDS VS. BIG-CAP GROWTH FUNDS

| Funds in Small-Cap Index: | Largest positions of funds in Small-Cap Index: | | | |
|---|---|---|---|---|
| Federated Kaufmann R | Generac | Verisk | Galapagos | Sailpoint- |
| Fidelity Advisor Small Cap M | Synnex | Global | Shopify | StaarSurg |
| Franklin Small-mid Cap | Chemed | SBAComm | Horizon- | BldrsFirst |
| Lkcm Small Cap Equity Instl | Essent Grp | ServiceNow | Trex | Nexstar- |
| Nuveen Small Cap Growth | CostarGrp | Veeva Sys A | Amedisys | Omnicell |

250
240
230
When the line is heading up, Small-Cap Growth Funds are outperforming Big-Cap.
APR
JUL
OCT
JAN20

## GROWTH FUNDS VS. VALUE FUNDS

| Funds in Growth Index: | Largest positions of funds in Growth Index: | | | |
|---|---|---|---|---|
| Federated Kaufmann R | ServiceNow | Microsoft | Global | Omnicell |
| Franklin Small-mid Cap | Veeva Sys A | Amazon | SBAComm | Horizon- |
| Lkcm Small Cap Equity Instl | Galapagos | Facebook | StaarSurg | Trex |
| Vanguard Growth Index | Shopify | CostarGrp | BldrsFirst | Amedisys |
| Victory Rs Large Cap Alpha A | Apple | Verisk | Nexstar- | Sailpoint- |

240
230
220
When the line is heading up, Growth Funds are outperforming Value Funds.
APR
JUL
OCT
JAN20

## Top Industry & Sector Funds

Best % change in last 4, 8 & 12 weeks on a total return basis. ★ indicates fund is on 3 different weeks' lists.

| Mutual Fund | | % Change | $ Net Assets |
|---|---|---|---|
| **Best % Change Last 4 Weeks:** | | | |
| Fidelity Sel Computers | ★ | + 8 | 564 mil |
| BlackRock A TechOppInv | ★ | + 7 | 2.4 bil |
| Berkshire Focus | | + 7 | 343 mil |
| PriceFds GlobTech | | + 6 | 5.1 bil |
| Vanguard Index InfoTecAdm | ★ | + 6 | 28.5 bil |
| MFS Funds A Technology | | + 6 | 1.3 bil |
| **Best % Change Last 8 Weeks:** | | | |
| Fidelity Sel Computers | ★ | + 14 | 564 mil |
| BlackRock A TechOppInv | ★ | + 12 | 2.4 bil |
| Berkshire Focus | | + 12 | 343 mil |
| Columbia A SelCom&Inf | ★ | + 12 | 7.2 bil |
| Columbia A SelGlbTch | ★ | + 12 | 1.4 bil |
| Gabelli AAA GoldAAA | | + 11 | 298 mil |
| **Best % Change Last 12 Weeks:** | | | |
| Fidelity Sel Computers | ★ | + 19 | 564 mil |
| BlackRock A TechOppInv | ★ | + 19 | 2.4 bil |
| Columbia A SelCom&Inf | ★ | + 18 | 7.2 bil |
| USAA Sci&Tech | | + 18 | 1.5 bil |
| Columbia A SelGlbTch | ★ | + 18 | 1.4 bil |
| Vanguard Index InfoTecAdm | ★ | + 17 | 28.5 bil |

## Top Industry & Sector Funds

Best % change in last 16 & 39 weeks on a total return basis. ★ indicates fund is on 3 different weeks' lists.

| Mutual Fund | | % Change | $ Net Assets |
|---|---|---|---|
| **Best % Change Last 16 Weeks:** | | | |
| Franklin Temp BiotchDscA | | + 27 | 1.2 bil |
| Fidelity Sel Computers | ★ | + 26 | 564 mil |
| Fidelity Sel BioTech | | + 26 | 7.3 bil |
| Columbia A SelCom&Inf | ★ | + 25 | 7.2 bil |
| Columbia A SelGlbTch | ★ | + 25 | 1.4 bil |
| Hartford A Healthcare | | + 25 | 1.4 bil |
| Hartford HLS IA Healthcare | | + 25 | 233 mil |
| USAA Sci&Tech | | + 24 | 1.5 bil |
| Vanguard Index InfoTecAdm | ★ | + 24 | 28.5 bil |
| Ivy Sci&TechA | | + 23 | 8.2 bil |
| BlackRock A TechOppInv | ★ | + 23 | 2.4 bil |
| PriceFds HealthSci | | + 23 | 14.1 bil |
| **Best % Change Last 39 Weeks:** | | | |
| Gabelli AAA GoldAAA | | + 42 | 298 mil |
| Fidelity Sel Computers | ★ | + 26 | 564 mil |
| Putnam A GlbHlthCre | | + 26 | 1.4 bil |
| Columbia A SelCom&Inf | ★ | + 24 | 7.2 bil |
| Columbia A SelGlbTch | ★ | + 24 | 1.4 bil |
| Hartford HLS IA Healthcare | | + 24 | 233 mil |
| BlackRock A OppsInvA | | + 24 | 8 bil |
| Vanguard Index InfoTecAdm | ★ | + 24 | 28.5 bil |
| Hartford A Healthcare | | + 24 | 1.4 bil |
| Fidelity Sel Wireless | | + 23 | 368 mil |
| Vanguard HlthCareInv | | + 23 | 48.1 bil |
| Ivy Sci&TechA | | + 23 | 8.2 bil |

## U.S. Stock Fund Cash Position High (11/00) 6.2% Low (3/18) 2.5%

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Jun 18 | 2.7% | Dec 18 | 2.5% | Jun 19 | 2.5% |
| Jul 18 | 2.8% | Jan 19 | 2.6% | Jul 19 | 2.5% |
| Aug 18 | 2.6% | Feb 19 | 2.6% | Aug 19 | 2.6% |
| Sep 18 | 2.5% | Mar 19 | 2.6% | Sep 19 | 2.5% |
| Oct 18 | 2.6% | Apr 19 | 2.6% | Oct 19 | 2.5% |
| Nov 18 | 2.8% | May 19 | 2.7% | Nov 19 | 2.4% |

36 Mos Performance Rating | Fund | YTD % Chg | 12 Wk % Chg | 5 Yr After Tax Rtn | Net Asset Value | NAV Chg

D CapitalIncm +1 +4 +18 63.88n –.06
B– CapitalWrld +1 +8 +34 52.51n –.14
B– CapitalWrld +1 +8 +34 52.35n –.15
B CapitalWrld +2 +8 +38 53.02n –.15
B CapitalWrld +2 +8 +39 53.08n –.16
D CaptIIncome +1 +4 +20 63.83n –.07
B CapWldG&I +2 +8 +37 53.08 –.15
B– CapWrld +2 +8 +36 52.68n –.15
A Economy529A +4 +11 +64 46.79 +.11
A Economy529C +4 +11 +57 42.15n +.10
A Economy529F +4 +11 +65 46.69n +.11
A EconomyC +4 +11 +58 41.59n +.09
A EconomyF1 +4 +11 +64 47.55n +.11
B EuroPacGr +1 +7 +36 55.97 –.50
B– EuropacGrth +1 +7 +32 53.58n –.48
B– EuropacGrth +1 +7 +32 54.06n –.49
B EuropacGrth +1 +7 +34 54.73n –.48
B EuropacGrth +1 +7 +36 54.75n –.49
B EuropacGrth +1 +7 +37 55.82n –.50
B EuropacGrth +1 +7 +37 55.77n –.50
B Europacific +1 +7 +37 55.87n –.50
A F1Growth +4 +12 +68 52.73n +.11
D+ F2Income +1 +5 +30 23.52n +.02
B FndmntalInv +2 +10 +55 63.08n +.05
B FndmntalInv +2 +10 +56 63.04n +.05
B+ FndmntalInv +2 +10 +57 63.29n +.05
B+ FndmntalInv +2 +10 +59 63.34n +.05
B+ FndmntalInv +2 +10 +60 63.56n +.05
B+ FndmntalInv +2 +10 +60 63.48n +.05
B+ FndmntlInvs +2 +10 +60 63.52n +.05
A GrfdAmer +4 +12 +70 53.13 +.11
A Growth529A +4 +12 +68 52.47 +.11
A Growth529A +1 +7 +35 55.26 –.49
B– Growth529C +1 +7 +32 53.95n –.48
B Growth529E +1 +7 +34 54.73n –.49
B Growth529F1 +1 +7 +36 55.19n –.49
B– GrowthC 0 +7 +32 54.55n –.49
A– GrowthC +4 +12 +63 48.42n +.10
B GrowthF1 +1 +7 +36 55.71n –.50
A GrowthFunds +4 +12 +70 52.96n +.11
A– GrowthPortA +2 +9 +49 17.89 –.06
A– GrowthPortA +2 +9 +49 17.92 –.06
A– GrowthR1 +4 +12 +63 49.29n +.10
A– GrowthR2 +4 +12 +63 49.17n +.10
A GrowthR3 +4 +12 +66 52.02n +.10
A GrowthR4 +4 +12 +68 52.58n +.10
A GrowthR5 +4 +12 +70 53.07n +.11

A GrowthR6 +4 +12 +70 53.14n +.11
D– Income529A +1 +5 +29 23.48 +.01
B– IncomeBldr +1 +4 +19 63.87n –.06
D– IncomeBldr +1 +4 +17 63.99n –.06
B IncomeC +1 +5 +26 23.20n +.01
D+ IncomeF1 +1 +5 +29 23.47n +.01
B IncomeR3 +1 +5 +28 23.43n +.01
D IncomeR4 +1 +5 +29 23.49n +.01
D IncomeR6 +1 +5 +31 23.55n +.01
B– InvCoAm +2 +10 +45 40.39n –.01
B– InvmtCo +2 +10 +42 40.01n –.02
C+ InvmtCoR3 +2 +10 +43 40.22n –.02
B– InvmtCoR4 +2 +10 +44 40.27n –.02
B InvmtCoR5 +2 +10 +37 40.40n –.02
B– InvmtCoR6 +2 +10 +46 40.40n –.01
B+ InvsS29A +2 +10 +58 63.38 +.05
B InvsS29C +2 +10 +55 63.34n +.05
B+ InvsS29E +2 +10 +57 63.31n +.05
B+ InvsS29F1 +2 +10 +59 63.32n +.05
B InvsC +2 +10 +56 63.09n +.05
B+ InvsF1 +2 +10 +58 63.45n +.05
B– MutualS29A +2 +6 +44 44.08 +.05
B– MutualS29A +2 +8 +52 48.95 +.08
C+ MutualS29C +2 +6 +41 43.83n +.04
B MutualS29E +2 +6 +43 43.88n +.05
B MutualS29F1 +2 +8 +51 48.63n +.08
B MutualS29F1 +2 +6 +45 44.15n +.04
B MutualS29F1 +2 +8 +53 48.81n +.08
C+ MutualC +1 +6 +41 43.48n +.04
B MutualF1 +2 +6 +44 43.98n +.05
B+ MutualF1 +2 +8 +52 48.87n +.08
B MutualF2 +2 +6 +45 44.18n +.05
B MutualR1 +1 +6 +41 43.66n +.04
B MutualR2 +1 +6 +41 43.60n +.04
B MutualR3 +2 +6 +43 43.80n +.04
B MutualR4 +2 +6 +44 44.03n +.05
B MutualR5 +2 +6 +45 44.20n +.05
B MutualR6 +2 +6 +45 44.21n +.04
A NewEcon +4 +11 +64 47.36 +.11
A NewEconmyR1 +4 +11 +58 43.10n +.09
A NewEconmyR2 +4 +11 +58 43.41n +.09
A NewEconmyR3 +4 +11 +62 46.14n +.10
A NewEconmyR4 +4 +11 +64 46.86n +.10
A NewEconmyR5 +4 +11 +66 47.64n +.11
A NewEconmyR6 +4 +11 +66 47.43n +.11
A NewEconomy +4 +11 +65 47.25n +.10
A NewPerS26E +3 +10 +60 47.52n –.13

A– NewPerC +3 +10 +57 46.56n –.13
A– NewPerF1 +3 +10 +62 48.32n –.14
A– NewPerF2 +3 +10 +63 48.45n –.14
A NewPerR6 +3 +10 +64 48.65n –.14
A NewPers +3 +10 +62 48.65 –.14
A NewpersprS5 +3 +10 +64 48.58n –.14
A– NewPrspR1 +3 +10 +57 46.18n –.13
A– NewPrspR2 +3 +10 +57 46.62n –.14
A– NewPrspR3 +3 +10 +60 47.41n –.14
A– NewWldF2 +1 +7 +43 71.33n –.43
A– NewWldR5 +1 +7 +43 71.72n –.43
A– NewWorldA +1 +7 +41 71.56 –.43
B+ NewWorldF1 +1 +7 +42 71.07n –.43
A– NewWorldR6 +1 +7 +44 71.50n –.43
A– Perspective +3 +10 +62 48.01 –.14
A– Perspective +3 +10 +57 46.47n –.14
A– Perspective +3 +10 +63 47.85n –.14
A– RetireR4 +2 +8 +64 16.48n –.01
A– SmCpWld529A +2 +11 +57 59.30 –.28
B+ SmCpWld529C +2 +10 +50 52.19n –.24
B+ SmCpWld529E +2 +11 +55 57.20n –.26
B+ SmCpWld529F +2 +11 +58 60.36n –.28
A– SmCpWrld +2 +11 +57 60.14 –.28
B+ SmlCapWld +2 +10 +60 61.72n –.28
B+ SmlCapWldC +2 +10 +51 51.14n –.24
A– SmlCapWldF1 +2 +11 +57 59.31n –.27
A– SmlCapWldF2 +2 +11 +59 61.35n –.28
B– SmlCapWldR1 +2 +10 +51 53.02n –.24
B+ SmlCapWldR2 +2 +10 +51 53.07n –.25
B+ SmlCapWldR3 +2 +11 +55 57.02n –.27
A– SmlCapWldR4 +2 +11 +57 59.62n –.28
A– SmlCapWldR5 +2 +11 +60 62.38n –.29
D– TheInFdAm +1 +5 +29 23.54 +.02
B Trgt2045R1 +2 +8 +45 16.51n –.02
B+ Washington +2 +8 +54 49.03n +.08
B WashingtonC +2 +8 +50 48.34n +.08
B+ WashMutlA +2 +8 +55 49.07 +.07
B WasngtnMutI +2 +8 +50 48.47n +.08
B WasngtnMutI +2 +8 +50 48.26n +.08
B WasngtnMutI +2 +8 +51 48.60n +.08
B+ WasngtnMutI +2 +8 +52 48.78n +.08
B+ WasngtnMutI +2 +8 +54 49.06n +.08
B+ WasngtnMutI +2 +8 +54 49.11n +.08
B– World529E +2 +8 +36 52.80n –.15
B World529F +2 +8 +38 52.92n –.15
C+ WorldGr +2 +8 +33 52.45n –.16
B– WorldInc +2 +8 +37 52.88 –.15
B– WorldInc +1 +8 +34 52.68n –.15

Amerindo Funds
$ 85.4 bil 888–832–4386
B CpWrldG&IR5 +2 +8 +38 53.09n –.16

AMG Funds
$ 52.1 bil 800–548–4539
A– Brandywinel +3 +9 +62 53.74n –.15
A MidCapGrZ +5 +11 +60 19.33n +.02
A Mont&CldGrI +5 +11 +49 17.63n +.02
A MontCldGrIn +5 +10 +47 19.57n –.02

A TSMidGrPr +5 +11 +58 18.58n +.01

AmSouth A
$ 107 bil 800–451–8382
D+ IncomeR5 +1 +5 +30 23.54n +.01

ApexCapital
$ 252 mil 888–575–4800
A– GrowthInstl +2 +11 +43 16.97n –.02

AQR Funds
$ 78.0 bil 866–290–2688
A Deffensive +3 +8 +74 24.52n +.04
A– LargeCap +4 +9 +61 25.81n +.07
A– Momentum +4 +9 +54 22.51n +.03
A– MomentumI +4 +9 +54 22.59n +.03
A– MomentumL +4 +9 +53 22.63n +.04

Artisan Funds
$ 74.2 bil 800–344–1770
A GrowthOppo +3 +11 +80 28.91n –.09
A– IntlInst +1 +6 +28 33.91n –.23
A– IntlInv +1 +6 +27 33.74n –.24
A– IntlSmlCap +2 +10 +32 15.62n –.11
A MidCapInst +5 +12 +49 42.02n –.01
A+ SmallCapInv +5 +13 +79 35.39n –.10

Ave Maria Funds
$ 2.0 bil 866–283–6274
A+ Growth +4 +11 +78 39.54n +.06

### –B–

Baird Funds
$ 93.5 bil 866–442–2473
A MidCapInv +4 +10 +66 22.40n +.06

Baron Instl
$ 12.6 bil 800–992–2766
A+ Asset +5 +11 +79 94.54n –.04
A+ BaronGrt +6 +13 +100 36.36n –.06
A+ Opportunity +6 +17 +94 25.37n –.04
A+ Partners +11 +24 +91 78.33n –.50
A SmallCap +4 +11 +53 32.14n +.02

Baron Funds
$ 6.1 bil 800–992–2766

36 Mos Performance Rating | Fund | YTD % Chg | 12 Wk % Chg | 5 Yr After Tax Rtn | Net Asset Value | NAV Chg

A+ Asset +5 +11 +76 90.67n –.03
A+ Discovery +3 +9 +76 21.92n +.06
A+ Opportunity +6 +17 +91 24.26n –.04

Berkshire Funds
$ 343 mil 877–526–0707
A+ Focus +9 +17 +123 29.91n +.16

BlackRock
$ 5.9 bil 212–810–5596
A OppsSvc +2 +11 +67 66.36n –.41

BlackRock A
$ 160 bil 212–810–5596
A+ CapApplnvA +6 +14 +76 29.20 +.02
A+ EmgMkts +3 +10 +37 25.66n –.24
A+ EqInvA +7 +12 +101 27.76 –.01
D GlobAlloc +2 +5 +18 19.54 +.01
A LarCapGrInv +5 +12 +69 17.44 +.02
A+ OppsInvA +2 +11 +67 66.11 –.40
A+ Sciences +2 +12 .. 69.76n –.42
A+ TechOppInv +8 +19 +159 36.53 +.11

BlackRock BlRk
$ 9.4 bil 212–810–5596
A+ CapAppK +6 +14 +80 32.40n +.03

BlackRock C
$ 149 bil 212–810–5596
A– AdvLarCap +5 +12 +63 14.79n +.02
A+ CapApplnvC +6 +14 +69 19.66n +.01
A+ EmgMkts +2 +10 +33 21.64n –.20
A+ EqInvC +7 +12 +93 21.45n –.01
A– EquityInvC +2 +6 +35 13.96n –.06
D– GlobAlloc +2 +5 +16 17.41n +.00
A HealthInvB +2 +11 +61 57.13n –.35

BlackRock Instl
$ 149 bil 212–810–5596
A AdvLarCapGr +5 +13 +69 18.30n +.02
A+ CapAppInst +6 +14 +79 32.16n +.03
A EmgMkts +3 +10 +39 26.59n –.25
A+ EqInstl +7 +12 +104 32.18n –.01
D GlobAlloc +2 +6 +21 19.67n +.01
A LngHrznEqty +2 +7 +43 14.97n –.02
A+ SciOpInst +2 +12 +69 69.68n –.43
A+ Technology +8 +19 +163 39.52n +.13

BlackRock K
$ 34.4 bil 212–810–5596
A– S&P500Ind +3 +10 +67 394.30n +.48

BlackRock R
$ 100 bil 212–810–5596
A+ CapAppR +6 +14 +71 22.99n +.01
A+ EquityR +7 +12 +98 27.25n –.01
D GlobAlloc +2 +5 +18 18.52n +.01
A OppsR +2 +11 +64 64.55n –.40

BlackRock Svc
$ 34.8 bil 212–810–5596
A+ MidCapEqSvc +7 +12 +101 29.05n –.01

Blackrock Funds
$ 143 bil 212–810–5596
A+ Opportunity +8 +19 +149 30.58n +.10
E StratIncOpp p +1 +1 +4 10.02n +.00
E StratIncOpp p +1 +1 +7 10.03n +.00
E StrtIncOppA p +1 +1 +6 10.03 +.00

BNY Mellon
$ 47.1 bil 212–495–1784
A EquityOppM +3 +11 +66 16.49n –.05
A EquityY +2 +9 +61 21.62n –.01
A+ GlobStockI +2 +8 +59 23.51n –.12
A+ InstSfkIdxI +3 +10 +64 61.76n +.07
A+ IntlStkFndI +1 +6 +52 21.45n –.19
A ResearchGrw +5 +13 +63 16.06n +.02
A ResGrwZ +5 +13 +63 16.40n +.02
A– S&P500Idx +3 +10 +54 51.83n +.06
A– SmallCap +3 +10 +45 26.41n –.03
A+ SmMdCpGrI +6 +18 +80 26.49n +.03
A– StockY +1 +6 +52 21.20n –.18
A+ TxSnstvLgCp +3 +10 +58 16.65n +.00
A WrldwdGrwA +3 +11 +51 55.84 –.19

Boston & Walden
$ 1.7 bil 617–726–7250
A– Equity +3 +10 +67 27.19n +.04

BridBuild
$ 72.6 bil 855–823–3611
A LargeGrowth +5 +12 .. 16.58n +.02
A– MidCapGrwth +4 +10 .. 14.89n +.01

Bridgeway Funds
$ 2.9 bil 800–531–4066
A– BluChp35Idx +2 +8 +65 15.28n –.03

Brown Advisory

36 Mos Performance Rating | Fund | YTD % Chg | 12 Wk % Chg | 5 Yr After Tax Rtn | Net Asset Value | NAV Chg

$ 9.2 bil 410–537–5400
A EquityInv +3 +11 +69 25.67n –.01
A+ FlexEqtInst +3 +11 +70 25.70n –.02
A+ GrowEqtInst +5 +13 +90 27.64n +.00
A+ GrowthI +5 +12 +112 29.64n –.02

Brown Captl Mgmt
$ 5.1 bil 877–892–4226
A SmallCo +6 +12 +85 104.88n +.39

Buffalo Funds
$ 2.1 bil 800–492–8332
A– Intl +1 +7 +53 17.09n –.06
A SmallCap +5 +14 +41 14.28n +.00

### –C–

Calamos Funds
$ 34.8 bil 630–245–7200
A– GrowthC +4 +11 +30 17.02n +.05
A GrowthI +4 +11 +46 45.76n +.13

Calvert Group
$ 4.3 bil 800–368–2745
A+ EquityC +4 +10 +65 30.85n –.02

CGM Funds
$ 1.5 bil 800–345–4048
E Focus –7 –9 –15 32.14n +.30
E Mutual +1 +1 +2 27.17n +.11

Champlain
$ 2.0 bil 866–773–3238
A+ MidCap b +3 +9 +78 20.76n –.02

CLEARBRIDGE INVESTMENTS
$ 20.0 bil 800–691–6960
A– AppreciatnA +2 +9 +60 26.87 –.05
A CapGrowthA +5 +12 +57 36.17 –.02
A IntlGrwC +1 +7 +48 47.41n –.22

Columbia A
$ 143 bil 800–345–6611
A– AcornA +4 +11 +32 12.13 –.02
A– AcornUSA +2 +12 +37 11.92 +.02
A+ ActiveM +4 +12 +65 15.87n +.03
A– Emerging +3 +11 +42 14.39 –.06
B LargeGrA +5 +13 +73 45.74 +.02
A LargeGrow +5 +12 +63 9.63 +.02
A– Lg Cp Idx +3 +10 +61 52.98n +.07
A– LrgCapCore +4 +11 +60 15.81 +.02
A MidCapGrow +5 +12 +51 24.59 –.04
A+ SelCom&Inf +7 +18 +120 85.29 +.53
A+ SelGlbTch +6 +18 +125 47.48 +.32
A+ SelLgGr +5 +13 +51 12.76 –.09
A+ SmallGrl +4 +13 +72 19.77 –.02
A+ Technology +6 +16 +144 42.05 +.13

Columbia C
$ 119 bil 800–345–6611
A+ LargeGrow +4 +13 +44 10.32n –.07
A LrgCapGrow +5 +13 +65 36.44n +.02
A– MidCapGr +5 +12 +43 18.85n –.02
A+ SelgCom&Inf +7 +18 +108 52.11n +.33
A+ SelGlbTch +6 +18 +115 34.33n +.23
A+ Technology +6 +16 +135 37.40n +.12

Columbia I,T&G
$ 25.1 bil 800–345–6611
A LargeGrT +5 +13 +73 45.26 +.01
A MidCapGrT +5 +12 +50 24.46 –.04
A+ SmallGrl +4 +13 +75 21.36n –.02

Columbia R
$ 149 bil 800–345–6611
A– CoreR5 +3 +10 +55 12.36n +.03
A– Largecap +3 +10 +63 54.19n +.07
A+ LargeGrow +4 +14 +55 14.30n –.10
A MidCapGr +5 +12 +54 27.28n –.04
A+ SelCom&Inf +7 +18 +118 80.05n +.49

Columbia Y
$ 40.3 bil 800–345–6611
A+ LrgCapGr +4 +14 +55 14.55n –.10
A– LrgEnCore +3 +10 +54 26.14n +.04

Columbia Z
$ 67.3 bil 800–345–6611
A– AcornUSA +2 +12 +43 15.46n +.02
A– DisCore +3 +10 +55 12.41n +.03
A– EmergMkts +3 +11 +44 14.55n –.06

Columbia Funds
$ 39.5 bil 800–345–6611
A– AcornInst +4 +11 +37 15.23n –.02
A+ SelCom&Inf +7 +18 +125 95.45n +.60
A+ SelGlob +6 +18 +128 48.55n +.33
A+ SelgCom +7 +18 +124 94.94n +.60

Conestoga Cap Adv
$ 4.4 bil 484–654–1380
A SmallCapInv +4 +11 +96 61.96n –.16
A SmlCap +4 +12 +100 62.72n –.17

CONGRESS
$ 1.3 bil 800–234–4516
A CapGrowth +5 +12 +75 33.84n –.01

### –D–E–

Davenport Funds
$ 1.6 bil 800–846–6666
A– EquityOpp +4 +7 +53 22.21n +.04

DealwareInv
$ 20.9 bil 877–693–3546
A+ Healthcarel –1 +12 +76 26.49n –.09

Delaware A

36 Mos Performance Rating | Fund | YTD % Chg | 12 Wk % Chg | 5 Yr After Tax Rtn | Net Asset Value | NAV Chg

$ 59.7 bil 877–693–3546
A GrwEquity +4 +13 +54 12.55 +.01
A+ HealthCare –1 +12 +74 26.31 –.09
A+ SelectGrow +3 +9 +32 34.07 +.02
A+ SMIDCapGrow +7 +14 +70 26.65 –.02
A USGrowth +5 +9 +41 21.63 +.08

Delaware C
$ 39.9 bil 877–693–3546
A– GrowthC +5 +9 +34 17.16n +.07
A HealthcareC –1 +12 +69 24.81n –.08
A LrgCpGrow +5 +12 +64 15.48n –.01
A+ SMIDCapGrow +7 +13 +53 10.71n –.01

Delaware Instl
$ 39.4 bil 877–693–3546
A+ LargeCap +5 +12 +72 19.16 +.00
A– SelectGrow +3 +9 +35 38.57n +.02
A+ SmidCapGrwt +7 +14 +75 37.81n –.04
A– SmlCpGrow +4 +13 +40 14.89n –.01
A USGrowth +5 +9 +44 24.52n +.10

DEUTSCHE Asst & Wealth
$ 3.6 bil 800–621–7705
A– Eq500Idx +3 +10 +52 200.51n +.24
A– EquDivA 0 +6 +57 59.39 +.17
A– LgCpFocGrw +6 +12 +78 57.38n +.24

Dimensional Funds
$ 360 bil 512–306–7400
A– SustUSCor1 +3 +10 +64 25.66n +.01
A– USLCpGr +3 +10 +75 23.96n +.03
A– USLgCo +3 +10 +67 25.53n +.03

Dodge&Cox
$ 227 bil 800–621–3979
E Income +1 +1 +14 14.17n +.01
D IntlStock –1 +6 +15 43.31n –.15
B– Stock +1 +9 +48 196.62n –.59

Doubleline Funds
$ 156 bil 213–633–8200
A– Enhance +3 +8 +88 16.73n +.06
A– Enhance +3 +8 +76 16.71n +.05
E TotRtrnBndI +1 +1 +10 10.74n +.02
E TotRtrnBndN +1 0 +9 10.73n +.01

Dreyfus
$ 42.0 bil 800–346–8893
A– Apprciatn +4 +12 +44 34.98n –.11
A– FundIncorpt +3 +10 +53 12.83n +.02
A GlobalA +2 +8 +58 23.16 –.12
A– LgCapEql +3 +10 +65 22.62n –.04
A Research +5 +13 +62 16.01 +.02
A– WldWdGrwthC +3 +11 +46 47.66n –.16
A WrldwdGrwth +3 +11 +53 56.20n –.19

DREYFUS A
$ 15.8 bil 800–346–8893
A+ MidCapA +6 +18 +78 25.44 +.03

DREYFUS C
$ 5.8 bil 800–346–8893
A GrowthC +5 +13 +55 14.16n +.02

DREYFUS I
$ 12.1 bil 800–346–8893
E EquityI +2 +9 +61 21.63n –.02

Driehaus Funds
$ 3.6 bil 312–587–3800
A– EmergMktsGr +1 +8 +40 39.92n –.46
A+ Growth +4 +15 +90 13.42n +.02
A– IntlSmlGrt +1 +8 +52 10.58n –.08

DWS Funds A
$ 14.0 bil 800–728–3337
A LgCpFocGrw +6 +12 +76 54.63 +.22

DWS Funds C
$ 4.5 bil 800–728–3337
A+ Technology +7 +15 +87 15.56n +.04

DWS Funds Instl
$ 856 mil 800–728–3337
A– Eq500Idx +3 +10 +52 204.18n +.24

DWS Funds S
$ 15.5 bil 800–728–3337
A CapGrowth +6 +13 +77 89.64n +.17
A+ HlthCare +2 +10 +35 39.76n –.22

Eagle Funds
$ 34.1 bil 800–237–3101
A CapApprC +5 +12 +61 32.96n +.05
A MidCapGrowC +4 +11 +68 53.49n +.04

Eaton Vance A
$ 41.6 bil 800–225–6265
A– WWHlthSci +3 +11 +35 12.69 –.07

Eaton Vance C
$ 30.2 bil 800–225–6265
A– WWHlthSci +2 +11 +31 12.87n –.07

Eaton Vance Instl
$ 40.1 bil 800–225–6265
A AtlSmidCap +2 +7 +86 38.23n –.02

EdgeWood
$ 18.1 bil 800–791–4226
A+ GrwthInstl +5 +12 +110 40.47n +.07

### –F–

FAM Funds
$ 1.9 bil 800–721–5391
A– FdInvestor +2 +7 +73 38.88n +.14

Federated A
$ 78.3 bil 800–245–5051
A+ Kaufmann +4 +10 +69 6.23 –.02
A+ KaufSmlCap +5 +14 +108 45.66 –.09

36 Mos Performance Rating | Fund | YTD % Chg | 12 Wk % Chg | 5 Yr After Tax Rtn | Net Asset Value | NAV Chg

Federated B
$ 25.0 bil 800–245–5051
A+ Kaufmann +4 +11 +69 4.82n –.01
A+ KaufSmlCap +5 +14 +104 38.67n –.07

Federated C
$ 39.6 bil 800–245–5051
A+ KaufmnC +4 +11 +69 4.80n –.02
A+ KaufSmlCapC +5 +14 +104 38.69n –.07
A– MDTMdGrStr +4 +8 +35 25.98n +.07

Federated Funds
$ 46.9 bil 800–245–5051
A+ KaufmanR +4 +11 +76 6.25n –.01
A+ KaufSmlCapR +5 +14 +112 45.89n –.08
A– MaxCpIdxSvc +3 +10 +44 9.62n +.01

Federated Instl
$ 36.5 bil 800–245–5051
A+ KaufSmlCap +5 +14 .. 46.45n –.09
A– MaxCapIdx +3 +10 +46 9.80n +.01
A– MDTMdGrStr +4 +9 +47 42.86n +.11

Fidelity
$ 67.6 bil 800–343–3548
A+ GrowthComp +6 +18 +100 18.90n +.01
A+ IntlGro +3 +9 +49 17.97n –.08
A– SmCapInter 0 +8 +50 17.32n –.10

Fidelity Adv A
$ 145 bil 800–343–3548
A+ BiotechM –1 +13 +24 25.73 –.30
A+ Biotech –1 +13 +26 27.42 –.33
A+ ConsmrDiscr +2 +7 +63 30.98 +.00
A+ EquityGr +5 +14 +82 13.05 +.00
A InsightsZ +4 +10 +65 34.19n +.02
A– IntlGrowthA +3 +9 +51 16.23 –.08
A+ StkSelAll +3 +11 +57 49.47 +.11

Fidelity Adv C
$ 157 bil 800–343–3548
A+ EquityGrow r +5 +14 +74 10.66n +.00
A+ GrowthOpp r +6 +15 +101 79.35n +.02
A+ NewInsight +4 +10 +56 28.05n +.02
A SmallGrowA r +4 +14 +78 23.52n –.01

Fidelity Adv I
$ 145 bil 800–343–3548
A– Biotchnolgy –1 +13 +28 29.26n –.35
A+ Consmr Discr +2 +7 +65 33.63n +.01
A+ EquityGrow +5 +14 +85 14.57n +.00
A GrowthOpp +6 +16 +114 102.39n +.02
A Intlappr +2 +8 +56 24.72n –.12
A+ IntlCapAppM +2 +8 +53 22.57 –.11
A+ IntlGrowth +3 +9 +52 16.29n –.08
A+ IntlSmOpps 0 +8 +60 20.59n –.13
A NewInsight +4 +10 +65 34.16n +.02
A+ SmallGrow r +4 +14 +88 28.54n –.02
A+ StkSelAll +3 +11 +59 49.79n +.11
A Utilities r +5 +7 +51 36.28n +.33

Fidelity Freedom
$ 170 bil 800–343–3548
A FundK +5 +12 +60 53.22n –.01

Fidelity Select
$ 18.5 bil 800–343–3548
A– BioTech r –1 +17 +29 21.87n –.23
A+ Computers r +8 +19 +61 90.14n –.12
A+ ConsmrDiscr +2 +7 +65 50.27n +.01
A+ Const&Hser +5 +5 +57 65.07n +.49
A+ ITServices r +8 +15 +131 81.04n +.14
A Utilities r +5 +7 +52 100.44n +.90
A Wireless +4 +12 +64 11.68n +.01

Fidelity Spartan Adv
$ 62.1 bil 800–343–3548
E USBdIdI +1 +1 +9 12.03n +.02

Fidelity Invest
$ 2072 bil 800–343–3548
A– 500IdxInsPr +3 +10 +68 115.42n +.14
A Advchina +2 +12 +49 39.93n –.57
A AdvchinaR +2 +11 +47 39.82 –.56
A+ AdvSrsGro +6 +16 +111 13.73n +.00
A+ AdvTechA r +7 +18 +131 63.12 +.31
B Balanced +3 +8 +39 25.31n +.04
A+ BluChpGro +6 +16 +91 114.58n +.24
A+ BluChpGroK +6 +16 +92 114.84n +.24
A CaptlApprK +4 +11 +48 35.32n –.02
A ChinaRgn +2 +12 +49 40.21n –.58
A– ConsmrDisr +2 +7 +60 28.75 +.00
A Contrafund +5 +13 +77 14.38n +.01
A ContraK +5 +13 +76 14.40n +.01
A Dfnse&Aero r +5 +8 +95 19.31n +.16
A EmrgAsia r +3 +10 +54 46.66n –.49
A EmrgAsia +3 +10 +54 43.01n –.44
A EmrgAsiaA r +3 +10 +52 41.65 –.42
A EmrgAsiaM r +3 +10 +48 37.35n –.38
A EmrgAsiaM r +3 +10 +50 40.39 –.41
A EmrgMktK +2 +10 +49 35.56n –.28
A+ EmrgMkts r +1 +10 +35 26.94n –.37
A+ EmrgMkts r +1 +10 +42 28.54n –.39
A EmrgMktsI +1 +10 +42 28.92n –.40
A+ FocusedStk r +5 +14 +87 14.71n +.00
A+ FocusedStk r +5 +13 +81 27.28n +.04
A+ GrowStratK r +5 +12 +62 53.05n +.12
A+ GrowthCo +6 +17 +99 22.70n +.01
A+ GrowthOpp +6 +16 +108 93.03 +.02
A+ GrowDiscvyK +5 +14 +91 41.89n +.01
A HealthCare +2 +16 +56 52.66 –.24

36 Mos Performance Rating | Fund | YTD % Chg | 12 Wk % Chg | 5 Yr After Tax Rtn | Net Asset Value | NAV Chg

---

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

CHARLES BRENDON and DANIEL CHECKMAN, Individually And On Behalf Of All Others Similarly Situated,
Plaintiffs,
v.
ALLEGIANT TRAVEL COMPANY, MAURICE J. GALLAGHER, JR., SCOTT SHELDON, STEVEN E. HARFST, and JUDE I. BRICKER,
Defendants.

Case No.
2:18-cv-01758-APG-BNW

**SUMMARY NOTICE OF PENDENCY AND PROPOSED CLASS ACTION SETTLEMENT**

**TO: ALL PERSONS WHO PURCHASED OR ACQUIRED PUBLICLY TRADED ALLEGIANT TRAVEL COMPANY SECURITIES BETWEEN JUNE 8, 2015 AND MAY 9, 2018, BOTH DATES INCLUSIVE.**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the District of Nevada, that a hearing will be held on May 14, 2020, at 9:30 a.m. before the Honorable Andrew P. Gordon, United States District Judge of the District of Nevada, 333 Las Vegas Boulevard South, Courtroom 6C, Las Vegas, Nevada 89101 for the purpose of determining: (1) whether the proposed Settlement of the claims in the above-captioned Action for consideration including the sum of $4,000,000 should be approved by the Court as fair, reasonable, and adequate; (2) whether the proposed plan to distribute the Settlement proceeds is fair, reasonable, and adequate; (3) whether the application of Lead Counsel for an award of attorneys' fees of up to one-third plus interest of the Settlement Amount, reimbursement of expenses of not more than $40,000 and an incentive payment of no more than $5,000 to each Plaintiff, or $10,000 in total, should be approved; and (4) whether this Action should be dismissed with prejudice as set forth in the Stipulation and Agreement of Settlement dated December 27, 2019 (the "Settlement Stipulation").

If you purchased Allegiant Travel Company ("Allegiant") publicly traded securities during the period between June 8, 2015 and May 9, 2018, both dates inclusive (the "Settlement Class Period"), your rights may be affected by this Settlement, including the release and extinguishment of claims you may possess relating to your ownership interest in Allegiant securities. If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action ("Long Notice") and a copy of the Proof of Claim and Release Form, you may obtain copies by writing to or calling the Claims Administrator at Allegiant Travel Company Securities Litigation, c/o Strategic Claims Services, 600 N. Jackson St., Ste. 205, P.O. Box 230, Media, PA 19063; (Tel) (866) 274-4004; (Fax) (610) 565-7985; info@strategicclaims.net. You can also download copies of the Notice and submit your Proof of Claim and Release Form online at www.strategicclaims.net. If you are a member of the Settlement Class, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release Form electronically or postmarked no later than April 23, 2020 to the Claims Administrator, establishing that you are entitled to recovery. Unless you submit a written exclusion request, you will be bound by any judgment rendered in the Action whether or not you make a claim.

If you desire to be excluded from the Settlement Class, you must submit to the Claims Administrator a request for exclusion so that it is received no later than April 23, 2020, in the manner and form explained in the Notice. All members of the Settlement Class who have not requested exclusion from the Settlement Class will be bound by any judgment entered in the Action pursuant to the Settlement Stipulation.

Any objection to the Settlement, Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and reimbursement of expenses and Award to Plaintiffs must be in the manner and form explained in the detailed Notice and received no later than April 23, 2020, by each of the following:

| Clerk of the Court | LEAD COUNSEL: | COUNSEL FOR DEFENDANTS: |
|---|---|---|
| United States District Court<br>District of Nevada<br>333 Las Vegas Boulevard South<br>Las Vegas, NV 89101 | Jacob A. Goldberg<br>THE ROSEN LAW FIRM, P.A.<br>101 Greenwood Avenue, Suite 440<br>Jenkintown, PA 19046 | Daniel J. Tyukody<br>GREENBERG TRAURIG, LLP<br>1840 Century Park East<br>Suite 1900<br>Los Angeles, CA 90067<br><br>Mark F. Ferrario<br>Jacob D. Bundick<br>GREENBERG TRAURIG, LLP<br>10845 Griffith Peak Drive, Suite 600<br>Las Vegas, NV 89135 |

If you have any questions about the Settlement, you may call or write to Lead Counsel:

Jacob A. Goldberg
THE ROSEN LAW FIRM, P.A.
101 Greenwood Avenue, Suite 440
Jenkintown, PA 19046
Tel.: 215-600-2817
Fax: 212-202-3827
info@rosenlegal.com

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**

Dated: January 14, 2020

BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA

tradetech FX
11-13 FEB 2020
EDEN ROC, MIAMI BEACH
BUY SIDE - ASSET MANAGERS // CTAS // HEDGE FUNDS // PENSION FUNDS
THE BIGGEST BUY SIDE FX CONFERENCE
Save 15% when you quote IBDFXUS20 online:
tradetechfxus.wbresearch.com

EXHIBIT D

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CHARLES BRENDON and DANIEL CHECKMAN, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALLEGIANT TRAVEL COMPANY, MAURICE J. GALLAGHER, JR., SCOTT SHELDON, STEVEN E. HARFST, and JUDE I. BRICKER,<br><br>Defendants. | Case No. 2:18-cv-01758-APG-BNW |

## NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

If you purchased or acquired the securities of Allegiant Travel Company ("Allegiant" or the "Company") during the period between June 8, 2015 and May 9, 2018, both dates inclusive (the "Class Period"), you could get a payment from a class action settlement (the "Settlement").

*Under law, a federal court has authorized this Notice. This is not attorney advertising.*

- If approved by the Court, the Settlement will provide four million dollars ($4,000,000) (the "Settlement Amount") gross, plus interest as it accrues, minus attorneys' fees, costs, administrative expenses, and Awards to Plaintiffs, net of any taxes on interest, to pay claims of investors who purchased Allegiant securities during the Class Period.

- Plaintiffs calculate that the Settlement represents an estimated average recovery of $1.08 per Plaintiffs' estimate of damaged shares of Allegiant common stock. This is not an estimate of the actual recovery per share you should expect. Your actual recovery will depend on the Recognized Losses all Settlement Class Members, the date(s) you purchased and sold Allegiant securities, the purchase and sales prices, and the total number of claims filed.

- Attorneys for Plaintiffs ("Lead Counsel") will ask the Court to award them fees of up to one-third of the Settlement Amount ($1,333,333) plus interest, reimbursement of litigation expenses of no more than $40,000, and Awards to Plaintiffs not to exceed $5,000 each, or $10,000 in total. If approved by the Court, these amounts (which Plaintiffs calculate as totaling an average of $0.37 per Plaintiffs' estimate of damaged shares of Allegiant common stock) will be paid from the Settlement Fund.

- The Settlement resolves the Action concerning whether Allegiant and certain of its officers and directors, Maurice J. Gallagher, Jr., Scott Sheldon, Jude I. Bricker, and Steven E. Harfst (collectively "Defendants") violated federal securities laws by allegedly making misrepresentations and/or omissions of material fact in various public statements to the investing public concerning Allegiant's safety and maintenance practices. Defendants maintain that all of their statements were true and correct and deny each, any and all allegations of wrongdoing, fault, liability or damage whatsoever asserted by Plaintiffs. Defendants have also denied, *inter alia*, the allegations Plaintiffs or the Settlement Class have suffered damages or that Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action. Defendants continue to believe the claims asserted against them in the Action are without merit.

- Your legal rights will be affected whether you act or do not act. If you do not act, you may permanently forfeit your right to recover on this claim. Therefore, you should read this Notice carefully.

1

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Submit a Claim Form** | Fill out the attached Proof of Claim and Release Form and submit it no later than **April 23, 2020**. **This is the only way to get a payment.** |
| **Exclude Yourself from the Class** | Submit a request for exclusion no later than **April 23, 2020.** This is the only way you can ever be part of any other lawsuit against the Defendants or the other Released Parties about the legal claims in this case. **If you exclude yourself, you will receive no payment and cannot object or speak at the hearing**. |
| **Object** | Write to the Court no later than **April 23, 2020** about why you do not like the Settlement. You can still submit a claim form. If the Court approves the Settlement, you will be bound by it. |
| **Go To The Hearing** | Ask to speak in Court about the fairness of the Settlement no later than **April 23, 2020** at the hearing on **May 14, 2020**. You can still submit a claim form. If the Court approves the Settlement, you will be bound by it. |
| **Do Nothing** | **Get no payment AND give up your right to bring your own individual action.** |

## INQUIRIES

**Please do not contact the Court regarding this Notice.** All inquiries concerning this Notice, the Proof of Claim and Release Form, or the Settlement should be directed to:

| Allegiant Travel Company Securities Litigation c/o Strategic Claims Services P.O. Box 230 600 N. Jackson St., Ste. 205 Media, PA 19063 Tel.:  866-274-4004 Fax:  610-565-7985 info@strategicclaims.net | **Or** | Jacob A. Goldberg, Esq. THE ROSEN LAW FIRM, P.A. 101 Greenwood Avenue, Suite 440 Jenkintown, PA 19046 Tel.:  215-600-2817 Fax:  212-202-3827 info@rosenlegal.com |
|---|---|---|

## DEFINITIONS

All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation and Agreement of Settlement, dated December 27, 2019 (the "Settlement Stipulation").

## COMMON QUESTIONS AND ANSWERS CONCERNING THE SETTLEMENT

1. **Why did I get this Notice?**
   You or someone in your family may have purchased or acquired the publicly traded securities of Allegiant between June 8, 2015 and May 9, 2018, both dates inclusive.

2. **What is this lawsuit about?**
   The case is known as *Brendon v. Allegiant Travel Company, et al*., No. 2:18-cv-01758 (D. Nev.). (the "Action"). The Court in charge of the case is the United States District Court for the District of Nevada.

   The Action involves allegations that Defendants violated certain federal securities laws by making misrepresentations or omissions of material fact concerning the maintenance and safety of Allegiant's fleet of aircraft. The Complaint alleges that the misstatements or omissions artificially inflated the price of Allegiant's share price, and that the share price dropped in response to certain subsequent disclosures. Defendants have denied and continue to deny each, any and all allegations of wrongdoing, fault, liability or damage whatsoever asserted in the Action. The Settlement shall in no event be construed as, or deemed

to be evidence of, liability, fault, wrongdoing, injury or damages, or of any wrongful conduct, acts or omissions on the part of any of the Released Parties, or of any infirmity of any defense, or of any damages to the Plaintiffs or any other Settlement Class Member. The Settlement resolves all of the claims in the Action, as well as certain other claims or potential claims, whether known or unknown.

**3.   Why is this a class action?**

In a class action, one or more persons and/or entities, called plaintiffs, sue on behalf of all persons and/or entities who have similar claims. All of these persons and/or entities are referred to collectively as a class, and these individual persons and/or entities are known as class members. One court resolves all of the issues for all class members, except for those class members who exclude themselves from the class.

**4.   Why is there a Settlement?**

The Parties do not agree regarding the merits of Plaintiffs' allegations and Defendants' defenses with respect to liability or the average amount of damages per share, if any, that would be recoverable if Plaintiffs were to prevail at trial on each claim. The issues on which the Parties disagree include: (1) whether the challenged statements were materially false or misleading or otherwise actionable under federal securities law; (2) whether Defendants acted with scienter, which means intent to deceive, manipulate, or defraud, including an extreme departure from the standards of ordinary care, presenting a danger of misleading buyers that is either known to the defendant or is so obvious that the actor must have been aware of it; (3) whether the alleged disclosures were corrective disclosures; (4) the causes of the loss in the value of the securities; and (5) the amount of alleged damages, if any, that could be recovered at trial.

This matter has not gone to trial and the Court has not decided in favor of either Plaintiffs or Defendants. Instead, the Parties have agreed to settle the case. Plaintiffs and Lead Counsel believe the Settlement is best for all Settlement Class Members because of the risks associated with continued litigation and the nature of the defenses raised by Defendants. Among the reasons that Plaintiffs and Lead Counsel believe the Settlement is fair is the fact that there is uncertainty about whether they will be able to prove that any challenged statement was false or misleading, that the alleged misstatements and omissions actually caused the Settlement Class any damages, and the amount of damages, if any.

Even if Plaintiffs were to win at trial, and also prevail on any on appeal, Plaintiffs might not be able to collect some, or all, of any judgment they are awarded. Moreover, while litigation of this type is usually expensive, it appears that, even if Plaintiffs' allegations were found to be true, the total amount of damages to which Settlement Class Members would be entitled could be substantially reduced.

**5.   How do I know if I am part of the Settlement?**

The Settlement Class consists of all persons and entities, other than Defendants and their affiliates, who purchased or acquired publicly traded Allegiant securities between June 8, 2015 and May 9, 2018, both dates inclusive.

**6.   Are there exceptions to being included?**

Yes. Excluded from the Class are Defendants, Allegiant's officers and directors, their immediate family members, and entities in which such excluded person hold a controlling interest. You are also excluded from the Class if you have a net profit in purchases and sales of Allegiant securities or otherwise suffered no compensable damages during the Class Period. You may choose to be excluded from the Settlement Class by filing a valid and timely request for exclusion as described below in the response to question 11.

**7.   I am still not sure whether I am included.**

If you are still not sure whether you are included, you can ask for free help. For more information, you can contact the Claims Administrator, Strategic Claims Services, by phone at (866) 274-4004 or by facsimile at (610) 565-7985, visit the website www.strategicclaims.net, or fill out and return the Proof of Claim and Release Form described in Question 9, to see if you qualify.

**8.   What does the Settlement provide?**
**a.   What is the Settlement Fund?**

The proposed Settlement provides that Defendants will cause four million dollars ($4,000,000) (the "Settlement Fund") to be paid into the Escrow Account for the benefit of the Settlement Class. The Settlement is subject to Court approval. Also, subject to the Court's approval, a portion of the Settlement Fund will be used to pay attorneys' fees with interest and reasonable litigation expenses to Lead Counsel, and any Award to Plaintiffs. A portion of the Settlement Fund also will be used to pay taxes due on interest

3

earned by the Settlement Fund, if necessary, and the costs of the claims administration, including the costs of printing and mailing this Notice and the costs of publishing notice. After the foregoing deductions from the Settlement Fund have been made, the amount remaining (the "Net Settlement Fund") will be distributed to Settlement Class Members who submit timely, valid claims, according to the Plan of Allocation to be approved by the Court.

**b.   What can you expect to receive under the proposed Settlement?**

Your share of the Net Settlement Fund will or may depend on: (i) the number of claims filed by all Class Members; (ii) the dates you purchased and sold Allegiant securities; (iii) the prices of your purchases and sales; (iv) the amount of administrative costs, including the costs of notice; and (v) the amount awarded by the Court to Lead Counsel for attorneys' fees, costs, and expenses and Awards to Plaintiffs.

The Claims Administrator will determine each Settlement Class Member's *pro rata* share of the Net Settlement Fund based upon each Settlement Class Member's valid "Recognized Loss." The Recognized Loss formula is not intended to be an estimate of the amount that a Settlement Class Member might have been able to recover after a trial; it also is not an estimate of the amount that will be paid to Settlement Class Members pursuant to the Settlement. The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Settlement Class Members with valid claims.

The Net Settlement Fund will be distributed to Settlement Class Members who submit a Proof of Claim and Release Form and whose claims for recovery are allowed by the Claims Administrator pursuant to the terms of the Settlement Stipulation or by order of the Court under the below Plan of Allocation ("Authorized Claimants"), which reflects Plaintiffs' contention that because of the alleged misrepresentations made by Defendants, the price of Allegiant securities was artificially inflated during the relevant period and that certain subsequent disclosures caused changes in the inflated price of Allegiant securities. Defendants have denied and continue to deny these allegations and any and all allegations of wrongdoing, fault, liability or damage whatsoever asserted in the Action.

<u>**PROPOSED PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND**</u>

The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Court may approve the Plan of Allocation with or without modifications agreed to among the Parties, or another plan of allocation, without further notice to Class Members.  Any orders regarding a modification of the Plan of Allocation will be posted to the Claims Administrator's website, www.strategicclaims.net.

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Loss.  **Please Note**:  The Recognized Loss formula, set forth below, is not intended to be an estimate of the amount of what a Settlement Class Member might have been able to recover after a trial, nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement.  The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss and subject to the provisions in the preceding paragraph. If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss bears to the total Recognized Losses of all Authorized Claimants and subject to the provisions in the preceding paragraph (*i.e.*, "*pro rata* share"). No distribution will be made on a claim where the potential distribution amount is less than ten dollars ($10.00) in cash.

If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants; (ii) second, to pay any additional Notice and Administration Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible.  If six (6) months after such second

4

distribution, if undertaken, or if such second distribution is not undertaken, any funds shall remain in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, any funds remaining in the Net Settlement Fund shall be donated to a non-profit charitable organization(s) selected by Lead Counsel.

### THE BASIS FOR CALCULATING YOUR RECOGNIZED LOSS:

**(I)  Recognized Loss for the Company's Publicly Traded Common Stock Purchased During the Class Period will be calculated as follows:**

(A)  For shares purchased during the Class Period and sold during the Class Period, the Recognized Loss per share will be the *lesser* of: (1) the inflation per share upon purchase (as set forth in Inflation Table A below) less the inflation per share upon sale (as set forth in Inflation Table A below); or (2) the purchase price per share minus the sales price per share.

(B)  For shares purchased during the Class Period and sold during the period May 9, 2018 through August 7, 2018, inclusive, the Recognized Loss will be the *lesser* of: (1) the inflation per share upon purchase (as set forth in Inflation Table A below); or (2) the difference between the purchase price per share and the average closing stock price as of date of sale provided in Table B below.

(C)  For shares purchased during the Class Period and retained as of the close of trading on August 7, 2018, the Recognized Loss will be the *lesser* of: (1) the inflation per share upon purchase (as set forth in Inflation Table A below); or (2) the purchase price per share minus $145.04[1] per share.

| INFLATION TABLE A | |
| --- | --- |
| Common Stock Purchased During the Class Period | |
| **Period** | **Inflation** |
| June 8, 2015 to April 12, 2018, inclusive | $21.87 per share |
| April 13, 2018 | $7.15 per share |
| April 14, 2018 to May 8, 2018, inclusive | $1.19 per share |
| May 9, 2018 and thereafter | $.00 per share |

| TABLE B | | | | | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price |
| 5/9/2018 | $159.10 | $162.40 | 6/8/2018 | $149.45 | $156.04 | 7/11/2018 | $142.85 | $150.31 |
| 5/10/2018 | $161.10 | $160.72 | 6/11/2018 | $152.30 | $155.77 | 7/12/2018 | $139.10 | $150.06 |
| 5/11/2018 | $162.60 | $160.73 | 6/12/2018 | $151.65 | $155.65 | 7/13/2018 | $139.05 | $149.90 |
| 5/14/2018 | $159.70 | $161.21 | 6/13/2018 | $149.30 | $155.45 | 7/16/2018 | $143.20 | $149.66 |
| 5/15/2018 | $158.20 | $160.58 | 6/14/2018 | $149.55 | $155.24 | 7/17/2018 | $138.75 | $149.44 |
| 5/16/2018 | $161.00 | $160.27 | 6/15/2018 | $149.45 | $155.01 | 7/18/2018 | $139.00 | $149.30 |
| 5/17/2018 | $160.75 | $160.29 | 6/18/2018 | $149.40 | $154.78 | 7/19/2018 | $143.05 | $149.19 |
| 5/18/2018 | $161.60 | $160.24 | 6/19/2018 | $146.85 | $154.57 | 7/20/2018 | $143.80 | $149.09 |
| 5/21/2018 | $159.10 | $160.44 | 6/20/2018 | $146.40 | $154.32 | 7/23/2018 | $144.20 | $149.00 |
| 5/22/2018 | $153.95 | $160.31 | 6/21/2018 | $146.15 | $154.06 | 7/24/2018 | $144.75 | $148.82 |

---

[1] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated."  $145.04 per share was the mean (average) daily closing trading price of the Company's common stock during the 90-day period beginning on May 8, 2018 through and including on August 7, 2018.

| **TABLE B (Continued)** | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price |
| 5/23/2018 | $150.50 | $159.79 | 6/25/2018 | $144.15 | $153.75 | 7/25/2018 | $139.60 | $148.64 |
| 5/24/2018 | $151.80 | $159.05 | 6/26/2018 | $141.85 | $153.31 | 7/26/2018 | $139.30 | $148.08 |
| 5/25/2018 | $155.85 | $158.50 | 6/27/2018 | $139.35 | $152.85 | 7/27/2018 | $118.05 | $147.66 |
| 5/29/2018 | $153.95 | $158.25 | 6/28/2018 | $137.50 | $152.45 | 7/30/2018 | $124.85 | $147.24 |
| 5/30/2018 | $154.30 | $157.98 | 6/29/2018 | $138.85 | $152.07 | 7/31/2018 | $124.55 | $146.83 |
| 5/31/2018 | $151.35 | $157.75 | 7/2/2018 | $138.95 | $151.76 | 8/1/2018 | $123.60 | $146.40 |
| 6/1/2018 | $151.10 | $157.43 | 7/3/2018 | $140.45 | $151.43 | 8/2/2018 | $121.95 | $145.98 |
| 6/4/2018 | $154.40 | $157.07 | 7/5/2018 | $139.45 | $151.20 | 8/3/2018 | $121.40 | $145.63 |
| 6/5/2018 | $150.95 | $156.92 | 7/6/2018 | $142.15 | $151.02 | 8/6/2018 | $125.10 | $145.32 |
| 6/6/2018 | $150.10 | $156.61 | 7/9/2018 | $144.05 | $150.77 | 8/7/2018 | $126.75 | $145.04 |
| 6/7/2018 | $150.00 | $156.34 | 7/10/2018 | $140.80 | $150.58 | | | |

To the extent a claimant had a trading gain or "broke even" from his, her or its overall transactions in the Company's shares during the Class Period, the value of the Recognized Loss will be zero and the claimant will not be entitled to a share of the Net Settlement Fund. To the extent that a claimant suffered a trading loss on his, her or its overall transactions in the Company's shares during the Class Period, but that trading loss was less than the Recognized Loss calculated above, then the Recognized Loss shall be limited to the amount of the claimant's actual trading loss.

For purposes of calculating your Recognized Loss, the date of purchase, acquisition or sale is the "contract" or "trade" date and not the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of the Company shares shall not be deemed a purchase, acquisition or sale of shares for the calculation of an Authorized Claimant's Recognized Loss. The covering purchase of a short sale is not an eligible purchase.

For purposes of calculating your Recognized Loss, all purchases, acquisitions and sales shall be matched on a First In First Out ("FIFO") basis in chronological order. Therefore, on the Proof of Claim and Release Form enclosed with this Notice, you must provide all your purchases of the Company shares during the period May 8, 2018 through and including August 7, 2018.

Payment pursuant to the Plan of Allocation approved by the Court shall be conclusive against all Authorized Claimants. No person shall have any claim against Defendants, Defendants' Counsel, Plaintiffs, Lead Counsel or the Claims Administrator or other agent designated by Lead Counsel based on the distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's Claim Form. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in connection with the Settlement, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund shall be released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, will be barred from making any further claim against the Net Settlement Fund beyond the amount allocated to them as provided in any distribution orders entered by the Court.

**9.   How can I get a payment?**

To qualify for a payment, you must send in a form entitled "Proof of Claim and Release Form" (also called a "Claim Form"). This Proof of Claim and Release Form is attached to this Notice. You may also obtain a Proof of Claim and Release Form at www.strategicclaims.net. Read the instructions carefully, fill out the form, and sign it in the location indicated. The Proof of Claim and Release Form may be completed in two ways: (1) by completing and submitting it electronically at www.strategicclaims.net **by 11:59 p.m. EST on April 23, 2020**; or (2) by mailing the claim form together with all documentation requested in the form, **postmarked no later than April 23, 2020**, to the Claims Administrator at:

Allegiant Travel Company Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063
Fax: (610) 565-7985
info@strategicclaims.net

The Claims Administrator will process your claim and determine whether you are an Authorized Claimant.

**10. What am I giving up to get a payment or stay in the Class?**

Unless you exclude yourself from the Settlement Class by the April 23, 2020 deadline, you will remain a member of the Settlement Class and will be bound by the release of claims against Defendants and other Released Parties if the Settlement is approved. That means you and all other Settlement Class Members and each of their respective parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, immediate family members, heirs, representatives, administrators, executors, devisees, legatees, and estates will release (agreeing never to sue, continue to sue, or be part of any other lawsuit) as against Defendants and other Released Parties any and all claims which arise out of, are based upon or relate in any way to the purchase or acquisition of Allegiant securities during the Class Period. It means that all of the Court's orders will apply to you and legally bind you. That means you will accept a share of the Net Settlement Fund as sole compensation for any losses you suffered in the purchase, acquisitions, sale or ownership of Allegiant securities during the Class Period. The specific terms of the release are included in the Settlement Stipulation.

**11. How do I get out of the Settlement?**

If you do not want to receive a payment from this Settlement, and you want to keep any right you may have to sue or continue to sue Defendants or other Released Parties on your own about the claims being released in this Settlement, then you must take steps to exclude yourself from the Settlement. To exclude yourself from the Settlement, you must mail a letter that (A) clearly indicates your name, address, phone number and e-mail contact information (if any) and states that you "request to be excluded from the Settlement Class in *Brendon v. Allegiant Travel Company, et al.*, No. 2:18-cv-01758 (D. Nev.)" and (B) states the date, number of shares and dollar amount of each purchase or acquisition of Allegiant securities during the Class Period; the dates, number of shares, and dollar amounts of any sale transactions; and the number of shares of Allegiant securities held by you as of June 8, 2015 and May 9, 2018. In order to be valid, such request for exclusion must be submitted with documentary proof: (i) of each purchase and, if applicable, sale transaction during the Class Period; and (ii) demonstrating your status as a beneficial owner of the Allegiant securities. Any such request for exclusion must be signed and submitted by you, as the beneficial owner, under penalty of perjury. You must mail your exclusion request, to be **received no later than April 23, 2020**, to the Claims Administrator at the following address:

Allegiant Travel Company Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063

**You cannot exclude yourself by telephone or by e-mail.**

If you properly exclude yourself, you will not receive a payment from the Net Settlement Fund, you cannot object to the Settlement, and you will not be legally bound by the judgment in this case.

**12. If I do not exclude myself, can I sue Defendants or the other Released Parties for the same thing later?**

No. Unless you followed the procedure outlined in the Notice to exclude yourself, you give up any right to sue Defendants or other Released Parties for the claims being released in this Settlement. If you have a pending lawsuit related to any Released Claims, speak to your lawyer in that case immediately, since you must exclude yourself from this Settlement Class to continue your own lawsuit.

**13. Do I have a lawyer in this case?**

The Court appointed The Rosen Law Firm, P.A. as Lead Counsel to represent you and the other Settlement Class Members. If you want to be represented by your own lawyer, you may hire one at your own expense. Contact information for The Rosen Law Firm, P.A. is provided below.

**14. How will the lawyers be paid?**

Lead Counsel have expended considerable time litigating this Action on a contingent fee basis and have paid for the expenses of the case themselves. They have not been paid attorneys' fees or reimbursed for their expenses in advance of this Settlement. Lead Counsel have done so with the expectation that, if they are successful in recovering money for the Settlement Class, they will receive attorneys' fees and be reimbursed for their litigation expenses from the Settlement Fund, as is customary in this type of litigation. Lead Counsel will not receive attorneys' fees or be reimbursed for their litigation expenses except from the Settlement Fund. Therefore, Lead Counsel will file a motion asking the Court at the Settlement Hearing to make an award of attorneys' fees in an amount not to exceed one-third plus interest on the Settlement Amount ($1,333,333), reimbursement of litigation expenses of no more than $40,000 and an Award to Plaintiffs not to exceed $5,000 each, or $10,000 in total. The Court may award less than these amounts. Any amounts awarded by the Court will come out of the Settlement Fund.

**15. How do I tell the Court that I do not like the Settlement?**

You can tell the Court you do not agree with the Settlement, any part of the Settlement, and/or to Lead Counsel's motion for attorneys' fees and expenses and application for an Award to Plaintiffs, and that you think the Court should not approve the Settlement, by mailing a letter stating that you object to the Settlement in the matter of *Brendon v. Allegiant Travel Company, et al.*, No. 2:18-cv-01758 (D. Nev.). Be sure to include: (1) your name, address, and telephone number; (2) a list of all purchases and sales of Allegiant securities during the Class Period in order to show membership in the Settlement Class; (3) all grounds for the objection, including any legal support known to you or your counsel; (4) the name, address, and telephone number of all counsel, if any, who represent you, including your former or current counsel who may be entitled to compensation in connection with the objection; and (5) the number of times you and/or your counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case. Attendance at the Settlement Hearing is not necessary. Objectors wishing to be heard orally at the Settlement Hearing are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing. Be sure to serve copies of any objections, papers and briefs to **each** of the addresses listed below, to be **received no later than April 23, 2020**:

| Clerk of the Court United States District Court District of Nevada 333 Las Vegas Boulevard South Las Vegas, NV 89101 | *Lead Counsel:* <br><br> Jacob A. Goldberg <br> THE ROSEN LAW FIRM, P.A. <br> 101 Greenwood Avenue, Suite 440 <br> Jenkintown, PA 19046 | *Counsel for Defendants:* <br><br> Daniel J. Tyukody <br> GREENBERG TRAURIG, LLP <br> 1840 Century Park East, Suite 1900 <br> Los Angeles, CA 90067 <br> and <br><br> Mark F. Ferrario <br> Jacob D. Bundick <br> GREENBERG TRAURIG, LLP <br> 10845 Griffith Peak Drive, Suite 600 <br> Las Vegas, NV 89135 |
|---|---|---|

**16. What is the difference between objecting and requesting exclusion?**

Objecting is simply telling the Court you do not like something about the Settlement or some portion thereof. You can object only if you stay in the Settlement Class. Requesting exclusion is telling the Court you do not want to be part of the Settlement Class and Settlement. If you exclude yourself, you cannot object to the Settlement because it no longer concerns you. If you stay in the Settlement Class and object, but your objection is overruled, you will not be allowed a second opportunity to exclude yourself.

**17. When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Settlement Hearing on **May 14, 2020, at 9:30 a.m.**, at the United States District Court, District of Nevada, 333 Las Vegas Boulevard South, Courtroom 6C, Las Vegas, NV 89101.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and whether to approve the Settlement. If there are objections, the Court will consider them, and the Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay Lead Counsel for attorneys' fees and expenses and how much to award Plaintiffs.

**18. Do I have to come to the hearing?**

No. Lead Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mail your written objection on time, the Court will consider it.

**19. What happens if I do nothing at all?**

If you do nothing, you will not receive a payment from the Settlement. However, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants or the Released Parties about the Released Claims (as defined in the Settlement Stipulation) ever again.

### SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If, between June 8, 2015 and May 9, 2018, both dates inclusive, you purchased, otherwise acquired, or sold Allegiant securities for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN TEN (10) DAYS OF YOUR RECEIPT OF THE NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased such Allegiant securities during such time period or (b) request additional copies of the Postcard Notice, which will be provided to you free of charge, and within ten (10) days mail the Postcard Notice directly to the beneficial owners of the Allegiant securities. If you choose to follow alternative procedure (b), the Court has directed that, upon such mailing, you send a statement to the Claims Administrator confirming that the mailing was made as directed. You are entitled to reimbursement from the Settlement Fund of your reasonable out-of-pocket expenses actually incurred in connection with the foregoing, up to a maximum of $0.05 plus postage at the pre-sort rate used by the Claims Administrator per Postcard Notice mailed, or $0.05 per name and address provided to the Claims Administrator.. Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications regarding the foregoing should be addressed to the Claims Administrator at the address listed on page 2 above.

DATED: JANUARY 14, 2020

_____
BY ORDER OF THE UNITED STATES
DISTRICT COURT FOR THE
DISTRICT OF NEVADA

## PROOF OF CLAIM AND RELEASE FORM

**Deadline for Submission:  April 23, 2020**

IF YOU PURCHASED ALLEGIANT TRAVEL COMPANY ("ALLEGIANT" OR THE "COMPANY") SECURITIES BETWEEN JUNE 8, 2015 AND MAY 9, 2018, BOTH DATES INCLUSIVE (THE "CLASS PERIOD") AND WERE ALLEGEDLY DAMAGED THEREBY, YOU ARE A "SETTLEMENT CLASS MEMBER" AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS. (EXCLUDED FROM THE CLASS ARE DEFENDANTS, ALLEGIANT'S OFFICERS AND DIRECTORS, THEIR IMMEDIATE FAMILY MEMBERS, AND ENTITIES IN WHICH SUCH EXCLUDED PERSON HOLD A CONTROLLING INTEREST.) ALSO EXCLUDED FROM THE SETTLEMENT CLASS ARE THOSE PERSONS WHO FILE VALID AND TIMELY REQUESTS FOR EXCLUSION IN ACCORDANCE WITH THE COURT'S ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT.)

IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU MUST COMPLETE AND SUBMIT THIS PROOF OF CLAIM AND RELEASE FORM IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS. YOU CAN COMPLETE AND SUBMIT THE ELECTRONIC VERSION OF THIS PROOF OF CLAIM AND RELEASE FORM BY 11:59 P.M. EST ON APRIL 23, 2020 AT WWW.STRATEGICCLAIMS.NET.

IF YOU DO NOT COMPLETE AND SUBMIT AN ELECTRONIC VERSION OF THIS PROOF OF CLAIM AND RELEASE FORM, YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE FORM AND MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN APRIL 23, 2020 TO STRATEGIC CLAIMS SERVICES, THE CLAIMS ADMINISTRATOR, AT THE FOLLOWING ADDRESS:

<div align="center">

Allegiant Travel Company Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Ste. 205
P.O. Box 230
Media, PA 19063
Tel.:  866-274-4004
Fax:  610-565-7985
info@strategicclaims.net

</div>

YOUR FAILURE TO SUBMIT YOUR CLAIM BY APRIL 23, 2020 WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOU FROM RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS ACTION.  DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED. SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR. IF YOU ARE A SETTLEMENT CLASS MEMBER AND DO NOT SUBMIT A PROPER PROOF OF CLAIM AND RELEASE FORM, YOU WILL NOT SHARE IN THE SETTLEMENT BUT YOU NEVERTHELESS WILL BE BOUND BY THE ORDER AND FINAL JUDGMENT OF THE COURT UNLESS YOU EXCLUDE YOURSELF.

SUBMISSION OF A PROOF OF CLAIM AND RELEASE FORM DOES NOT ASSURE THAT YOU WILL SHARE IN THE PROCEEDS OF THE SETTLEMENT.

## CLAIMANT'S STATEMENT

1. I (we) purchased Allegiant Travel Company ("Allegiant") securities during the Class Period. (Do not submit this Proof of Claim and Release Form if you did not purchase Allegiant during the Class Period.)

2. By submitting this Proof of Claim and Release Form, I (we) state that I (we) believe in good faith that I am (we are) a Settlement Class Member(s) as defined above and in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), or am (are) acting for such person(s); that I am (we are) not a Defendant in the Action or anyone excluded from the Settlement Class; that I (we) have read and understand the Notice; that I (we) believe that I am (we are) entitled to receive a share of the Net Settlement Fund, as defined in the Notice; that I (we) elect to participate in the proposed Settlement described in the Notice; and that I (we) have not filed a request for exclusion. (If you are acting in a representative capacity on behalf of a Settlement Class Member [e.g., as an executor, administrator, trustee, or other representative], you must submit evidence of your current authority to act on behalf of that Settlement Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3. I (we) consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Proof of Claim and Release Form. I (we) understand and agree that my (our) claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my (our) status as a Settlement Class Member(s) and the validity and amount of my (our) claim. No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Proof of Claim and Release Form.

4. I (we) have set forth where requested below all relevant information with respect to each purchase of Allegiant securities during the Class Period, and each sale, if any, of such securities. I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.

5. I (we) have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase and sale of Allegiant securities listed below in support of my (our) claim. (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER OR TAX ADVISOR BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

6. I (we) understand that the information contained in this Proof of Claim and Release Form is subject to such verification as the Claims Administrator may request or as the Court may direct, and I (we) agree to cooperate in any such verification. (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your Recognized Loss. In some cases, the Claims Administrator may condition acceptance of the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivatives securities such as options.)

7. Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a full and complete release, remise and discharge by me (us) and my (our) heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, attorneys, insurers and assigns (or, if I am (we are) submitting this Proof of Claim and Release Form on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) of each of the "Released Parties" of all "Released Claims," as those terms are defined in the Stipulation and Agreement of Settlement ("Settlement Stipulation").

8. Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a covenant by me (us)

and my (our) heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, attorneys, insurers and assigns (or, if I am (we are) submitting this Proof of Claim and Release Form on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) to permanently refrain from prosecuting or attempting to prosecute any Released Claims against any of the Released Parties.

9.  "Released Parties" has the meaning laid out in the Settlement Stipulation.

10.  "Released Claims" has the meaning laid out in the Settlement Stipulation.

11.  "Unknown Claims" has the meaning laid out in the Settlement Stipulation.

12.  I (We) acknowledge that the inclusion of "Unknown Claims" in the definition of claims released pursuant to the Settlement Stipulation was separately bargained for and is a material element of the Settlement of which this release is a part.

13.  NOTICE REGARDING INSTITUTIONAL FILERS: Representatives with authority to file on behalf of (a) accounts of multiple Settlement Class Members and/or (b) institutional accounts with large numbers of transactions ("Representative Filers") must submit information regarding their transactions in an electronic spreadsheet format. If you are a Representative Filer, you must contact the Claims Administrator at efile@strategicclaims.net or visit their website at www.strategicclaims.net to obtain the required file layout. Claims which are not submitted in electronic spreadsheet format and in accordance with the Claims Administrator's instructions may be subject to rejection.   All Representative Filers MUST also submit a manually signed Proof of Claim and Release Form, as well as proof of authority to file (see Item 2 of the Claimant's Statement), along with the electronic spreadsheet format.  No claims submitted in electronic spreadsheet format will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

14.  NOTICE REGARDING ONLINE FILING: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Proof of Claim and Release Form hosted at www.strategicclaims.net.  If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing; you will receive an automated e-mail confirming receipt once your Proof of Claim and Release Form has been submitted.  If you are unsure if you should submit your claim as a Representative Filer, please contact the Claims Administrator at info@strategicclaims.net or (866) 274-4004.  If you are not a Representative Filer, but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Proof of Claim and Release Form.

ALLEGIANT

# I. CLAIMANT INFORMATION

| Name | | |
|---|---|---|
| | | |
| Address | | |
| | | |
| City | State | ZIP |
| Foreign Province | Foreign Country | |
| Day Phone | Evening Phone | |
| Email | | |
| Social Security Number (for individuals): | OR | Taxpayer Identification Number (for estates, trusts, corporations, etc.): |

# II. SCHEDULE OF TRANSACTIONS IN ALLEGIANT TRAVEL COMPANY SECURITIES

**Beginning Holdings:**

A.  State the total number of shares of Allegiant Travel Company ("Allegiant") securities held at the close of trading on June 7, 2015 (*must be documented).*  If none, write "zero" or "0."

**Purchases/Acquisitions:**

B.  Separately list each and every purchase or acquisition of Allegiant securities between June 8, 2015 and August 7, 2018, both dates inclusive, and provide the following information (*must be documented):*

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Price per Share | Total Cost (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

ALLEGIANT

**Sales:**

C.   Separately list each and every sale of Allegiant securities between June 8, 2015 and August 7, 2018, both dates inclusive, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Price per Share | Amount Received (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**Ending Holdings:**

D.   State the total number of shares of Allegiant securities held at the close of trading on August 7, 2018 (*must be documented).*

**If additional space is needed, attach separate, numbered sheets, giving all required information, substantially in the same format, and print your name and Social Security or Taxpayer Identification number at the top of each sheet.**

## III. SUBSTITUTE FORM W-9

Request for Taxpayer Identification Number:

Enter taxpayer identification number below for the Beneficial Owner(s).  For most individuals, this is your Social Security Number.  The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number.  If you fail to provide this information, your claim may be rejected.

| Social Security Number (for individuals) | **or** | Taxpayer Identification Number (for estates, trusts, corporations, etc.) |
|---|---|---|
|  |  |  |

## IV. CERTIFICATION

I (We) submit this Proof of Claim and Release Form under the terms of the Settlement Stipulation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the District of Nevada, with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the release and covenant not to sue set forth herein. I (We) acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in this Action. I (We) have not submitted any other claim covering the same purchases or sales of Allegiant securities during the Class Period and know of no other Person having done so on my (our) behalf.

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am (We are) exempt from backup withholding; or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

14

ALLEGIANT

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM AND RELEASE FORM IS TRUE, CORRECT AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign):

_____
(Signature)

_____
(Signature)

_____
(Capacity of person(s) signing, e.g. beneficial purchaser(s), executor, administrator, trustee, etc.)

☐   Check here if proof of authority to file is enclosed.
(See Item 2 under Claimant's Statement)

Date: _____

**THIS PROOF OF CLAIM AND RELEASE FORM MUST BE POSTMARKED NO LATER THAN APRIL 23, 2020 AND MUST BE MAILED TO:**

Allegiant Travel Company Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Ste. 205
P.O. Box 230
Media, PA 19063
Fax: (610) 565-7985
info@strategicclaims.net

A Proof of Claim and Release Form received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by April 23, 2020 and if a postmark is indicated on the envelope and it is mailed first class and addressed in accordance with the above instructions.  In all other cases, a Proof of Claim and Release Form shall be deemed to have been submitted when actually received by the Claims Administrator.

The Claims Administrator will acknowledge receipt of your Proof of Claim and Release Form by mail or email within 45 days of receipt. Your claim is not deemed filed until you receive such an acknowledgement. If you do not receive an acknowledgement within 45 days, please contact the Claims Administrator by telephone toll free at 866-274-4004 or by email at info@strategicclaims.net.

You should be aware that it will take a significant amount of time to process fully all of the Proof of Claim and Release Forms and to administer the Settlement.  This work will be completed as promptly as time permits, given the need to investigate and tabulate each Proof of Claim and Release Form.  Please notify the Claims Administrator of any change of address.

15

Allegiant Travel Company Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Ste. 205
Media, PA 19063

**IMPORTANT LEGAL NOTICE – PLEASE FORWARD**

<div align="center">

**REMINDER CHECKLIST**

</div>

- o Please be sure to sign this Proof of Claim and Release Form on page 15.  If this Proof of Claim and Release Form is submitted on behalf of joint claimants, then each claimant must sign.
- o Please remember to attach supporting documents. Do NOT send any stock certificates.  Keep copies of everything you submit.
- o Do NOT use highlighter on the Proof of Claim and Release Form or any supporting documents.
- o If you move or change your address, telephone number or email address, please submit the new information to the Claims Administrator, as well as any other information that will assist us in contacting you. NOTE: Failure to submit updated information to the Claims Administrator may result in the Claims Administrator's inability to contact you regarding issues with your claim or deliver payment to you.

4-8-20

Sirs,

**EXHIBIT E**

I request to be <u>excluded</u> ~~from~~ from your case

" Request to be excluded from the Settlement Class in Brendon vs Allegiant Travel Company, et al., No 2:18 -cv-01758 (D. Nev.) "

[Redacted]

Please see previous sheets of logs of purchases.

Sincerely

[Redacted]

Eric    Hollander

[Redacted]

Case 2:18-cv-01758-APG-BNW   Document 43-2   Filed 04/16/20   Page 30 of 35

Fidelity provides Cost and associated Profit/Loss Information to you as a courtesy service. Retirement account Cost and associated Gain/Loss Information should not be used for tax-reporting purposes. The gain/loss information for positions sold in retirement accounts is displayed in Long Term and Short Term Gain/Loss columns, however this classification generally does not apply to retirement accounts for tax reporting purposes. Note: Historically, at Fidelity, cost basis in retirement accounts, has not included dividend reinvestments or capital gains. This calculation is being changed and will be applied to accounts beginning in September 2011. All accounts will be converted to the new calculation by the end of 2012. Fidelity makes no warranties with respect to, and specifically disclaims any liability arising out of your use of, or any position taken in reliance upon the Cost information provided herein. Unless otherwise specified, for all securities, Fidelity determines cost at the time of sale using a first-in, first-out (FIFO) methodology.

c¹ Cost basis is currently not available for this position. We are actively processing updates to your cost basis based on trades placed earlier today.

c² Cost basis is currently not available for this position. Updated cost basis will be available prior to market open tomorrow.



© 1998 – 2020 FMR LLC.

All rights reserved.

Terms of Use | Privacy | Security | Site Map

ALLEGIANT

## I. CLAIMANT INFORMATION

| Name |
|---|
| Eric  I.  Hollander |

| Address |
|---|
| Redacted |

| City | State | ZIP |
|---|---|---|
| Redacted | Redacted | Redacted |

| Foreign Province | Foreign Country |
|---|---|

| Day Phone | Evening Phone |
|---|---|
| Redacted | Redacted |

| Email |
|---|
| Redacted |

| S... Redacted | Taxpayer Identification Number (for estates, trusts, corporations, etc.): |
|---|---|

## II. SCHEDULE OF TRANSACTIONS IN ALLEGIANT TRAVEL COMPANY SECURITIES

**Beginning Holdings:**

A. State the total number of shares of Allegiant Travel Company ("Allegiant") securities held at the close of trading on June 7, 2015 (*must be documented*).  If none, write "zero" or "0."

11,186

**Purchases/Acquisitions:**

B. Separately list each and every purchase or acquisition of Allegiant securities between June 8, 2015 and August 7, 2018, both dates inclusive, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Price per Share | Total Cost (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| Various | | | |
| see | | | |
| Fidelity | | | |
| | | | |

13



Redacted

Open Positions  **Closed Positions**                          As of 03/11/2020, 12:43PM ET   Refresh  | A A A

### Realized Gain/Loss Summary for 07/08/2015 to 05/09/2018

| Account ▲ | | Short-Term Gain/Loss | Long-Term Gain/Loss | Total Gain/Loss |
|---|---|---|---|---|
| ROLLOVER IRA | - Select Action ▼ | | +$21,697.15 | +$21,697.15 |
| INDIVIDUAL | Select Action ▼ | +$19,063.01 | -$15,477.88 | +$3,585.13 |
| TRADITIONAL IRA | Select Action ▼ | -- | -- | -- |
| ROTH IRA | Select Action ▼ | -- | -- | -- |
| SEP-IRA | Select Action ▼ | -- | -- | -- |
| BROKERAGELINK | Select Action ▼ | -- | -- | -- |
| BROKERAGELINK | Select Action ▼ | -- | -- | -- |
| INDIVIDUAL | Select Action ▼ | -- | -- | -- |
| **Total** | | **+$19,063.01** | **+$6,219.27** | **+$25,282.28** |

### Realized Gain/Loss Detail for 07/08/2015 to 05/09/2018

**Stocks/ETFs**

| Symbol ▼ | | Quantity | Date Acquired | Date Sold | Proceeds** | Cost Basis | Short Term Gain/Loss | Long Term Gain/Loss |
|---|---|---|---|---|---|---|---|---|
| ALGT - ALLEGIANT TRAVEL COMPANY COM USD0.001 | | | | | +$1,761,997.13 | +$1,740,736.70 | +$5,925.47 | +$15,334.99 |
| INDIVIDUAL | Select Action ▼ | 3,286.000 | | | +$537,173.37 | +$531,247.90 | +$5,925.47 | $0.00 |
| | | 50.000 | 04/13/2018 | 04/13/2018 | +$7,662.32 | +$7,645.18 | +$17.14 | -- |
| | | 100.000 | 04/13/2018 | 04/13/2018 | +$15,324.64 | +$15,450.00 | -$125.36 | -- |
| | | | | | $0.00 | -$120.18 | +$120.18 | -- |
| | | 50.000 | 04/13/2018 | 04/13/2018 | +$7,604.82 | +$7,725.00 | -$120.18 | -- |
| | | 100.000 | 04/11/2018 | 04/12/2018 | +$16,599.61 | +$16,345.00 | +$254.61 | -- |
| | | 100.000 | 03/21/2018 | 04/05/2018 | +$17,649.59 | +$17,470.00 | +$179.59 | -- |
| | | 100.000 | 03/21/2018 | 03/21/2018 | +$17,549.59 | +$17,375.00 | +$174.59 | -- |
| | | 95.000 | 03/05/2018 | 03/07/2018 | +$15,935.88 | +$15,579.95 | +$355.93 | -- |
| | | 5.000 | 03/05/2018 | 03/07/2018 | +$838.98 | +$820.00 | +$18.98 | -- |
| | | 100.000 | 02/09/2018 | 02/09/2018 | +$15,989.68 | +$15,754.95 | +$234.73 | -- |
| | | 75.000 | 01/24/2018 | 01/24/2018 | +$12,069.77 | +$12,012.45 | +$57.32 | -- |
| | | 85.000 | 01/23/2018 | 01/23/2018 | +$14,210.97 | +$14,093.70 | +$117.27 | -- |
| | | 100.000 | 01/04/2018 | 01/09/2018 | +$15,294.69 | +$15,154.95 | +$139.74 | -- |
| | | 75.000 | 01/03/2018 | 01/03/2018 | +$11,472.25 | +$11,269.95 | +$202.30 | -- |
| | | 75.000 | 01/03/2018 | 01/03/2018 | +$11,472.26 | +$11,367.45 | +$104.81 | -- |
| | | 178.000 | 06/20/2017 | 07/25/2017 | +$26,115.94 | +$25,814.95 | +$300.99 | -- |
| | | 53.000 | 05/30/2017 | 06/14/2017 | +$7,658.33 | +$7,438.20 | +$220.13 | -- |
| | | 25.000 | 05/30/2017 | 06/14/2017 | +$3,612.42 | +$3,563.49 | +$48.93 | -- |
| | | 100.000 | 05/30/2017 | 06/14/2017 | +$14,444.73 | +$14,253.96 | +$190.77 | -- |
| | | 8.000 | 05/18/2017 | 05/25/2017 | +$1,160.41 | +$1,150.00 | +$10.41 | -- |
| | | 100.000 | 05/18/2017 | 05/25/2017 | +$14,505.09 | +$14,379.95 | +$125.14 | -- |
| | | 100.000 | 05/12/2017 | 05/12/2017 | +$14,394.73 | +$14,254.95 | +$139.78 | -- |
| | | 91.000 | 03/07/2017 | 04/24/2017 | +$15,009.72 | +$14,928.95 | +$80.77 | -- |
| | | 97.000 | 03/06/2017 | 03/06/2017 | +$16,377.99 | +$16,252.45 | +$125.54 | -- |
| | | 25.000 | 05/07/2016 | 02/01/2017 | +$4,398.71 | +$4,507.62 | -$108.91 | -- |
| | | 28.000 | 05/07/2016 | 02/01/2017 | +$4,926.55 | +$4,835.63 | +$90.92 | -- |
| | | 92.000 | 01/27/2017 | 02/01/2017 | +$16,187.23 | +$15,823.81 | +$363.42 | -- |
| | | 30.000 | 04/28/2016 | 01/10/2017 | +$5,322.37 | +$4,989.95 | +$332.42 | -- |

| Symbol | Quantity | Date Acquired | Date Sold | Proceeds** | Cost Basis | Short Term Gain/Loss | Long Term Gain/Loss |
|---|---|---|---|---|---|---|---|
| | 25.000 | 04/25/2016 | 01/10/2017 | +$4,435.31 | +$4,157.45 | +$277.86 | -- |
| | 28.000 | 04/21/2016 | 01/10/2017 | +$4,967.54 | +$4,847.89 | +$119.65 | -- |
| | 22.000 | 04/21/2016 | 01/10/2017 | +$3,865.47 | +$3,809.06 | +$56.41 | -- |
| | | | | $0.00 | -$207.67 | +$207.67 | -- |
| | 25.000 | 04/20/2016 | 01/10/2017 | +$4,392.59 | +$4,600.26 | -$207.67 | -- |
| | | | | $0.00 | -$14.63 | +$14.63 | -- |
| | 25.000 | 04/20/2016 | 01/10/2017 | +$4,392.59 | +$4,407.22 | -$14.63 | -- |
| | | | | $0.00 | -$5.06 | +$5.06 | -- |
| | 3.000 | 04/20/2016 | 01/10/2017 | +$527.11 | +$532.17 | -$5.06 | -- |
| | 22.000 | 04/20/2016 | 09/08/2016 | +$3,208.49 | +$3,902.55 | -$694.06 | -- |
| | | | | $0.00 | -$193.03 | +$193.03 | -- |
| | 25.000 | 04/20/2016 | 04/28/2016 | +$4,241.70 | +$4,434.73 | -$193.03 | -- |
| | 50.000 | 04/15/2016 | 04/15/2016 | +$8,922.85 | +$8,834.95 | +$87.90 | -- |
| | 50.000 | 04/11/2016 | 04/14/2016 | +$9,056.51 | +$8,721.95 | +$334.56 | -- |
| | 10.000 | 03/31/2016 | 04/14/2016 | +$1,811.30 | +$1,731.17 | +$80.13 | -- |
| | 40.000 | 03/31/2016 | 04/12/2016 | +$7,082.28 | +$6,924.66 | +$157.62 | -- |
| | 10.000 | 03/31/2016 | 04/12/2016 | +$1,770.57 | +$1,754.47 | +$16.10 | -- |
| | 18.000 | 04/04/2016 | 04/11/2016 | +$3,207.01 | +$3,154.47 | +$52.54 | -- |
| | | | | $0.00 | -$48.88 | +$48.88 | -- |
| | 50.000 | 03/31/2016 | 04/11/2016 | +$8,908.35 | +$8,957.23 | -$48.88 | -- |
| | 10.000 | 04/01/2016 | 04/11/2016 | +$1,781.67 | +$1,751.36 | +$30.31 | -- |
| | | | | $0.00 | -$1.99 | +$1.99 | -- |
| | 10.000 | 03/31/2016 | 04/11/2016 | +$1,781.67 | +$1,783.66 | -$1.99 | -- |
| | | | | $0.00 | -$200.44 | +$200.44 | -- |
| | 50.000 | 03/31/2016 | 04/07/2016 | +$8,717.85 | +$8,918.29 | -$200.44 | -- |
| | 60.000 | 03/30/2016 | 03/30/2016 | +$10,802.29 | +$10,713.35 | +$88.94 | -- |
| | 60.000 | 03/30/2016 | 03/30/2016 | +$10,802.28 | +$10,773.95 | +$28.33 | -- |
| | 50.000 | 03/17/2016 | 03/17/2016 | +$8,493.83 | +$8,368.95 | +$124.88 | -- |
| | 50.000 | 03/17/2016 | 03/17/2016 | +$8,493.84 | +$8,426.95 | +$66.89 | -- |
| | 55.000 | 03/08/2016 | 03/16/2016 | +$9,438.00 | +$9,191.95 | +$246.05 | -- |
| | 50.000 | 03/07/2016 | 03/16/2016 | +$8,580.00 | +$8,481.45 | +$98.55 | -- |
| | 39.000 | 02/29/2016 | 03/01/2016 | +$6,594.75 | +$6,406.85 | +$187.90 | -- |
| | 100.000 | 02/26/2016 | 03/01/2016 | +$16,902.68 | +$16,630.95 | +$271.73 | -- |
| | 50.000 | 02/22/2016 | 02/23/2016 | +$7,992.87 | +$7,881.45 | +$111.42 | -- |
| | 60.000 | 02/18/2016 | 02/18/2016 | +$9,445.84 | +$9,308.15 | +$137.69 | -- |
| | 20.000 | 02/17/2016 | 02/18/2016 | +$3,195.79 | +$3,106.95 | +$88.84 | -- |
| | 22.000 | 02/02/2016 | 02/18/2016 | +$3,515.37 | +$3,509.70 | +$5.67 | -- |
| | 38.000 | 02/17/2016 | 02/18/2016 | +$6,072.01 | +$5,951.40 | +$120.61 | -- |
| | 50.000 | 02/04/2016 | 02/17/2016 | +$7,895.00 | +$7,806.95 | +$88.05 | -- |
| | | | | $0.00 | -$64.15 | +$64.15 | -- |
| | 22.000 | 02/02/2016 | 02/17/2016 | +$3,473.80 | +$3,537.95 | -$64.15 | -- |
| | 50.000 | 12/23/2015 | 12/23/2015 | +$8,614.89 | +$8,525.95 | +$98.94 | -- |
| **ROLLOVER IRA**  Select Action ▾ | 7,900.000 | | | +$1,224,823.76 | +$1,208,488.80 | -- | +$16,334.96 |
| | 226.000 | 03/20/2018 | 04/05/2018 | +$39,996.12 | +$39,752.72 | -- | +$243.40 |
| | 98.000 | 03/15/2018 | 03/16/2018 | +$17,295.52 | +$16,929.50 | -- | +$366.02 |
| | 350.000 | 03/15/2018 | 03/16/2018 | +$61,769.70 | +$60,467.45 | -- | +$1,302.25 |
| | 400.000 | 03/14/2018 | 03/16/2018 | +$70,993.40 | +$69,979.23 | -- | +$1,014.17 |
| | 450.000 | 03/01/2018 | 03/01/2018 | +$75,098.31 | +$74,299.95 | -- | +$798.36 |
| | 379.000 | 01/31/2018 | 02/01/2018 | +$63,251.01 | +$60,834.45 | -- | +$2,416.56 |
| | 36.000 | 01/31/2018 | 02/01/2018 | +$6,008.01 | +$5,792.40 | -- | +$215.61 |
| | 300.000 | 01/31/2018 | 02/01/2018 | +$50,066.77 | +$48,274.95 | -- | +$1,791.82 |
| | 100.000 | 01/08/2018 | 01/11/2018 | +$15,989.13 | +$14,804.95 | -- | +$1,184.18 |
| | 200.000 | 12/28/2017 | 01/11/2018 | +$31,978.27 | +$31,004.95 | -- | +$973.32 |
| | 300.000 | 12/28/2017 | 01/11/2018 | +$47,967.41 | +$46,804.95 | -- | +$1,162.46 |
| | 150.000 | 12/28/2017 | 01/11/2018 | +$23,983.70 | +$23,554.95 | -- | +$428.75 |
| | 250.000 | 12/27/2017 | 01/11/2018 | +$39,972.84 | +$39,628.54 | -- | +$344.30 |
| | 100.000 | 12/27/2017 | 01/09/2018 | +$15,294.69 | +$15,851.41 | -- | -$556.72 |
| | 25.000 | 11/22/2017 | 11/24/2017 | +$3,448.93 | +$3,425.00 | -- | +$23.93 |
| | 100.000 | 11/22/2017 | 11/24/2017 | +$13,795.72 | +$13,704.95 | -- | +$90.77 |

| Symbol ▾ | Quantity | Date Acquired | Date Sold | Proceeds** | Cost Basis | Short Term Gain/Loss | Long Term Gain/Loss |
|---|---|---|---|---|---|---|---|
| | 185.000 | 11/21/2017 | 11/21/2017 | +$25,524.46 | +$25,137.20 | -- | +$387.26 |
| | 425.000 | 11/02/2017 | 11/16/2017 | +$57,708.71 | +$57,167.45 | -- | +$541.26 |
| | 50.000 | 10/30/2017 | 10/30/2017 | +$6,924.84 | +$6,875.99 | -- | +$48.85 |
| | 200.000 | 10/30/2017 | 10/30/2017 | +$27,694.41 | +$27,503.96 | -- | +$190.45 |
| | 235.000 | 10/13/2017 | 10/17/2017 | +$33,364.27 | +$32,904.95 | -- | +$459.32 |
| | 100.000 | 06/22/2017 | 07/25/2017 | +$14,654.14 | +$14,304.95 | -- | +$349.19 |
| | 127.000 | 06/20/2017 | 07/25/2017 | +$18,610.76 | +$18,292.95 | -- | +$317.81 |
| | 300.000 | 06/20/2017 | 07/25/2017 | +$43,962.42 | +$43,474.95 | -- | +$487.47 |
| | 425.000 | 06/20/2017 | 07/25/2017 | +$62,280.10 | +$61,629.95 | -- | +$650.15 |
| | 24.000 | 05/31/2017 | 06/14/2017 | +$3,467.68 | +$3,244.95 | -- | +$222.73 |
| | 200.000 | 05/31/2017 | 06/14/2017 | +$28,897.39 | +$27,154.95 | -- | +$1,742.44 |
| | 200.000 | 05/30/2017 | 06/14/2017 | +$28,897.39 | +$27,364.95 | -- | +$1,532.44 |
| | 76.000 | 05/30/2017 | 06/14/2017 | +$10,981.01 | +$10,413.88 | -- | +$567.13 |
| | 124.000 | 05/30/2017 | 06/12/2017 | +$17,606.08 | +$16,991.07 | -- | +$615.01 |
| | 200.000 | 05/30/2017 | 06/12/2017 | +$28,396.91 | +$28,154.95 | -- | +$241.96 |
| | 76.000 | 05/30/2017 | 06/12/2017 | +$10,790.82 | +$10,717.88 | -- | +$72.94 |
| | 124.000 | 05/30/2017 | 06/02/2017 | +$17,172.09 | +$17,487.07 | -- | -$314.98 |
| | 276.000 | 05/30/2017 | 06/02/2017 | +$38,221.75 | +$39,332.73 | -- | -$1,110.98 |
| | 224.000 | 05/30/2017 | 05/31/2017 | +$30,682.38 | +$31,922.22 | -- | -$1,239.84 |
| | 118.000 | 05/16/2017 | 05/25/2017 | +$17,122.37 | +$16,967.45 | -- | +$154.92 |
| | 74.000 | 02/03/2017 | 02/08/2017 | +$12,313.78 | +$11,983.85 | -- | +$329.93 |
| | 13.000 | 12/06/2016 | 12/07/2016 | +$2,143.85 | +$2,073.95 | -- | +$69.90 |
| | 50.000 | 05/19/2016 | 11/22/2016 | +$8,371.34 | +$7,000.95 | -- | +$1,370.39 |
| | 50.000 | 05/19/2016 | 11/22/2016 | +$8,371.34 | +$7,035.95 | -- | +$1,335.39 |
| | 35.000 | 05/12/2016 | 11/18/2016 | +$5,768.94 | +$4,906.95 | -- | +$861.99 |
| | 35.000 | 05/12/2016 | 11/18/2016 | +$5,768.94 | +$4,933.20 | -- | +$835.74 |
| | 30.000 | 05/12/2016 | 11/18/2016 | +$4,944.81 | +$4,334.68 | -- | +$610.13 |
| | 40.000 | 05/12/2016 | 05/25/2016 | +$5,672.30 | +$5,779.57 | -- | -$107.27 |
| | 60.000 | 11/30/2015 | 05/25/2016 | +$8,508.44 | +$11,028.89 | -- | -$2,520.45 |
| | 70.000 | 11/30/2015 | 05/17/2016 | +$10,316.42 | +$12,867.03 | -- | -$2,550.61 |
| | 70.000 | 11/30/2015 | 05/13/2016 | +$10,002.83 | +$12,867.03 | -- | -$2,864.20 |
| | 220.000 | 11/24/2015 | 11/27/2015 | +$42,771.26 | +$42,521.95 | -- | +$249.31 |
| | | | **Total** | **+$1,761,997.13** | **+$1,740,736.70** | **+$5,925.47** | **+$15,334.96** |

** Less commissions.

If securities held in your account are restricted for sale under your company's stock plan rules, Fidelity will use the FIFO method for lots available for sale

**IMPORTANT INFORMATION**
If you incur a realized loss on a security and you repurchase additional shares of the same security 30 days before or after the sale, the repurchase may result in the loss being deferred under the "wash sale" provisions of the Internal Revenue Code. In the event of a wash sale, Fidelity may adjust the Acquisition Date of the newly acquired securities to include the holding period of the disallowed lots. Purchases include shares acquired through reinvested dividends. Other transactions may result in loss deferrals including "straddles" and certain option strategies. You should consult your tax advisor for additional information.

*** - The information above lists trades with Unknown Cost Basis in your account as of the trade date

c - Cost basis information has been provided by you; therefore we cannot verify the accuracy of this information

g/g* - See your online monthly/quarterly statements or the Supplemental Information section of your annual Tax Reporting Statement which are viewable at Statements/Records for details.

s* - Cost basis and gain/loss reporting for this security are based on Specific Share Identification.

t - Third party provided.

⌣ - Adjusted due to previous wash sale disallowed loss.

⌣⌣ - You have chosen to view Unadjusted Cost Basis information. Cost basis information has not been adjusted to reflect the disallowed loss.

m - This position has been marked to the market. The cost basis and acquisition date are adjusted to reflect the market value of the security on December 31 of the previous year. See the IRS Publication 550 for more information about the IRC Mark to Market requirement for Section 1256 Contracts.

d - Adjusted cost basis reflects any adjustments due to original issue discount, premium, or acquisition premium, market discount (including any year-to-date amount). It assumes such amounts were amortized or accrued for tax purposes from the acquisition date through current date for open positions and through disposition date for closed positions. Premium amortization was calculated using the yield-to-maturity method. Acquisition premium was calculated using the ratable accrual method. Any market discount accretion for this position was calculated using the constant yield method unless a different fixed income election has been made and, if applicable, recognized upon disposition. Gain/loss displayed for this position is calculated using the cost basis adjustments as described above. The adjusted cost basis may not reflect all adjustments necessary for tax reporting purposes. Refer to IRS Publication 550, *Investment Income and Expenses*, for additional information.

Amortization, accretion, and similar adjustments to cost basis are not provided for short-term instruments and unit investment trusts. For fixed income securities subject to paydowns (early repayment of principal), cost basis is adjusted using a method that takes paydowns into account and calculates original issue discount, premium, and acquisition premium using a constant yield method

² Gain on the disposition of these shares may be characterized as ordinary income. Click on link under Short-Term Gain/Loss and Long-Term Gain/Loss for details.



MR. ERIC J. HOLLANDER

Redacted

Redacted

APR 10 2020

Allegiant Travel Company
Securities Litigation
c/o Strategic Claims Services
600 N Jackson St   Ste 205
Box 230
Media, PA  19063

19063-25645S