**THE ROSEN LAW FIRM, P.A.**
Jacob A. Goldberg (*pro hac vice*)
101 Greenwood Avenue, Suite 440
Jenkintown, PA  19012
Telephone: (215) 600-2817
Facsimile: (212) 202-3827
Email: jgoldberg@rosenlegal.com

*Lead Counsel for Plaintiffs*

**LEVERTY & ASSOCIATES LAW CHTD.**
Patrick R. Leverty
832 Willow Street
Reno, Nevada 89502
Telephone: (775) 322-6636
Facsimile: (213) 322-3953
Email: pat@levertylaw.com

*Local Counsel for Lead Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| CHARLES BRENDON and DANIEL CHECKMAN, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALLEGIANT TRAVEL COMPANY, MAURICE J. GALLAGHER, JR., SCOTT SHELDON, STEVEN E. HARFST, and JUDE I. BRICKER,<br><br>Defendants. | Case No. 2:18-cv-01758-APG-BNW |

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS': (1) CONSENTED MOTION FOR FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND (2) UNOPPOSED MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT EXPENSES, AND AWARD TO PLAINTIFFS**

# TABLE OF CONTENTS

I. PRELIMINARY STATEMENT ........................................................................................ 1

II. ARGUMENT.................................................................................................................... 2

    A. The Settlement Class Members' Reaction Supports Final Approval of the Settlement and Plan of Allocation................................................................................................................... 2

    B. The Settlement Class Members' Reaction Supports the Requested Fees, Reimbursement of Expenses, and Award to Plaintiffs ........................................................................................ 3

III. CONCLUSION................................................................................................................. 4

i

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS': (1) CONSENTED MOTION FOR FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND (2) UNOPPOSED MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT EXPENSES, AND AWARD TO PLAINTIFFS

# TABLE OF AUTHORITIES

**Cases**

*Ching v. Siemens Indus., Inc.*,
   No. 11-CV-04838-MEJ, 2014 WL 2926210 (N.D. Cal. June 27, 2014) .............................. 2, 3

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) .............................................................................................. 2

*Hayes v. MagnaChip Semiconductor Corp.*,
   No. 14-CV-01160-JST, 2016 WL 6902856 (N.D. Cal. Nov. 21, 2016) .................................. 4

*In re Heritage Bond Litig.*,
   No. 02-ML-1475-DT(RCX), 2005 WL 1594389 (C.D. Cal. June 10, 2005) .......................... 3

*In re Immune Response Sec. Litig.*,
   497 F. Supp. 2d 1166 (S.D. Cal. 2007) ................................................................................. 3

*In re Mego Fin. Corp. Sec. Litig.*,
   213 F.3d 454 (9th Cir. 2000) ................................................................................................ 3

*In re Omnivision Techs., Inc.*,
   559 F. Supp. 2d 1036 (N.D. Cal. 2008) ................................................................................ 3

*Int'l Bhd. of Elec. Workers Local 697 Pension Fund v. Int'l Game Tech., Inc.*,
   No. 3:09-CV-00419-MMD, 2012 WL 5199742 (D. Nev. Oct. 19, 2012) .............................. 2

*Jenson, v. First Tr. Corp.*,
   No. CV 05-3124 ABC (CTX), 2008 WL 11338161 (C.D. Cal. June 9, 2008) ........................ 3

*Nat'l Rural Telecomm's Coop. v. DIRECTV, Inc.*,
   221 F.R.D. 523 (C.D. Cal. 2004) .......................................................................................... 3

ii

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS': (1) CONSENTED MOTION FOR FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND (2) UNOPPOSED MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT EXPENSES, AND AWARD TO PLAINTIFFS

Lead Plaintiff Charles Brendon and Named Plaintiff Daniel Checkman (collectively, "Plaintiffs"),[1] respectfully submit this memorandum of points and authorities in further support of their: (1) Consented Motion For Final Approval of Proposed Class Action Settlement and Plan of Allocation; and (2) Unopposed Motion for Award of Attorneys' Fees, Reimbursement Expenses, and Award to Plaintiffs (the "Motions") (Dkt. Nos. 74, 76).

I.  **PRELIMINARY STATEMENT**

On January 14, 2020, the Court issued the Order Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") (Dkt. No. 73) that, among other things, approved a notice program to the Settlement Class and set dates for Plaintiffs to file motions in support of final approval, for approval of attorneys' fees and expenses, and for awards to Plaintiffs. In addition, the Court set April 23, 2020 as the deadline for Settlement Class Members to object to or request exclusion from the Settlement Class. No Settlement Class Member has objected to the Settlement, the request for attorneys' fees and reimbursement of expenses, or awards to Plaintiffs. *See* Supplemental Declaration of Josephine Bravata Concerning: (A) Mailing of the Postcard Notice; and (B) Report on Requests for Exclusion and Objections ("Supplemental Bravata Decl."), filed herewith, ¶7. Only one Settlement Class Member with an immaterial number shares requested exclusion from the Settlement Class. *Id*. ¶6.[2] The lack of objections and the immaterial number of requests for exclusion further supports final approval of the Settlement, the fees and expense reimbursement Plaintiffs' seek, and awards to Plaintiffs.

---

[1] All capitalized terms not otherwise defined herein shall have the same meanings set forth and defined in the Stipulation and Agreement of Settlement, filed on December 31, 2019 (the "Stipulation") (Dkt. No. 70-1).

[2] Plaintiffs filed this request for exclusion with the Court as Exhibit E to Declaration of Josephine Bravata Concerning: (A) Mailing of the Postcard Notice; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion and Objections (the "Bravata Decl.") (Dkt. No. 78-2). Plaintiffs will be submitting a revised [Proposed] Final Order and Judgment to expressly reflect this request for exclusion.

The Claims Administrator, Strategic Claims Services ("SCS"), mailed 44,881 Postcard Notices to potential Settlement Class Members and an additional 4,126 potential Settlement Class Members received an email from a nominee directing them to SCS's website to review the Notice of Pendency and Proposed Settlement of Class Action ("Long Notice") and obtain a Proof of Claim Form ("Claim Form"). Supplemental Bravata Decl. ¶3. No additional Postcard Notices have been mailed since the submission of the Bravata Declaration. *Id*. SCS also published the Summary Notice of Pendency and Proposed Class Action Settlement in *Investor's Business Daily* and over *GlobeNewswire*. Bravata Decl. ¶9. SCS established a webpage dedicated to the Settlement where Settlement Class Members could obtain important documents such as the Long Notice, Claim Form, and Stipulation. Supplemental Bravata Decl. ¶5. On April 22, 2020, SCS updated the webpage to include the Notice of Telephonic Hearing. *Id*. Given the breadth of the notice program and the response of the Settlement Class, the absence of objections and immaterial requests for exclusion further support the fairness, adequacy, and reasonableness of the Settlement and the Plan of Allocation, as well as Plaintiffs' requests for attorneys' fees, reimbursement of expenses, and award to Plaintiffs.

## II.    ARGUMENT

### A.    The Settlement Class Members' Reaction Supports Final Approval of the Settlement and Plan of Allocation

Class members' reaction to a proposed settlement is an important factor in evaluating a settlement's fairness, reasonableness, and adequacy. *See, e.g.*, *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) (that the "overwhelming majority" stayed in the class is "objective positive commentary as to its fairness"); *Ching v. Siemens Indus., Inc.*, No. 11-CV-04838-MEJ, 2014 WL 2926210, at *6 (N.D. Cal. June 27, 2014) (lack of objections is a "positive response" and supports that "the settlement is favorable to the class members."). Where few or no class members object to a settlement or request exclusion, courts infer that the class as a whole approves of the settlement as fair, adequate, and reasonable. *See*, *Int'l Bhd. of Elec. Workers Local 697 Pension Fund v. Int'l Game Tech., Inc.*, No. 3:09-CV-00419-MMD, 2012 WL 5199742, at *3 (D. Nev. Oct. 19, 2012) (one objection to a settlement supports its fairness, reasonableness, and

2

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS': (1) CONSENTED MOTION FOR FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND (2) UNOPPOSED MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT EXPENSES, AND AWARD TO PLAINTIFFS

adequacy); *In re Mego Fin. Corp. Sec. Litig.,* 213 F.3d 454, 459 (9th Cir. 2000) (district court did not err in approving a settlement where there was a handful of objectors and one opt-out in a 5,400 member class); *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008) ("By any standard, the lack of objection of the Class Members favors approval of the Settlement."); *Nat'l Rural Telecomm's Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004) ("It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members.") (citing cases).

Here, the lack of objections to the Settlement or Plan of Allocation, and only one request for exclusion, demonstrates that the Settlement and Plan of Allocation are fundamentally fair, reasonable, and adequate. Thus, the reaction of the Settlement Class further supports this Court's granting final approval of the Settlement and the Plan of Allocation.

### B. The Settlement Class Members' Reaction Supports the Requested Fees, Reimbursement of Expenses, and Award to Plaintiffs

Similarly, after a full and fair notice program, the absence of objections to Plaintiffs' request for an award of attorneys' fees and reimbursement of expenses constitutes a class's tacit approval, further supporting the fairness and reasonableness of these requests. *In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177 (S.D. Cal. 2007) ("the lack of objection from any Class Member supports the attorneys' fee award."); *In re Heritage Bond Litig.*, No. 02-ML-1475-DT(RCX), 2005 WL 1594389, at *16 (C.D. Cal. June 10, 2005) (holding that one objector to a settlement in which notice was disseminated to over 6,000 potential class members, "is remarkably small given the wide dissemination of notice [and] [a]ccordingly, the Court concludes that the lack of significant objections to the requested fees justifies an award of one-third of the Settlement Fund."); *Ching,* 2014 WL 2926210, at *8 (finding "the lack of objection from the class after notice further demonstrates the reasonableness and fairness of Class Counsels' fee request"). The Court can infer from the absence of objections, too, that a class approves of the awards to representative plaintiffs. *Jenson, v. First Tr. Corp.*, No. CV 05-3124 ABC (CTX), 2008 WL 11338161, at *16 (C.D. Cal. June 9, 2008) (no objections to awards to class representatives support

their approval); *Hayes v. MagnaChip Semiconductor Corp.*, No. 14-CV-01160-JST, 2016 WL 6902856, at *9 (N.D. Cal. Nov. 21, 2016) (approving award to plaintiffs, in part, as "[n]o one has objected to the proposed incentive awards").

No Settlement Class Member objected to Plaintiffs' Counsel's efforts and results they achieved for the Settlement Class. Accordingly, this Court should find that the Settlement Class tacitly approves of Plaintiffs' request for attorneys' fees, reimbursement of expense, and award to Plaintiffs, further supporting their approval.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant final approval of the Settlement and Plan of Allocation and grant the motion for an award of attorneys' fees, reimbursement of expenses, and Award to Plaintiffs.

Dated: May 7, 2020

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

By: /s/ *Jacob A. Goldberg*
Jacob A. Goldberg (*pro hac vice*)
101 Greenwood Avenue, Suite 440
Jenkintown, PA 19012
Telephone: (215) 600-2817
Facsimile: (212) 202-3827
Email: jgoldberg@rosenlegal.com

*Lead Counsel for Plaintiffs*

and

**LEVERTY & ASSOCIATES LAW CHTD.**
Patrick R. Leverty
Nevada Bar No. 8840
832 Willow Street
Reno, Nevada 89502
Email: Pat@levertylaw.com

*Local Counsel for Plaintiffs*

4

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS': (1) CONSENTED MOTION FOR FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND (2) UNOPPOSED MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT EXPENSES, AND AWARD TO PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2020, I electronically filed the foregoing **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS': (1) CONSENTED MOTION FOR FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND (2) UNOPPOSED MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT EXPENSES, AND AWARD TO PLAINTIFFS** with the Clerk of Court using the CM/ECF system, which will send notification of such to all CM/ECF participants.

/s/*Jacob A. Goldberg*
Jacob A. Goldberg

5

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS': (1) CONSENTED MOTION FOR FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND (2) UNOPPOSED MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT EXPENSES, AND AWARD TO PLAINTIFFS