**LEVERTY & ASSOCIATES LAW CHTD.**
Patrick R. Leverty
832 Willow Street
Reno, Nevada 89502
Telephone: (775) 322-6636
Facsimile: (213) 322-3953
Email: pat@levertylaw.com

*Local Counsel for Lead Plaintiffs*

**THE ROSEN LAW FIRM, P.A.**
Jacob A. Goldberg (*pro hac vice*)
101 Greenwood Avenue, Suite 440
Jenkintown, PA  19012
Telephone: (215) 600-2817
Facsimile: (212) 202-3827
Email: jgoldberg@rosenlegal.com

*Lead Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| CHARLES BRENDON and DANIEL CHECKMAN, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALLEGIANT TRAVEL COMPANY, MAURICE J. GALLAGHER, JR., SCOTT SHELDON, STEVEN E. HARFST, and JUDE I. BRICKER,<br><br>Defendants. | Case No. 2:18-cv-01758-APG-BNW |

**PLAINTIFFS' MOTION FOR DISTRIBUTION OF**
<u>**CLASS ACTION SETTLEMENT FUNDS**</u>

- 1 -

PLAINTIFFS' MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS

Lead Plaintiff Charles Brendon and Named Plaintiff Daniel Checkman ("Plaintiffs"), on behalf of themselves and all members of the proposed Settlement Class, hereby respectfully move this Court for an Order granting the Motion for Distribution of Class Action Settlement Funds.

In support of this Motion, Plaintiffs submit the accompanying Memorandum of Law and the Declaration of Josephine Bravata Concerning the Results of the Claims Administration Process. Plaintiffs respectfully request that the Court decide the Motion on the papers and enter the [Proposed] Order Granting Motion for Distribution of Class Action Settlement Funds considering the distribution submitted herewith.

Dated: November 25, 2020

Respectfully submitted,

**LEVERTY & ASSOCIATES LAW CHTD**

By: /s/Patrick R. Leverty
Patrick R. Leverty
Nevada Bar No. 8840
832 Willow Street
Reno, Nevada 89502

*Local Counsel for Plaintiffs*

**THE ROSEN LAW FIRM, P.A.**
Jacob A. Goldberg (*pro hac vice*)
101 Greenwood Avenue, Suite 440
Jenkintown, PA  19012
Telephone: (215) 600-2817
Facsimile: (212) 202-3827
Email: jgoldberg@rosenlegal.com

*Lead Counsel for Plaintiffs*

PLAINTIFFS' MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS**

## I. INTRODUCTION

This action has been settled pursuant to the terms of the Stipulation and Agreement of Settlement filed with the Court on December 31, 2019 (the "Stipulation") (Dkt. No. 70-1). Unless otherwise defined, capitalized terms herein have the same meanings attributed to them in the Stipulation.

On January 14, 2020, the Court entered the Order Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") (Dkt. No. 73). On May 14, 2020, the Court entered the Order and Final Judgment (Dkt. No. 84).

The court-appointed Claims Administrator, Strategic Claims Services ("SCS"), advised Lead Counsel that it has now completed all analyses and accounting procedures in connection with the submitted claims and has finalized its determination of which claims are authorized and which are ineligible. *See* Declaration of Josephine Bravata Concerning the Results of the Claims Administration Process ("Bravata Declaration") at ¶¶6-9. All that remains to complete the Settlement process is to distribute the Net Settlement Fund to the Authorized Claimants. Lead Counsel therefore requests that the Court authorize the distribution of the Net Settlement Fund to Authorized Claimants, as identified in Exhibits B-1 and B-2 to the concurrently-filed Bravata Declaration.

## II. DETERMINATION OF AUTHORIZED CLAIMS

Pursuant to the Preliminary Approval Order, Class Members wishing to participate in the Settlement were required to submit a Proof of Claim and Release Form ("Claim Forms") postmarked no later than April 23, 2020. Preliminary Approval Order ¶19(a). The Claims Administrator continued processing all claims received up to September 14, 2020. Bravata Declaration ¶6. As a result of an effective notice program, through September 14, 2020, SCS has received 16,813 Claim Forms. *Id.*

SCS reviewed all 16,813 Claim Forms and has now finalized its determination of which claims are authorized and which are ineligible. *Id*.

### A. Valid and Properly-Documented Claims

SCS analyzed the 16,813 Claim Forms received through September 14, 2020 and determined that 2,882 valid and properly-documented claims were received. Of these 2,882 claims, 2,862 were timely (*i.e.* postmarked no later than April 23, 2020) ("Timely Valid Claims") and 20 were postmarked after April 23, 2020 but received on or before September 14, 2020 ("Late Valid Claims"). Bravata Declaration ¶7(a). These valid claims represented Recognized Losses of $73,259,087.23 for shares purchased during the period from June 8, 2015 and May 9, 2018, inclusive, including Recognized Losses for Timely Valid Claims of $73,240,625.56 and Recognized Losses for Late Valid Claims of $18,461.67.

Plaintiffs request that the Court accept all 2,882 valid claims, including the 2,862 Timely Valid Claims and the 20 Late Valid Claims. The Late Valid Claims have not caused delay to the distribution of the Net Settlement Fund or otherwise prejudiced any Authorized Claimant. Accordingly, Plaintiffs believe that it would be unfair to prevent otherwise valid claimants from participating in the Net Settlement Fund solely because their claims were submitted after the April 23, 2020 submission deadline, but while claims were still being processed. *See In re Valuevision Int'l Inc. Sec. Litig.*, No. 94-CV-2838, 1997 WL 786457, at *1 (E.D. Pa. Dec. 1, 1997) (allowing claims submitted after claims deadline because there was no delay in claims administration process); *In re "Agent Orange" Product Liability Litig.*, 689 F. Supp. 1250, 1261-63 (E.D.N.Y. 1988) (court permitted the qualifying late claimants and opt-out claimants to participate in the settlement distribution because "[t]he cost to the fund of admitting late claimants and readmitting the opt-out claimants to the class action should be relatively small. No significant administrative costs need be

incurred to allow the late claims and opt-out claims"); *In re Authentidate Holding Corp. Sec. Litig.*, No. 05 CIV. 5323 LTS, 2013 WL 324153, at *1 (S.D.N.Y. Jan. 25, 2013) (courts have "inherent power to accept late claims") (citation omitted); *In re Crazy Eddie Securities Litigation*, 906 F. Supp. 840, 845 (E.D.N.Y. 1995) (court allowed late claims postmarked within one month and four days of original deadline to participate in the distribution of settlement funds); *In re Orthopedic Bone Screw Prods. Liab. Litig.*, 246 F.3d 315, 321 (3d Cir. 2001) (court allowed late claim on "finite pool of assets").

Accordingly, Plaintiffs respectfully request that the Court approve the 2,882 properly documented claims as listed in Exhibits B-1 and B-2 to the Bravata Declaration.

### B. Deficient and Ineligible Claims

#### 1. Inadequately Documented Claims

SCS initially identified 497 inadequately documented claims. Bravata Declaration ¶7(b). For all inadequately documented claims, SCS sent deficiency notices advising claimants of the inadequacy and giving them the opportunity to cure the deficiency. *Id.*, Exhibit C. Of the 497 claims initially identified as deficient, 27 have been successfully cured and are now considered valid. *Id.* The remaining 470 deficient claims either did not respond to the inadequacy notice or responded with insufficient documentation. *Id.*, Exhibit D. These claimants were sent a rejection notice explaining the reason(s) for their inadequacy. *Id.* None of the 470 rejected claimants have objected to or contested SCS's determination. *Id.*

#### 2. Claims Rejected for Reasons Other Than Inadequate Documentation

SCS has identified 13,461 claims that it recommends for complete rejection. Bravata Declaration ¶7(c), Exhibit E. The reasons for rejection included: (i) claims with no Recognized Losses; (ii) claims with shares purchased outside of Class Period; (iii) claims with shares that were received or transferred into an account, but not purchased; (iv) claims with shares sold short; (v)

claims withdrawn by filing entity; and (vi) duplicate claims filed. *Id*. Such claimants were sent rejection notices advising them of SCS's determination. *Id.,* Exhibit F.

### III.  PLANNED DISTRIBUTION OF THE NET SETTLEMENT FUND

Pursuant to ¶62 of the Stipulation, "Lead Counsel will apply to the Court for a Distribution Order, on notice to Defendants' Counsel, approving the Claims Administrator's determinations concerning the acceptance and rejection of the claims submitted herein, and, if the Effective Date has occurred, directing the payment of the Net Settlement Fund to Authorized Claimants." Further, pursuant to ¶64 of the Stipulation, "The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Loss, as defined in the Plan of Allocation included in the Long Notice, or in such other plan of allocation as the Court may approve." Lead Counsel now seeks to distribute the Net Settlement Fund to the Class Members whose 2,882 claims have been accepted as set forth in Exhibits B-1 and B-2 of the Bravata Declaration, in proportion to their Recognized Losses as shown therein.

According to the Stipulation, "If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible and economical, redistribute such balance among Authorized Claimants who have cashed their checks and who would receive at least $10.00 from such redistribution.. Any balance that still remains in the Net Settlement Fund after re-distribution(s), which is not feasible or economical to reallocate, after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, shall be contributed to nonsectarian, not-for-profit charitable organization(s) serving the public interest, designated by Plaintiffs and approved by the Court." Stipulation ¶66.

## IV. CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court approve and enter the [Proposed] Order Granting Motion for Distribution of Class Action Settlement Funds, submitted herewith.

Dated: November 25, 2020

Respectfully submitted,

**LEVERTY & ASSOCIATES LAW CHTD**

By: /s/Patrick R. Leverty
Patrick R. Leverty
Nevada Bar No. 8840
832 Willow Street
Reno, Nevada 89502

*Local Counsel for Plaintiffs*

**THE ROSEN LAW FIRM, P.A.**
Jacob A. Goldberg (*pro hac vice*)
101 Greenwood Avenue, Suite 440
Jenkintown, PA  19012
Telephone: (215) 600-2817
Facsimile: (212) 202-3827
Email: jgoldberg@rosenlegal.com

*Lead Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2020, I electronically filed the foregoing **PLAINTIFFS' MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS** with the Clerk of Court using the CM/ECF system, which will send notification of such to all CM/ECF participants.

/s/ Patrick R. Leverty
Patrick R. Leverty