# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CHARLES BRENDON and DANIEL CHECKMAN, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALLEGIANT TRAVEL COMPANY, MAURICE J. GALLAGHER, JR., SCOTT SHELDON, STEVEN E. HARFST, and JUDE I. BRICKER,<br><br>Defendants. | Case No. 2:18-cv-01758-APG-BNW<br><br>**ORDER GRANTING MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS**<br><br>[ECF No. 87] |

The plaintiffs move for distribution of class action settlement funds. ECF No. 87. No opposition has been filed, and the motion is supported by good cause.

I THEREFORE ORDER that the plaintiffs' Motion for Distribution of Class Action Settlement Funds **(ECF No. 87) is GRANTED.**

I FURTHER ORDER AS FOLLOWS:

1. The funds that are currently in the Net Settlement Fund[1] (less any necessary amounts to be withheld for payment of potential tax liabilities and related fees and expenses) shall be distributed on a *pro rata* basis to the Authorized Claimants, identified in Exhibits B-1 and B-2 to the Declaration of Josephine Bravata Concerning the Results of the Claims Administration Process (Bravata Declaration). The funds shall be distributed as stated in the Stipulation and the

---

[1] Unless otherwise defined, capitalized terms herein have the same meanings attributed to them in the Stipulation and Agreement of Settlement filed on December 31, 2019. ECF No. 70-1.

Plan of Allocation of the Net Settlement Fund in the Notice of Pendency and Proposed Settlement of Class Action.

2. Anyone asserting claims filed after September 14, 2020 or responses to rejected claims after November 24, 2020 (the dates used to finalize the administration by Strategic Claims Services (SCS), the Court-appointed Claims Administrator) are barred from asserting such claims.

3. The administration of the Settlement and proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund (including Lead Counsel and SCS) are released and discharged from any claims arising out of such involvement. All Class Members are barred from making any further claims against the Net Settlement Fund or the Released Parties beyond the amount allocated to them under this Order.

4. The checks for distribution to Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." Lead Counsel and SCS are authorized to contact any Authorized Claimant who has not timely cashed their check.

5. If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) after six months from the date of initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible and economical, redistribute the balance among Authorized Claimants who have cashed their checks and who would receive at least $10.00 from such redistribution. Any balance that still remains in the Net Settlement Fund

after re-distributions which is not feasible or economical to reallocate, after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, shall be contributed to nonsectarian, not-for-profit charitable organizations serving the public interest, designated by Plaintiffs and approved by the court. *See* Section ¶66 of the Stipulation.

6. SCS may discard paper or hard copies of Proofs of Claims and supporting documents not less than one year after all distributions of the Net Settlement Fund to the eligible claimants, and electronic copies of the same not less than three years after all distributions of the Net Settlement Fund to the eligible claimants.

Dated: December 10, 2020.

_____
HON. ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE